UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SHELLY LANDRY-BELL, | Civil Action No. CV05-1526 S |
| Plaintiff, | Judge Stagg |
| vs. | Magistrate Judge Hornsby |
| VARIOUS, INC. and ZACH WILHELM, | **EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE AFFIDAVIT AND EXHIBITS LODGED BY PLAINTIFF IN SUPPORT OF HER OPPOSITION TO DEFENDANT VARIOUS, INC.'S MOTION TO DISMISS** |
| Defendants. | |

**EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE AFFIDAVIT AND EXHIBITS LODGED BY PLAINTIFF IN SUPPORT OF HER OPPOSITION TO DEFENDANT VARIOUS, INC.'S MOTION TO DISMISS**

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Various, Inc. ("Various") respectfully submits the following objections and request to strike the Affidavit of Denise Tobler and all Exhibits to said affidavit filed by plaintiff in support of her opposition to Various' Motion to Dismiss. Plaintiff presents no other evidence in support of its opposition to the motion to dismiss beyond the affidavit and declarations to which Various hereby objects. Various respectfully requests that the Court rule on these evidentiary objections, and strike all of plaintiff's evidence submitted in opposition to the motion to dismiss before issuing any ruling on plaintiff Various' Motion to Dismiss.

I.     **Introduction**

Defendant Various, Inc., an Internet provider of on-line personal advertising and dating services, moved to dismiss plaintiff's Complaint and all its claims against Various, Inc. for failure to state a claim for which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff is a woman who claims that her former boyfriend, defendant Zach Wilhelm, posing as plaintiff, posted personal advertisements on defendant Various, Inc.'s websites. These

1

Dockets.Justia.com

advertisements allegedly falsely claimed that plaintiff was seeking sexual encounters with men and women. Under any reading of the complaint in this case, all of plaintiff's claims are barred by the Communications Decency Act, 42 U.S.C. § 230, which protects providers of interactive computer services, such as Various, Inc. (hereafter "Various"), from liability for content posted by third parties. In a misguided attempt to salvage her defective complaint, plaintiff submitted, in opposition to Various' motion to dismiss, an affidavit of Denise Tobler (who is on information and belief a secretary for counsel for plaintiff) purporting to provide evidence regarding defendant Wilhelm and the operation of Various' personal advertising service. Attached to the affidavit are multiple pages of print-outs that are purportedly derived from internet search engine searches. Not one of the exhibits is specifically attached, and not even an attempt at identifying or authenticating any of them is provided. None of the evidence submitted by plaintiff is relevant to the motion to dismiss, which must be decided on the pleadings in the complaint, not on extrinsic evidence. In addition, the evidence submitted is objectionable on the grounds of lack of foundation and numerous other grounds, as set forth herein.

## II.   Evidentiary Objections

### A.   Objection to the Affidavit and Exhibits in their Entirety

The affidavit of Denise Tobler and attached exhibits are not relevant to the Motion To Dismiss for failure to state a claim which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Such a motion must be decided on the four corners of the complaint, with reference to relevant law, and its disposition should not be based on extrinsic evidence.

The affidavit and attached exhibits are also objectionable in that they lack foundation, include vague, ambiguous and inappropriate opinions and conclusions that are irrelevant, contain hearsay, lack foundation, are confusing and misleading, have not been authenticated, the witness lacks sufficient personal knowledge to make included statements, the statements include improper opinions, statements are based on speculation; and it is unfair to fail to produce the "original" digital version of the attachments to the affidavit so they can be forensically examined. (Fed.R.Evid 402, 403, 602, 701, 802, 901, 1002, 1003).

### B.   Specific Objections

1. Affidavit, page 1, lines 8-11: "That in addition to posting lewd and sexually explicit profiles purporting to be plaintiff's profiles, on its many "adult" sites, defendant has actively blasted out the profile contents to web search engines and search spider programs which facilitate the mass advertisement of the defamatory postings."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to conduct of defendant's business activities or source of any information that may have been found through search engines, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

2. Affidavit, page 1, lines 11-14 : "That profiles and search engine listings depicting plaintiff's personal name, information and photo were listed in search results made available solely due to Various, Inc.'s efforts to republish and mass advertise the profile far beyond its site and system."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to conduct of defendant's business activities or source of any information that may have been found through search engines, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is

purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

3. Affidavit, page 1, line 14-19: "That searches run on www.google.com displayed numerous hits showing plaintiff's information and picture with search result headings such as "Women Seeking Groups in Louisiana," Women Seeking TS/TV/TG in Louisiana," "Women Seeking Couples [2 Men] in Louisiana," etc."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant, Fed.R.Evid. 602; ; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

4.   Affidavit, page 1, lines 19-21: "That the profile and search results list plaintiff as "Horny Shelly here!" and "Anyone Wanting to Play With Me?" and "Ask Me For a Photo."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant, Fed.R.Evid. 602; ; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

5.   Affidavit, page1, line 21 to page 2, line 1: "That the information was solely blasted out into the web search engines and spider programs by Various, Inc."

<u>Objections:</u>          Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to conduct of defendant's business activities or source of any information that may have been found through search engines, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; ; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

6. Affidavit, page 2, lines 1-2: "That those remarks do not appear to be content from the co-defendant, Zach William."

<u>Objections:</u>          Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

7.   Affidavit, page 2, lines 2-9: That the added descriptors describing plaintiff as "horny" and seeking all forms of sexual conduct appear to come solely from Various, Inc., and appear to be derived by Various, Inc. from the initial but different remarks made by its co-defendant, Zach Wilhelm, though the co-defendant did not use the same words in the profile data he submitted as shown in the profile in Various, Inc.'s

actual site profile under plaintiff's identity and bearing plaintiff's photos and interspersed with cropped naked pictures of other women so as to suggest that they were naked pictures of plaintiff."

Objections:       Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to Wilhelm's remarks, source of information described and other matters attested to, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

8.   Affidavit, page 2, lines 9-11: "That plaintiff's clothed pictures were copied from www.pbrnow.com, as her husband is a nationally recognized, professional bull rider, Rob Bell."

Objections:       Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to source of photographs described or how they were obtained, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

9. Affidavit, page 2, lines 11-14: "That defendant, Various, Inc., took the illicit profile and listed plaintiff's complete name, with a title listed "Hey! My name is Shelly Elizabeth Hand, what's yours?" and displayed that profile as a special profile to further attract attention to it."

Objections:    Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc. or motives, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

10. Affidavit, page 2, lines 14-16: "That Various, Inc., has listed her online identity and "handle" as "ShellyHand7987" and "ShellyHand4U" in their postings about her."

Objections:    Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

11. Affidavit, page 2, lines 16-17: "That defendant Various, Inc., also organized the profiles by geographic area for display and re-publication to persons in those areas."

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

12. Affidavit, page 2, lines 17-19: "That defendant also identified the person as "Living In" a specified location [Shreveport, Louisiana]."

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

13. Affidavit, page 2, lines 19-20: "That defendant further identified plaintiff as a 'Standard Member,' which is false."

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc. or status of plaintiff's membership,

Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

14. Affidavit, page 2, lines 20-21: "That defendant provides an elaborate search engine to categorize and publish profiles."

Objections:     Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

15. Affidavit, page 2, lines 21-23: "That defendant actively provides a mechanism to input information and then defendant uses that information to publish profiles which defendant selects and chooses to publish to the searcher."

Objections:     Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and

improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

16. Affidavit, page 2, lines 23-28: "That Various, Inc., provides the profile initiator with a laundry listing of sexual desire listed in language provided by Various, Inc., such as "Men," "Groups," "Women," "Couples [two men]", "Couples [two women]," "Erotic Chat or Email," "1-on-1 Sex," "Bondage & Discipline," Exhibitionism/Voyeurism," "Sadism," "Group Sex (3 or more!)," etc."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

17. Affidavit, page 2, lines 28-30: "That the statements are not originating with the person interacting with Various, Inc."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc. or source of statements attested to, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of

documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

18. Affidavit, page 2, lines 30-31: "Various, Inc., solely selected the language to be posted."

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc. or source of statements or language attested to, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

19. Affidavit, page 2, lines 31-33: "That thereafter, Various, Inc., in the profile creation and development process asks a long list of questions to pinpoint specific information for inclusion in its profile and, in this instance, about plaintiff."

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that

testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

20. Affidavit, page 2, lines 33-35: "That Various, Inc., also does internal computerized "testing," after which it solely displayed a "description" and scores, such as "purity score" and "compatibility score.""

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

21. Affidavit, page 2, lines 35-37: "That Various, Inc., asks questions including a "bra size," "sexual orientation," and others designed to suggest lewd desires."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

22. Affidavit, page 2, line 35 to page 3, line 4: "That on yet another page of the same profile defendant, Various, Inc., created about plaintiff, Various asked questions including: "Tell us about your most favorite sexual fantasy. Don't hold back!" and "What role playing scenes do you fantasize about?" and "What location do you fantasize about for a sexual encounter?" and "Using the location you chose as the best fantasy setting for a sexual encounter, tell us about that encounter. Fact or fantasy?"

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc., Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

23. Affidavit, page 3, lines 5-11: "That the next section of the profile asks numerous questions about "Sexual Accessories." That yet another section asks numerous questions about "Sexual Interests." That yet another section asks numerous questions about "Sexual Activities." That yet another section asks numerous questions about "Physical Stuff." That yet another section asks numerous questions about "Dreams & Goals." That the sections of the profile go on and on. That each of these sections contain menus of responses."

<u>Objections:</u>        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc. or content of information on any Various, Inc. site, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally

based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

24. Affidavit, page 3, lines 12-18: "That Various, Inc. set up subsystems available to persons viewing their site, such as "HotLists," "Winks," "Private Photo Galleries," which permit display of even more lewd photos than in the profile, and other sub-network methods to link people. That Various, Inc., posted pictures of men and women on the purported profile of plaintiff and list the persons as plaintiff's "Friends." That some of the photos show people in various states of undress. That Various, Inc., linked that information to the purported profile of plaintiff."

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of personal knowledge by affiant, lack of foundation showing personal knowledge of affiant as to alleged conduct of defendant Various, Inc. or content of information on any Various, Inc. site, or source of any such information, Fed.R.Evid. 602; improper opinion evidence, speculative and not rationally based on perception of the witness or helpful to a clear understanding of a fact in issue, Fed.R.Evid. 701; unfair, prejudicial and improper to fail to provide originals of documents/search results referred to or that testimony is purportedly based upon, so that they can be forensically examined for purposes of determining their source and validity, Fed.R.Evid. 1002, 1003.

25. Exhibits to Affidavit: All exhibits, including every page of exhibits attached to affidavit, are objected to.

Objections:        Lack of relevance, Fed.R.Evid. 402; evidence is confusing, misleading, prejudicial, wasteful of time, Fed.R.Evid. 403; lack of identification or

authentication of any exhibit, Fed.R.Evid. 901; lack of foundation for any exhibit, Fed.R.Evid. 602, 901; unfair, prejudicial and improper to fail to provide originals of exhibits, so that they can be forensically examined for purposes of determining or verifying their source and validity, Fed.R.Evid. 1002, 1003.

Respectfully submitted,

Dated: October 26, 2005        _____/s/_____
                                Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)

Dated: October 26, 2005        _____/s/_____
                                Bennett L. Politz (LSBA Bar No. 10573)
                                Attorneys for Defendant Various, Inc.

Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
ROTHKEN LAW FIRM
1050 Northgate Drive, Suite 520
San Rafael, CA 94903
Tel:  (415) 924-4250
Fax: (415) 924-2905
Email: ira@techfirm.com

Local Counsel:
Bennett L. Politz (LSBA Bar No. 10573)
Booth Lockard Politz & LeSage LLC
920 Pierremont Road, Suite 103
P. O. Drawer 1092
Shreveport, LA 71163
(318) 222-2333
(318) 221-1035 (fax)
email: blp@blpld.com

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2005, a copy of the foregoing **EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE AFFIDAVIT AND EXHIBITS LODGED BY PLAINTIFF IN SUPPORT OF HER OPPOSITION TO DEFENDANT VARIOUS, INC.'S MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ira P. Rothken and Bennett L. Politz by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, postage prepaid, this filing to the following non-CM/ECF participants:

> David A Szwak
> Bodenheimer Jones & Szwak
> 401 Market St Ste 240
> Shreveport, LA 71101

Dated: October 26, 2005                         _____/s/_____
                                                Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
                                                ROTHKEN LAW FIRM
                                                1050 Northgate Drive, Suite 520
                                                San Rafael, CA 94903
                                                Tel:  (415) 924-4250
                                                Fax: (415) 924-2905
                                                Email: ira@techfirm.com