RECEIVED
NOV 17 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,

      Plaintiff,

Versus            Civil Action No.
                CV05-1526-S

VARIOUS INC., ET AL,       **JURY DEMANDED**
      Defendants.    JUDGE STAGG

### PLAINTIFF'S OPPOSITION TO PAPERS FILED FILED BY VARIOUS, INC. STYLED AS EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE AFFIDAVIT AND EXHIBITS LODGED BY PLAINTIFF IS SUPPORT OF HER OPPOSITION TO DEFENDANT VARIOUS INC.'S MOTION TO DISMISS

MAY IT PLEASE THE COURT:

  Plaintiff, SHELLY LANDRY-BELL, respectfully opposes the papers filed by Various, Inc., defendant, and styled as evidentiary objections and a request to strike plaintiff's evidentiary submission, as follows:

  Defendant, Various Inc., filed a motion to dismiss per Rule 12[b][6], contending that it was an ISP and that the Communications Decency Act [CDA] provided blanket, absolute immunity from liability. Plaintiff opposed that motion on multiple grounds, including assertions that Various was an information content provider and did not enjoy any arguable immunity. Due to liberal notice pleading provided by the Federal Rules of Civil Procedure, plaintiff's complaint lacked jargon and buzz words used in the CDA. After all, plaintiff need not supply the law and need merely put defendant on notice of bare facts supporting her claims. See discussion in Plaintiff's opposition brief on file.

  Various objects to the submission of the web pages showing the information and content it

Page -1-

posted about plaintiff as well as the affidavit of Denise Tolber attesting to the information provided online and the manner in which the content was shown to be provided by Various, in addition to the third person, Wilhelm.

Plaintiff first notes that there is nothing improper about filing evidence in response to a Rule 12[b][6] motion. Various suggests that it is improper. To the contrary, if this Honorable Court finds that plaintiff's submissions are helpful to the court[1] in evaluating the motion to dismiss and the propriety of the claims and defenses, then Rule 12[b][6] mandates that the motion to dismiss be converted to a motion for summary judgment under Rule 56.[2] Congress and the courts have sought to: [1] permit plaintiff to be heard on the facts and not upon notice pleading; [2] permit development of the facts in motion practice so that the facts may be heard; and [3] provide for reversal of judgments where the final determination is made upon mere pleading allegations alone. Id.

With regard to the motion pending, the court is required to view the evidence submitted by any party in the light most favorable to the non-movant, in this case, plaintiff. **Gutierrez v. City of San Antonio**, 139 F.3d 441 [5th Cir.1998] [Tex.]; **Nerren v. Livingston Police Dept.**, 86

---

[1] This Honorable Court enjoys discretion in allowing or excluding evidentiary submissions in motion practice. Various was required to file a motion in limine, though this Honorable Court may consider the filing of Various to serve that purpose. Plaintiff did not receive motion notice from the clerk in connection with Various' objection papers filed. The papers were alluded to in Various's reply and on November 3, 2005, Honorable Ben Politz, defendant's local counsel, telefaxed undersigned counsel a copy of the objection papers filed by Various.

[2] "....shall be treated as one for summary judgment..." Rule 12[b][6], Fed.R.Civ.Proc.; **Samara v. United States**, 129 F.2d 594 [2d Cir. 1942], cert. denied, 63 S.Ct. 258, 317 U.S. 686; **Kithcart v. Metropolitan Life Insurance Company**, 150 F.2d 997 [8th Cir. 1945], and thousands of cases following their lead. See Notes and Comments to 1946 Amendments to Rule 12. In an apparent effort to avoid Rule 56 motion practice, at least a few circuits treat authenticated submissions as part of the pleadings, continue to treat the motion practice under Rule 12, and avoid delays normally encountered in summary judgment practice through back and forth evidentiary submissions and customary discovery delays. **Watterson v. Page**, 987 F.2d 1 [1st Cir. 1993]; **Branch v. Tunnell**, 14 F.3d 449, 454 [9th Cir. 1994] [setting forth a test].

F.3d 469, 470 and n.1 [5th Cir.1996]. Summary judgment is appropriate where "there is no genuine issue of material fact and [ ] the moving party is entitled to judgment as a matter of law." Id. To win summary judgment, the movant must show that the evidence in the record would not permit the non-movant to carry its burden of proof at trial. **Celotex v. Catrett**, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant meets this burden of production and showing entitlement to judgment as a matter of law, then and only then does the burden of coming forward with evidence in the summary judgment record creating an issue of material fact shift to the non-movant. **Hale v. Townley**, 45 F.3d 914, 917 [5th Cir.1995]. A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." **Celotex v. Catrett**, at 2548, 106 S.Ct., at 2510. "Material facts" are those "that might affect the outcome of the suit under the governing law." Id.

Various has taken plaintiff's evidentiary submission and fractured the text into separate statements and merely listed as many conceivable objections as they could conjure from the Federal Rule of Evidence. The objections make no sense and provide no distinct argument or basis for the assertions. Merely parroting the rules of evidence is inadequate to preserve an evidentiary objection. In order to state and preserve an evidentiary issue for review by the court and for later appellate review, it is essential that the complaining party enter a contemporaneous objection to the evidence or testimony **and state the reasons for the objection**. The Fifth Circuit, in **Rushing v. Kansas City Southern Ry. Co.**, 185 F.3d 496 [5th Cir. 1999] [Miss.], plainly stated that in evidentiary motion practice, the proper method of attacking affidavit testimony offered to support or oppose a summary judgment is by a motion to strike that contains **specific objections**. While it is true that Various has repeatedly recited the same, multiple rules

in the Federal Rules of Evidence, the papers offered by Various provide little information about the bases of the objections. Again, regurgitating the standard evidentiary objections is not enough.

Various has suggested that plaintiff should somehow be able to produce "the original digital version of the attachments..." Page 2, Various's papers. It is unclear how Various proposes that such a submission could be gathered from the expanses of the internet that Various chose to use in its operations. Nothing in the Rules of Evidence require same. Various has not denied that such listing, publications and search results did not originate from Various. Of course, at this stage of the litigation, no discovery has taken place.

Plaintiff submits that the evidence it provided the court is relevant and Various's motion and vigorous efforts to exclude that evidence simply highlights the damage to Various's motion caused by the submissions. Plaintiff's evidence completely undermines Various's claims and position. Plaintiff's evidence is relevant. What could be more germane to the issue of whether Various is an information content provider? The page submissions are statements by Various, are not hearsay, and are admissible as statements by a party.[3] Further, search engine reports are statements by authorized agents of Various. Various undertook extensive advertising efforts

---

[3] **DePaola v. Nissan Hosp. America, Inc.**, Slip Copy, 2005 WestLaw 2122265 [U.S.D.C. M.D. Ala. Aug. 29, 2005; F.R.E. 801[d][2]. Further, in **Perfect 10, Inc. v. Cybernet Ventures, Inc.**, 213 F.Supp.2d 1146, 2002 Copr.L.Dec. P 28,423, [U.S.D.C. C.D. Cal. April 22, 2002], the court held that print outs from third party web sites were admissible to establish that the web sites were associated with an adult verification service, in corporation's action against verification service's owner; evidence of owner's business structure and the workings of age verification program combined with statements identifying the individual web sites as verification service sites was enough to establish the sites' membership in the age verification program. In **Van Westrienen v. Americontinental Collection Corp.**, 94 F.Supp.2d 1087, 54 Fed. R. Evid. Serv. 511, [U.S.D.C. Or. April 12, 2000], the court held that representations made by debt collectors on their Internet web site were admissible as admissions of party-opponent in action by purported debtors under Oregon Unlawful Debt Collection Practices Act (UDCPA). In our case, Various has yet to try to deny that any of the pages contained accurate re-publications by them and by their authorized agents.

across the internet and through the use of such search mechanisms. Various cannot now be heard to complain that the internet search engines are not authorized agents to republish content and information which Various framed and placed in the public domain specifically marked by Various for capture and republication by search engines and spider programs.

With regard to authentication, plaintiff's evidence adequately authenticated the documents printed from Various's web sites. Further, the search engine prints are authenticated and explained. The documents provided by plaintiff are the best evidence. If defendant has a serious dispute as to its own web pages, then there is no way to sort that out before discovery commences in a case. It seems that defendant is in an unusual position. Miss Tolber viewed the information on defendant's web sites. Further, the search engine reports and web spider reports show that the source of the ads is defendant's web sites. Defendant's name is listed on their various web sites.[4]

Miss Tolber's testimony explained the methods by which she reviewed Various's several sites included in the submissions and how she determined the manner in which content was placed, published and derived. She does not work for Various and cannot testify about the inner workings of the software but that is not necessary for purposes of these proceedings. Any layperson can understand the format and function of Various's web site upon simple review. The facts stated in her affidavit are true and accurate and based upon her personal knowledge and interaction with defendant's web site.

---

[4] It seems that if this Honorable Court treats the motion under Rule 12[b][6] then plaintiff is in an even better position and the motion is strongly disfavored. Further, plaintiff has the ability to amend the complaint if it pleases the court. The facts plead support plaintiff's position in this motion practice but if the court finds that plaintiff should plead more facts pertaining to Various's role as an information content provider then plaintiff stands ready to do so. Colle v. Brazos County, Texas, 981 F.2d 237, 243 [5th Cir. 1993]; Gilligan v. Jamco Dev. Co., 108 F.3d 246, 249 [9th Cir. 1997] ["rarely granted"].

Plaintiff asserts that none of Various's objections are valid and are all asserted in bad faith to further forestall these proceedings.

Defendant's, Various, Inc.'s objections should be overruled. If, however, this Honorable Court should grant the motion to dismiss, plaintiff respectfully requests that the ruling be made, without prejudice and permit plaintiff leave to amend the complaint based upon any ruling by the court. **Lanning v. Serwold**, 474 F.2d 716, 717, fn.1 [9th Cir. 1973].

Respectfully submitted:

**BODENHEIMER, JONES, SZWAK & WINCHELL, LLP**

By: _____
**DAVID A. SZWAK**, LBR #21157, TA
401 Market Street, Ste. 240
American Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 424-1476
www.bjswlaw.com
**COUNSEL FOR PLAINTIFF**

**CERTIFICATE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed, by first class mail, properly addressed, with prepaid postage affixed, to opposing counsel of record, on this the 17 day of November 2005.

_____
**DAVID A. SZWAK**