RECEIVED
DEC 27 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHELLY LANDRY-BELLE | CIVIL ACTION NO. 05-1526 |
| versus | JUDGE STAGG |
| VARIOUS, INC. ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Plaintiff alleges that her ex-boyfriend, Zach Wilhelm, posted false, defamatory and sexually obscene information about Plaintiff on web sites operated by Various, Inc. Wilhelm has not been served with this lawsuit because he has not yet been located by Plaintiff. Before the court is a Motion to Dismiss (Doc. 4) filed by Various. Various argues that it is immune from liability pursuant to the Communications Decency Act, 47 U.S.C. § 230, which protects providers of interactive computer services from liability for content posted by third parties. For the reasons that follow, it is recommended that the motion be granted and that all claims against Various be dismissed.

### Plaintiff's Allegations

The allegations of Plaintiff's Complaint, which are taken as true for the purposes of the pending motion to dismiss, establish that she and Wilhelm had a dating relationship; that

Dockets.Justia.com

Plaintiff terminated that relationship; and that Wilhelm harassed Plaintiff for some time thereafter. After the breakup, Plaintiff received a telephone call from a male asking her about an adult content post regarding Plaintiff on one of Various' web sites, www.adultfriendfinder.com. Plaintiff's subsequent investigation revealed that extensive posts containing false and sexually obscene material had been posted about Plaintiff on numerous web sites operated by Various. The posts contained Plaintiff's picture (clothed) but suggested that Plaintiff would engage in lewd and obscene acts of perversion. Other posts used Plaintiff's name and showed cropped pictures of an unknown (naked) woman, together with text suggesting that Plaintiff was seeking sexual encounters with men and women.

Because Wilhelm has historically harassed Plaintiff, Plaintiff believes that he is involved in the illicit postings. Plaintiff contacted Various to inquire how her picture and name appeared in its web sites, but Various refused to provide any information about the posts.

Plaintiff claims that Various is liable to her as a publisher of obscene material. She also claims that Various maintains editorial control and the right to edit or remove any postings made to its sites. She further claims that Various maintains custody and garde over its computerized web sites and is, therefore, strictly liable for the content of the sites. Plaintiff seeks damages and other relief claiming invasion of privacy, defamation and intentional infliction of emotional distress. Plaintiff also seeks an order directing Various

to remove from its websites all text and photographs concerning Plaintiff.

**The Motion to Dismiss**

Various argues it is immune from liability pursuant to the Communications Decency Act ("CDA"), 47 U.S.C. § 230. The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." § 230(c)(1). The term "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." § 230(f)(2). The term "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." § 230(f)(3). In view of the public policies underlying the CDA, reviewing courts have taken a relatively expansive definition of "interactive computer service," but a relatively restrictive definition of "information content provider." Carafano v. Metrosplash.com, 339 F.3d 1119, 1123 (9th Cir. 2003). See also Barnes v. Yahoo!, Inc., 2005 WL 3005602 (D. Or. 2005); Blumenthal v. Drudge, 992 F.Supp. 44 (D.D.C. 1998)

Under this statutory scheme, Congress has immunized interactive computer services from any cause of action that would make them liable for publishing information provided

by a third-party user of that service. Carafano, 339 F.3d at 1122; Zeran v. American Online, 129 F.3d 327, 330-331 (4th Cir. 1997), cert. denied, 524 U.S. 937 (1998). The distinction between merely publishing information provided by a third-party as an interactive computer service and actually creating or developing any of the information posted as an information content provider is critical. Claims against interactive computer services are barred if they seek to hold the party liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content. Zeran, 129 F.3d at 330. Therefore, the right to edit a posting and the act of editing do not prohibit an interactive computer service from falling under the CDA's protective umbrella of immunity. Id. at 330-331. So long as a third party provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process. Carafano, 339 F.3d at 1124.

The allegations of Plaintiff's Complaint establish that Various is entitled to immunity under Section 230(c). Plaintiff specifically alleges that Various operates the websites in question. Complaint, ¶¶ 2[a], 23-24, 26 and 27. Courts have generally found that web hosts are considered interactive computer services. Carafano v. Metrosplash.com, 207 F.Supp.2d 1055, 1065-66 (C.D. Cal. 2002); Gentry v. eBay, 99 Cal.App.4th 816, 831 (2002); Schneider v. Amazon.com, 108 Wash. App. 454 (2001). Based on the allegations of the Complaint, the court finds that Various is an interactive computer service. Thus, Various is entitled to immunity unless it also acted as an information content provider with regard to the false and

sexually obscene information posted regarding Plaintiff.

Again, the allegations of Plaintiff's own Complaint establish that Wilhelm – not Various – provided the offensive content. Complaint, ¶¶ 14, 17-20. However, Plaintiff argues in her brief that Various also acted as an information content provider by "blast[ing] out the profile contents to web search engines"; adding "descriptors," such as "horny," to the content provided by Wilhelm; displaying titles to the listings to attract attention to them; organizing the profiles by geographic area; providing a search engine to categorize and publish profiles; providing a mechanism to input information; asking questions during the input process to create and develop profiles; and performing internal computer "testing" to determine purity and compatibility scores. Plaintiff's Opposition, pp. 2-4.[1] None of these allegations is in the Complaint, and the combination of them, even if true, does not transform Various into an information content provider.

In Carafano, the Ninth Circuit rejected similar arguments and found that the website's role in eliciting the information at issue did not deprive the website operator of immunity under the CDA. The underlying misinformation came from a third party, not the operator

---

[1] Attached to Plaintiff's Opposition Brief are an Affidavit of Denise Tolber, an employee of Plaintiff's counsel's firm, and many pages of internet materials purporting to be internet research showing the republication of Plaintiff's information caused by Various' website posts. The court has not relied upon the affidavit or any of the information attached thereto; therefore, it is not necessary to convert the motion to dismiss to a motion for summary judgment. Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir. 1995). Given the recommendation herein that Plaintiff's suit be dismissed pursuant to Rule 12(b)(6) based on the allegations of the Complaint, the Evidentiary Objections and Request to Strike (Doc. 11) filed by Various should be denied as moot.

of the web site. The allegations of the Complaint show the same is true here. Wilhelm, not Various, is the alleged provider of the essential content. Various simply provided the computer services that allegedly were used by Wilhelm to embarrass, harass and defame Plaintiff. Therefore, despite the "serious and utterly deplorable consequences that occurred in this case"[2] Various is entitled to immunity under the Section 230(c) of the CDA.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 4) be granted and that all claims against Various, Inc. be dismissed with prejudice. The Evidentiary Objections and Request to Strike (Doc. 11) filed by Various should be denied as moot.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

---

[2] Carafano, 339 F.3d at 1125.

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27th day of December, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE