RECEIVED

JAN 11 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,
        Plaintiff,

Versus                                     Civil Action No.
                                            CV05-1526-S

VARIOUS INC., ET AL,                 **JURY DEMANDED**
        Defendants.                  JUDGE STAGG

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION
OF MAGISTRATE-JUDGE AND OPPOSITION TO
MOTION TO DISMISS FILED BY VARIOUS, INC.**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, SHELLY LANDRY-BELL, respectfully objects to the Report and Recommendation of the Magistrate-Judge which recommended that the motion to dismiss filed by Various, Inc., defendant, be granted and thereby dismissing plaintiff's claims against Various, Inc., with prejudice, as follows:

1.

Plaintiff filed suit against Wilhelm and Various, Inc., based upon false and defamatory web advertisements of a sexual nature reporting about her due to defendants.

2.

Plaintiff asserts that Various, Inc., is more than a mere internet service provider and has entered the realm of an information content provider by its actions. The issues and law in this case and under the CDA are far from settled and this case highlights the need for even-handed application

Page -1-

of the Act.

3.

Plaintiff shows that Various, Inc., supplies a great deal of content to its own sites. Various, Inc., supplements content provided by others, like Wilhelm, such as search enhancements and actual descriptors and other factual remarks which are false and damaging to plaintiff.

4.

To date, comparable cases from other circuits and other courts have afforded ISPs leeway and immunity, however the facts of this case are different and call for a different result.

5.

Plaintiff believes that the Communications Decency Act could not have been intended by Congress to afford immunity to smut sites to broadcast sexually explicit advertisements and to add content and descriptors to personal ads without entering the realm of being an information content provider.

6.

Plaintiff shows that Various, Inc., is not a mere passive ISP operator but is an entity which actively edits and adds content to the web advertisements in an effort to emphasize and sell its wares on its sites. Various, Inc., does create and develop information in its site and did so with regard to the false information it spread about plaintiff.

7.

Plaintiff asserts that, under the standards applicable on a motion to dismiss, plaintiff's claims

against Various, Inc., should not have been dismissed. Plaintiff should be afforded every effort to bring forth competent evidence at trial to show that Various, Inc., acts as an information content provider. 47 U.S.C. 230[f], CDA.

8.

Plaintiff respectfully disagrees with the finding that Various, Inc., was a passive conduit through which Wilhelm alone acted to harm plaintiff. Pages 4 and 6 of R&R. Further, it is not the intent of the CDA to distinguish between essential and non-essential content. The content supplied by Various, Inc., was equally offensive as the content that Wilhelm provided. Id.

9.

Plaintiff asserts that the activities cited in brief are more than adequate to bring Various, Inc., into the realm of being an information content provider. Opposition, pp.2-4, R&R p.5 of 7. Plaintiff also shows that editing and selection processes are relevant activities in assessing whether a party is an information content provider.

10.

The CDA does not provide that an entity/person is either an ISP or an information content provider. In fact, most ISPs serve in a dual capacity of both ISP and as a content provider since relatively few are merely passive sites. For example, law firms post information content to their sites and offer advice and information. Such activities can be distinguished from sites acting as mere bulletin boards, which act as strictly passive sites allowing third persons to post and share information without editorial control or oversight or involvement.

11.

Plaintiff respectfully asserts that broadening the scope of ISP and restricting the scope of

information content provider, on the other hand, is a very dangerous direction for the law to take. Blanket immunity was never the intent of Congress.

12.

Plaintiff respectfully asserts that this Honorable Court should reject the recommendation of the Honorable Magistrate-Judge and deny the motion to dismiss of Various, Inc.

13.

The only court in this region of the country to face a comparable issue held that "Therefore, it is not sufficient for courts to limit their inquiries by asking only whether an interactive computer service acts as an information content provider. **"The critical issue is whether ... [the interactive computer service] acts as an information content provider with respect to the information" that was posted**. Carafano, 339 F.3d at 1125; see also Batzel, 333 F.3d at 1031 (stating that the pertinent question is "whether Cremers can also be considered to have created or developed Smith's e-mail message forwarded to the listserv") (internal quotations omitted). Section 230(c) immunity is not so broad as to extend to an interactive computer service that goes beyond the traditional publisher's role and takes an active role in creating or developing the content at issue. [emphasis added.]." **MCW, Inc. v. Badbusinessbureau.com, L.L.C.**, 2004 WestLaw 833595 [U.S.D.C. N.D. Tex. 2004].

WHEREFORE PLAINTIFF PRAYS that this Objection be considered and the motion to dismiss of Various, Inc., be denied.

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____
**DAVID A. SZWAK, LBR #21157, TA**
401 Market Street, Ste. 240
American Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 424-1476
www.bjswlaw.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed, by first class mail, properly addressed, with prepaid postage affixed, to opposing counsel of record, on this the 11 day of January, 2006.

_____
DAVID A. SZWAK