UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHELLY LANDRY-BELL,

           Plaintiff,

   vs.


VARIOUS, INC. and ZACH WILHELM,


      Defendants.

Civil Action No. CV05-1526 S

Judge Stagg
Magistrate Judge Hornsby

**DEFENDANT VARIOUS, INC.'S
RESPONSE TO PLAINTIFF'S
OBJECTION TO REPORT AND
RECOMMENDATION OF MAGISTRATE
JUDGE HORNSBY RECOMMENDING
GRANTING OF MOTION TO DISMISS
[Fed.R.Civ.P. 12(b)(6)]**

Dockets.Justia.com

## TABLE OF CONTENTS

I.   Introduction                                                                      1

II.   Argument                                                                         2

A.   Plaintiff's Claims Against Various Are Barred By The Communications Decency

Act As A Matter Of Law.                                                                2

III.   Conclusion                                                                     13

CERTIFICATE OF SERVICE                                                                15

## **TABLE OF AUTHORITIES**

**Cases**

Ben Ezra. Weinstein and Co.. Inc. v. America Online, Inc., 206 F.3d 980, 983 (10th Cir. 2000),
  cert, denied, 531 U.S. 824 (2000) ............................................................................. 12

Blumenthal v. Drudge, 992 F. Supp. 44, 46 (D.C. 1998) ............................................... 12

Carafano v. Metrosplash.com, Inc., 207 F.Supp.2d 1055(C.D. Cal. 2002)....................... 1, 4, 5, 6

Carafano v. Metrosplash.com, Inc., 339 F.3d 1119 (9th Cir. 2003) ...................................... passim

Doe v. America Online. Inc., 783 So.2d 1010, 1017 (Fla.), cert, denied. 122 S. Ct. 208 (2001). 12

Donato v. Moldrow, 374 N.J.Super. 475, 865 A.2d 711 (N.J.Super.A.D. 2005) ........................ 12

Fair Housing Council of San Fernando Valley v. Roommate.Com, LLC, (not reported in
  F.Supp.2d) 2005 WL 3299077 (C.D.Cal. 2005) ...................................................... 12

Gentry v. eBay, Inc., 99 Cal.App.4th 816 (2002)........................................................... 7, 8, 10, 12

MCW, Inc. v. Badbusinessbureau.com, 2004 WestLaw 833595 (N.D. Tex. April 19, 2004) ..... 10

Morrison v. America Online. Inc., 153 F. Supp. 2d 930, 933-34 (N.D. Ind. 2001) .................... 12

PatentWizard. Inc. v. Kinko's, Inc., 163 F. Supp. 2d 1069, 1071-72 (D.C. S.D. 2001) .............. 12

Schneider v. Amazon.com. Inc., 31 P.3d 37, 41-42 (Wash. Ct. App. 2001) ............................ 12

Smith v. Intercosmos Media Group, Inc., 2002 WL 31844907 (E.D. La. December 17, 2002) .. 11

United States ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 379 (5th Cir.
  2003) ............................................................................................................... 9

Zeran v. America Online, Inc. 958 F.Supp. 1124, 1132 (E.D. Va. 1997), aff'd 129 F.3d 327 (4th
  Cir. 1997), cert. denied, 524 U.S. 937 (1998)................................................................ 11

Zeran v. America Online, Inc., 129 F.3d 327 (4th Cir. 1997), cert. denied, 524 U.S. 937 (1998)
  ........................................................................................................................ 11, 12

**Statutes**

Communication Decency Act ("CDA"), 47 U.S.C. § 230.................................................. passim

Fed.R.Civ.P. 12(b)(6)......................................................................................................... 1

La. Civ. Code art. 2315 ..................................................................................................... 11

**DEFENDANT VARIOUS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S RECOMMENDATION TO GRANT MOTION TO DISMISS**

Defendant Various, Inc. respectfully submits the following response to plaintiff's objection to Magistrate Judge Hornsby's report and recommendation recommending that this Court grant defendant's Motion to Dismiss plaintiff's complaint:

## I.    Introduction

On December 27, 2005, Magistrate Judge Hornsby issued a detailed and well-reasoned report and recommendation recommending that this Court grant defendant Various, Inc.'s ("Various") motion to dismiss plaintiff's complaint, on the ground that it is barred by the immunity provisions of the Communications Decency Act, 47 U.S.C. § 230. On or about January 11, 2006, plaintiff filed objections to Magistrate Judge Hornsby's report and recommendation. Plaintiff's objections and their supporting memorandum brief contain factual statements that are completely absent from the complaint.[1] This is improper on a motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), as here, and such factual statements should be stricken and not considered.[2] But, as Magistrate Judge Hornsby correctly concluded, even if the additional unsupported facts stated by plaintiff were taken as true, plaintiff's claims would still be barred by the Communications Decency Act. Accordingly, Magistrate Judge Hornsby's report and recommendation should be followed, and the motion to dismiss plaintiff's complaint should be granted.

Plaintiff erroneously argues that Various is liable as an information content provider, improperly relying upon a ruling in a district court case—Carafano v. Metrosplash.com, Inc., 207 F.Supp.2d 1055(C.D. Cal. 2002)—that was expressly rejected on review by the Ninth Circuit. See Carafano v. Metrosplash.com, Inc., 339 F.3d 1119 (9th Cir. 2003). Plaintiff inexplicably fails to discuss or even mention the appellate court's rejection of her primary argument. Plaintiff's

---

[1] Indeed, almost all of the facts stated on pages 2-4 of plaintiff's brief in support of its objections to Magistrate Judge Hornsby's report and recommendations (which comprise most of its statement of facts) are totally absent from the Complaint, and are unsupported by admissible evidence.

[2] Plaintiff filed an affidavit in support of its opposition to defendant's motion to dismiss, which defendant objected to on numerous grounds. Defendant hereby renews its objections and request that plaintiff's evidence be excluded. But even if considered and taken as true, plaintiff's complaint must still be dismissed, as Magistrate Judge Hornsby correctly concluded.

reliance on a theory rejected on appellate review, particularly without informing the Court of this fact, is misguided, misleading and improper.

Plaintiff's attempt to introduce extrinsic evidence to defend her complaint against the motion to dismiss is as meritless and improper as her legal argument. A motion to dismiss is decided based upon the pleadings in the case. In addition, the evidence submitted by plaintiff is without foundation, and is otherwise objectionable, and should be excluded. But even if the evidence submitted by plaintiff is considered, her claims are barred by the Communications Decency Act. Accordingly, plaintiff's complaint and all of it claims against defendant Various, Inc. should be dismissed, without leave to amend.

## II.    Argument

### A.    <u>Plaintiff's Claims Against Various Are Barred By The Communications Decency Act As A Matter Of Law.</u>

As Magistrate Judge Hornsby correctly found, plaintiff's complaint against Various is barred by the immunity granted operators of interactive computer service providers with respect to information provided by another information content provider, under the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1). This is so under any view of the pleadings in this case.

Title 47 U.S.C., §230 is part of the Communications Decency Act ("CDA") of 1996. The CDA embodies a strong legislative intent to foster the Internet and to protect interactive computer services, such as those operated by defendant Various, against liability of the sort that plaintiff attempts to impose here.

Subsection(a) of 47 U.S.C., § 230 sets forth Congressional findings about the "extraordinary advance" the Internet provides in the availability of information resources (subsection (a)(1)), the importance of "a minimum of government regulation" to the Internet's

"flourishing" (subsection (a)(4)), and the growing reliance of American on the Internet for "a variety of ... entertainment services" (subsection (a)(5)).

Subsection (b) of 47 U.S.C., § 230 states that it is the policy of the United States "to promote the continued development of the Internet and other interactive computer services and other interactive media" and to keep it "unfettered by Federal or State regulation" (subsections (b)(1) and (2)).

Subsection (f)(2) defines an "interactive computer service" as "any information service, system or access software provider that provides or enables computer access by multiple users to a computer server." It is clear from plaintiff's Complaint that defendant Various' services are interactive computer services. (See Complaint, ¶ 2[a]: "Various, Inc. ...operates various web sites, over the internet, and which are made available for interactive entry and display in Louisiana [.]").

Plaintiff's complaint attempts to state claims for liability of Various based upon the publication of false personal advertisements on its web sites by defendant Wilhelm. This kind of liability is barred by 47 U.S.C. § 230. Subsection (c)(2) of 47 U.S.C. § 230 provides: ***"No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.***" (Emphasis added). Under subsection (f)(3), an information content provider is "any person or entity that is responsible, in whole or in part, for the creation of development of information provided through the Internet or any other interactive computer service." Wilhelm is clearly an "information content provider" under this statute.

Subsection (e)(3) of 47 U.S.C. § 230 provides: "***No cause of action may be brought and no liability imposed under any State or local law that is inconsistent with this section.***" (Emphasis added). Plaintiff's claims against Various, while not separately specified in her complaint, appear to all be State law tort claims, including claims for invasion of privacy (¶ 21), defamation as a "publisher" (¶¶ 23, 25), and some unspecified "strict liability" tort based on alleged "publishing" of Wilhelm's false advertisements (¶ 26). These claims are all barred by the above-cited provisions, 47 U.S.C. § 230 (c)(2) and (e)(3).

Plaintiff attempts to evade this bar to her claims against Various, so that she can pursue a presumed "deep pocket" instead of focusing on the actual wrong-doer in this case, co-defendant Wilhelm, who allegedly fraudulently posted personal advertisements in the name of plaintiff. In order to do so, plaintiff improperly attempts to introduce inadmissible evidence that purportedly shows that defendant Various, the operator of interactive on-line dating and personal advertising services, elicited content provided by Wilhelm. Plaintiff argues that Various is, therefore, liable as an "information content provider" of the information at issue, and enjoys no immunity under the CDA.

The inadmissibility and impropriety of considering plaintiff's proffered evidence is discussed *infra*, and in objections filed contemporaneously with this reply. But even if plaintiff's submitted evidence were considered, her claims against Various would still fail. This is made clear in the Ninth Circuit's opinion reviewing and rejecting the ruling in the case upon which plaintiff almost entirely relies, <u>Carafano v. Metrosplash.com, Inc.</u>, 207 F.Supp.2d 1055 (C.D. Cal. 2002). See <u>Carafano v. Metrosplash.com, Inc.</u>, 339 F.3d 1119 (9th Cir. 2003).

The District Court case upon which plaintiff relies, <u>Carafano v. Metrosplash.com, Inc.</u>, 207 F.Supp.2d 1055 (C.D. Cal. 2002), concerned a motion for summary judgment brought by the operators of an on-line dating service called Matchmaker.com ("Matchmaker"). In a scenario resembling the instant case, plaintiff alleged liability of Matchmaker's owners for damages arising from an individual's fraudulent impersonation of her on the Matchmaker web site. The District Court ultimately rendered judgment for defendants, granting defendants' motion for summary judgment, for reasons not pertinent here, but first decided that Matchmaker's operators were "information content providers", as defined in 47 U.S.C. § 230(f)(3), and that they were not immune under the CDA because they contributed to the creation of the offending content. <u>Id.</u> at 1066-1067,

The District Court's granting of summary judgment was affirmed on appeal, *but its ruling regarding immunity was rejected.* See <u>Carafano v. Metrosplash.com, Inc.</u>, 339 F.3d 1119 (9th Cir. 2003). The Ninth Circuit affirmed the summary judgment *on grounds that directly contradict plaintiff's arguments* and her use of the lower court's opinion in her opposition to the instant

motion to dismiss. The Court held that Matchmaker's owners were immune from liability as interactive service providers, and were not providers of the content at issue, despite the apparently extensive involvement of Matchmaker with eliciting (as well as posting) the content from the fraudulent third party user of its personal advertising service,

Discussion of the Ninth Circuit's decision in Carafano is totally absent from plaintiff's brief in support of its objections to Magistrate Judge Hornsby's report and recommendation, even though plaintiff leads off its brief with the powerful first sentence of the Ninth Circuit's opinion: "This is a case involving a cruel and sadistic identity theft." Carafano, supra, 339 F.3d at 1120. This is plaintiff's only reference to the Ninth Circuit's Carafano decision in her opposition brief, even though plaintiff is apparently aware of the Ninth Circuit case, and argues at length t*he very reasoning of the District Court that the Ninth Circuit rejected* in that case. Carafano, supra, 339 F.3d 122-1125. (See plaintiff's brief in opposition to motion to dismiss, pages 5-7, and plaintiff's memorandum in support of its objection to the report and recommendations of magistrate judge, pages 3, 5-7). The motive for plaintiff's misleading and lengthy reliance on a case whose rationale was rejected on appeal, and her failure to inform the court of this fact, is easy to see. The Ninth Circuit Carafano opinion strongly supports the granting of the instant motion to dismiss.

The Ninth Circuit held in Carafano that Matchmaker's operators were not liable for the creation of offending content, even though the facts in that case were far more supportive of a finding that Matchmaker was a "content provider" than the facts in the instant case. Matchmaker based the personal advertising content it posted on questionnaire answers, essays and photographs provided by its members. A new member had to complete a questionnaire of sixty-two (62) multiple-choice questions, and had to answer at least one of a series of essay questions. See District Court case, Carafano v. Metrosplash.com, Inc., supra, 207 F.Supp.2d 1055, 1059. Examples of the multiple choice questions included:

"Your current living situation is? Happily married, Not so happily married,

Married and we swing, Divorced living alone.

> "What style of dress do you prefer? I like to get dressed up, I like to dress casual,
> I dress for the occasion, What ever is clean, Preppy, Punk, Nude, Just call me
> Fred Flinstone.
>
> "Finally, why did you call? Hoping to start a relationship, Seeking an occasional
> lover, Hunting for a roommate, Scouting out for swinging couples, Looking for a
> pen pal only, Just looking/curious, A friend put me up to this, Looking for a one-
> night stand, I found the number on a bathroom wall, I don't know and I won't call
> back." Id. at 1060.

Based on the manner in which Matchmaker gathered member information for posting, the
District Court believed that it was a provider of the content posted on its web site, and was
therefore not immune under the "interactive computer service" provider immunity granted by 47
U.S.C. § 230(c)(1):

> This Court agrees that Matchmaker qualifies as an information content provider.
> The users of the Matchmaker website do not simply post whatever information
> they desire. Rather, a profile for each user is created from the questions asked by
> Matchmaker and the answers provided. These questions consist of multiple choice
> questions and essay questions. By conducting its service, Matchmaker does not
> just provide a site for people to post whatever information they choose. Rather, it
> provides 62 multiple-choice questions and a series of essay questions tailored for
> each Matchmaker community. Thus, Matchmaker is an "entity that is responsible,
> ... in part, for the creation or development of information provided through the
> Internet or any other interactive computer service." Carafano v. Metrosplash.com,
> Inc., supra, 207 F.Supp.2d at 1066-1067.

On appeal, the Ninth Circuit completely rejected this ruling, and based its
affirmation of the summary judgment in favor of defendants entirely on an opposite
interpretation of the CDA—an interpretation that supports dismissal of the complaint in
the instant case. The Ninth Circuit Carrafano court pointed to Congress's policies,
explicitly stated in the CDA, to "promote the continued development of the Internet and
other interactive computer services," "to preserve the vibrant and competitive free market
that presently exists for the Internet and other interactive computer services," and to
"remove disincentives for the development and utilization of blocking and filtering

6

technologies." 47 U.S.C. § 230(b)(1), (2), (4). See Ninth Circuit opinion, <u>Carafano v.</u> <u>Metrosplash.com, Inc.</u>, <u>supra,</u> 339 F.3d 1119 at 1123. The Ninth Circuit Court stated, "In light of these concerns, ***reviewing courts have treated § 230 immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service' and a relatively restrictive definition of 'information content provider.'*** <u>Id.</u> (Notes omitted). (Emphasis added).

 The Ninth Circuit rejected the District Court's narrow construction of CDA immunity, deciding that, despite Matchmaker's role in eliciting the information at issue, it still enjoyed immunity under the CDA:

> Under § 230(c), … so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process.
>
> ***The fact that some of the content was formulated in response to Matchmaker's questionnaire does not alter this conclusion.*** Doubtless, the questionnaire facilitated the expression of information by individual users. However, the selection of the content was left exclusively to the user. The actual profile "information" consisted of the particular options chosen and the additional essay answers provided. ***Matchmaker was not responsible, even in part, for associating certain multiple choice responses with a set of physical characteristics, a group of essay answers, and a photograph. Matchmaker cannot be considered an "information content provider" under the statute because no profile has any content until a user actively creates it.*** Carafano v. Metrosplash.com, Inc., <u>supra,</u> 339 F.3d at 1124. (Emphases added).

 In reaching its decision, the Ninth Circuit <u>Carafano</u> court compared Matchmaker's role to that of eBay, citing <u>Gentry v. eBay, Inc.,</u> 99 Cal.App.4[th] 816 (2002). The <u>Carafano</u> opinion stated:

> Matchmaker's role is similar to that of the customer rating system at issue in <u>Gentry v. eBay, Inc.,</u> 99 Cal.App.4[th] 816, 121 Cal.Rptr.2d 703 (2002). In that case, the plaintiffs alleged that eBay "was an information content provider in that it was responsible for the creation of information, or development of information, for the online auction it provided through the Internet." *Id.* at 717. Specifically, the plaintiffs noted that eBay created a highly structured Feedback Forum, which categorized each response as a "Positive Feedback," a "Negative Feedback," or a "Neutral Feedback." *Id.* In addition, eBay provided a color coded star symbol next

> to the user name of a seller who had achieved certain levels of "Positive Feedback" and offered a separate "Power Sellers" endorsement based on sales volume and Positive Feedback ratings. *Id.* The court concluded that § 230 barred the claims[.] …Similarly, the fact that Matchmaker classifies user characteristics into discrete categories and collects responses to specific essay questions does not transform Matchmaker into a "developer" of the "underlying information."

Carafano, supra, 339 F.3d at 1124. (Quotation omitted).

The Ninth Circuit Carafano court also noted that, just as with eBay in the Gentry case, the decision to structure information provided by users allows the company to offer additional features, such as "matching" profiles with similar characteristics or highly structured searches based on combinations of multiple choice questions. "Without standardized, easily encoded answers, Matchmaker might not be able to offer these services and certainly not to the same degree. Arguably, this promotes the expressed Congressional policy 'to promote the continued development of the Internet and other interactive computer services.' 47 U.S.C. § 230(b)(1). Carafano, supra, 339 F.3d at 1124-1125. Even though Matchmaker arguably contributes more structure and content than eBay by asking "62 detailed questions and providing a menu of 'pre-prepared responses', the Carafano Court said "this is a distinction of degree rather than of kind, and Matchmaker still lacks responsibility for the 'underlying misinformation." Id. at 1125.

Finally, the Ninth Circuit Carafano Court held (citing Gentry v. eBay, supra) that even if Matchmaker could be considered an information content provider, it was still immune because the information for which plaintiff sought to hold it liable was provided by someone else, and the CDA specifically "precludes treatment as a publisher or speaker for '*any* information provided by *another* information content provider.' 47 U.S.C. § 230(c)(1)." Carafano, supra, 339 F.3d at 1125. (Emphasis in the original).

In the instant case, nothing in plaintiff's complaint indicates any involvement by defendant Various in the creation or development of the offending content at issue, as would be required for it to be an "information content provider" as defined in 47 U.S.C. § 230(f)(3). The creation and development of the content at issue is specifically described in the complaint as co-defendant Wilhelm's doing. (See Complaint, ¶ 17: "Defendant Wilhelm intentionally created fake internet email addresses and web pages depicting plaintiff's clothed picture…together with

text suggesting that plaintiff …sought sexual encounters with men and women."; ¶ 18: "Wilhelm further generated numerous web advertisements through Various, Inc. …etc.").

The only fault alleged against Various in the complaint is the reproduction and distribution of Wilhelm's false advertisements and its failure to screen and prevent the fraudulent postings by Wilhelm. (See Complaint, ¶ 21: "Defendant Various, Inc. failed to identify persons responsible for posting the false information…etc."; ¶ 23: "Defendant Various, Inc. is a publisher of obscene material and deficiencies in its screening procedures cause false and highly defamatory posting to be included in its web sites."; ¶ 25: "Defendants are liable for each and every republication of the false and defamatory information displayed about plaintiff."; ¶ 26: Defendant Various, Inc. maintains custody and garde over its computerized web site and online presence, and is strictly liable for the content in its web site…"). Nothing in the complaint alleges that Various is responsible for the "creation or development" of the information at issue. There are no allegations in the complaint that obviate Various' immunity under the CDA.

On a motion to dismiss, conclusory allegations and unwarranted factual deductions will not suffice to prevent it being granted. See United States ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 379 (5th Cir. 2003). In this case, the complaint itself provides no basis, even when reasonable inferences are read into it, for finding that Various is liable as an "information content provider" under the CDA or not protected by the CDA's immunity provisions.

Plaintiff attempts to get around its failure to plead a basis for its claims by improperly submitting inadmissible evidence through an affidavit that lacks foundation for its content and its conclusions. Various has separately filed an objection to this affidavit contemporaneously with this Reply brief. But even if this Court were to consider plaintiff's evidence, it is insufficient to obviate Various' immunity under the CDA.

There are no allegations in the complaint or evidence submitted by plaintiff that Various employed numerous detailed multiple choice questions like Matchmaker in the Carafano case. There are no allegations in the complaint or evidence submitted that Various required the answering of essay questions specifically tailored for a particular community, as in the Carafano

case. There are no allegations in the complaint or evidence that Various even "formulated" any information based on a questionnaire, as in the <u>Carafano</u> case. There are certainly no allegations or evidence that Various categorized responses as "positive" or "negative", provided coded symbols for member responses, or published endorsements or feedback for members, as did eBay in the <u>Gentry v. eBay, Inc.</u>, <u>supra</u>, case. There are no allegations or evidence of similar activities being performed by Various as were performed by the defendants in those cases. But even if such evidence or allegations were to exist, Various would still be protected by the immunity provisions of the CDA under the stated legislative policies of the CDA, and the analyses and holdings of both <u>Gentry v. eBay, Inc.</u>, <u>supra</u>, as well as the Ninth Circuit's opinion in the case upon which plaintiff so heavily relies, <u>Carafano v. Metrosplash.com, Inc.</u>, 339 F.3d 1119 (9th Cir. 2003).

The case of <u>MCW, Inc. v. Badbusinessbureau.com</u>, 2004 WestLaw 833595 (N.D. Tex. April 19, 2004), cited by plaintiff, also does not support plaintiff's position. In that case it was clear that defendants were deeply involved in creating content that was at issue in plaintiff's defamation and intellectual property claims. The plaintiff alleged, and neither defendant denied, that the defendants created report titles on its web site listing "bad businesses," such as "Con Artists," "Scam," and "Ripoff," and organized the reports under headings such as "Con Artists" and "Corrupt Companies." The plaintiff in that case also alleged that, that in addition to creating report titles and headings for its web site postings, the defendants personally wrote and created various messages, including: (1) "We will not rest until [Plaintiff] either change[s] their fraudulent business practices or are run out of business. In the meantime, we will do our best to help their victims get their money back ...."; and (2) "The comments by the victim above are typical to Rip-off Report of Bernard Haldane. Usually forced statements derive from the victim in order to receive FULL or partial settlement from the Bernard Haldane SCAM which has bilked thousands of victims of millions of dollars fraudulently worldwide. Rip-off Report has relentlessly pursued this corrupt company...." <u>MCW, Inc. v. Badbusinessbureau.com, L.L.C.</u>, <u>supra, at</u> *9 (N.D. Tex.) (N.D.Tex.,2004). Evidence or allegations of this type of direct creation of offending content is completely absent in the instant case.

A case from the United States District Court for the Eastern District of Louisiana is more instructive and pertinent to the instant case. In <u>Smith v. Intercosmos Media Group, Inc.</u>, 2002 WL 31844907 (E.D. La. December 17, 2002), Chief Judge Helen G. Berrigan granted summary judgment in favor of an interactive Internet service provider. Plaintiffs claimed that customers of defendants used false names to register domains and publish defamatory statements on their websites, and that defendant failed to block the websites or revoke the domain registrations even after being informed of the customers' fraud and libel. Plaintiffs sued Intercosmos Media Group, Inc. for defamation, libel, damages and injunctive relief. Plaintiffs also attempted to claim "negligence and fault" under La. Civ. Code art. 2315. The Court held that all of plaintiffs' claims were barred by the CDA's grant of immunity in 47 U.S.C. § 230.

Chief Judge Berrigan discussed the purpose of the CDA, stating that "Congress saw the burgeoning internet as a benefit to all Americans." She wrote that "Clearly, the purpose of the Act is to promote the free flow of information on the internet." <u>Smith v. Intercosmos Media Group, Inc.</u>, <u>supra</u>, at *2. She noted that the plaintiffs' complaint, as in the instant case, refers to the source of the allegedly defamatory statements at issue as a third party. <u>Id.</u> at *3. She cited with approval <u>Zeran v. America Online, Inc.</u> 958 F.Supp. 1124, 1132 (E.D. Va. 1997), <u>aff'd</u> 129 F.3d 327 (4th Cir. 1997), <u>cert. denied</u>, 524 U.S. 937 (1998) for the proposition that "the law treats as a publisher one who fails to take reasonable steps to remove defamatory statements from property under her control," and held that defendant was covered by the publisher immunity of 47 U.S.C. § 230(c). Judge Berrigan's reasoning applies to the instant case, and mandates granting of this motion to dismiss pursuant to the CDA's immunity provision.

Almost every court that has considered the immunity provision of the CDA has found that it precludes liability for interactive computer services that collect and make available third-party content, as in the instant case. In <u>Zeran v. America Online, Inc.</u>, 129 F.3d 327 (4th Cir. 1997), <u>cert. denied</u>, 524 U.S. 937 (1998), false postings on an America Online bulletin board caused the plaintiff to be deluged with abusive phone calls, including death threats. *Id*. at 329. The Fourth Circuit rejected the contention that AOL was liable for defamation for allowing the postings and then not removing them quickly enough. In doing so, the court gave proper weight

to the CDA's goal of protecting and enhancing free speech:

> It would be impossible for service providers to screen each of their millions of postings for possible problems. Faced with potential liability for each message republished by their services, interactive computer service providers might choose to severely restrict the number and type of messages posted. Congress considered the weight of the speech interests implicated and chose to immunize service providers to avoid any such restrictive effect.

*Id*. at 330-31.

Zeran's broad view of the CDA's immunity provision has been consistently applied by federal and state courts in a variety of contexts. See, e.g., Ben Ezra. Weinstein and Co.. Inc. v. America Online, Inc., 206 F.3d 980, 983 (10th Cir. 2000), cert, denied, 531 U.S. 824 (2000) (stock information made available on AOL's "Quotes & Portfolios" service); Blumenthal v. Drudge, 992 F. Supp. 44, 46 (D.C. 1998) (allegation of wife-beating in on-line magazine); PatentWizard. Inc. v. Kinko's, Inc., 163 F. Supp. 2d 1069, 1071-72 (D.C. S.D. 2001) (statements. about patent service made in chat room by user of defendant's computers); Morrison v. America Online. Inc., 153 F. Supp. 2d 930, 933-34 (N.D. Ind. 2001) (threats directed at physician, distributed by e-mail); Doe v. America Online. Inc., 783 So.2d 1010, 1017 (Fla.), cert, denied. 122 S. Ct. 208 (2001) (use of chat rooms to market obscene photos); Gentry v. eBay, Inc., 99 Cal. App. 4th 816, 832, 121 Cal. Rptr. 2d 703 (2002) (offers to sell counterfeit sports memorabilia on Internet auction site); Schneider v. Amazon.com. Inc., 31 P.3d 37, 41-42 (Wash. Ct. App. 2001) (allegation in reader book review that author was a felon); Fair Housing Council of San Fernando Valley v. Roommate.Com, LLC, (not reported in F.Supp.2d) 2005 WL 3299077 (C.D.Cal. 2005)(web provider of roommate advertising was immune from FHA and other anti-discrimination laws for postings by users of web service, due to CDA immunity); Donato v. Moldrow, 374 N.J.Super. 475, 865 A.2d 711 (N.J.Super.A.D. 2005) (operator of electronic community bulletin board website immune from liability for defamatory postings despite his exercise of editorial authority over posts). This strong line of authority supports dismissal in this case. It should be followed here.

In the instant case, Various is clearly an interactive service provider or user for whom the CDA has granted immunity against the claims alleged in plaintiff's complaint. 47 U.S.C. §

230(c)(1). The information at issue was clearly provided by a third party, co-defendant Wilhelm. Plaintiff's evidence submitted in opposition to this motion to dismiss should be excluded. But even if it were to be considered, Various should still be held immune under the CDA. Even if Various were to be found to be an information content provider, it cannot be held liable for information provided by "*another* information content provider." 47 U.S.C. § 230(c)(1); Carafano v. Metrosplash.com, Inc., supra. The information at issue in this case was provided by co-defendant Wilhelm, not Various.

As Magistrate Judge Hornsby correctly stated:

> "Again, the allegations of Plaintiff's Complaint establish that Wilhelm—not Various—provided the offensive content. Complaint, ¶¶ 14, 17-20. However, Plaintiff argues in her brief that Various also acted as an information content provider by 'blast[ing] out the profile contents to web search engines,' adding 'descriptors,' such as 'horny,' to the content provided by Wilhelm; displaying titles to the listings to attract attention to them; organizing the profiles by geographic area; providing a search engine to categorize and publish profiles; providing a mechanism to input information; asking questions during the input process to create and develop profiles; and performing internal computer 'testing' to determine purity and compatibility scores. Plaintiff's Opposition, pp. 2-4. ***None of these allegations is in the Complaint, and the combination of them, even if true, does not transform Various into an information content provider.***" (Emphasis added). (Footnote omitted).

Plaintiff's affidavit, and its argument based upon it, should be disregarded. The motion to dismiss should be decided on the pleadings in the four corners of the complaint. But even if plaintiff's erroneous affidavit, submitted without foundation by a witness who lacks competence to testify to the facts contained in it, were accepted, it would not save plaintiff's complaint. The complaint should be dismissed, as to defendant Various, without leave to amend.


**III.    Conclusion**

Plaintiff's claims against Various, Inc. are barred by provisions of the Communications Decency Act, 47 U.S.C. § 230. Plaintiff can state no viable claim against Various. The Report and Recommendations of Magistrate Judge Hornsby should be accepted and followed, and the complaint should be dismissed, without leave to amend.

Respectfully submitted,


Dated: January 26, 2006                    _____/s/_____
                                           Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)


Dated: January 26, 2006                    _____/s/_____
                                           Bennett L. Politz (LSBA Bar No. 10573)
                                           Attorneys for Defendant Various, Inc.


Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)     Local Counsel:
ROTHKEN LAW FIRM                           Bennett L. Politz (LSBA Bar No. 10573)
1050 Northgate Drive, Suite 520            Booth Lockard Politz & LeSage LLC
San Rafael, CA 94903                       920 Pierremont Road, Suite 103
Tel:  (415) 924-4250                       P. O. Drawer 1092
Fax: (415) 924-2905                        Shreveport, LA 71163
Email: ira@techfirm.com                    (318) 222-2333
                                           (318) 221-1035 (fax)
                                           email: blp@blpld.com

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2006, a copy of the foregoing **DEFENDANT VARIOUS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE HORNSBY RECOMMENDING GRANTING OF MOTION TO DISMISS [Fed.R.Civ.P. 12(b)(6)]** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ira P. Rothken and Bennett L. Politz by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, postage prepaid, this filing to the following non-CM/ECF participants:

>   David A Szwak
>   Bodenheimer Jones & Szwak
>   401 Market St Ste 240
>   Shreveport, LA 71101

Dated: January 26, 2006                    _____/s/_____

>   Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
>   ROTHKEN LAW FIRM
>   1050 Northgate Drive, Suite 520
>   San Rafael, CA 94903
>   Tel: (415) 924-4250
>   Fax: (415) 924-2905
>   Email: ira@techfirm.com