

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

SHELLY LANDRY-BELL

versus                                                      CIVIL ACTION NO. 05-1526
                                                            JUDGE TOM STAGG
VARIOUS, INC. and ZACH WILHELM

---

### MEMORANDUM ORDER

Before the court is a motion to dismiss filed by defendant, Various, Inc. ("Various"). See Record Document 4. Plaintiff, Shelly Landry-Belle, filed an opposition to the motion and Various filed a reply. Pursuant to his powers under Federal Rule of Civil Procedure 72(b) and Uniform Louisiana Local Rule 72.1M & W, United States Magistrate Judge Mark L. Hornsby entered a Report and Recommendation on December 27, 2005, recommending to this court that the motion to dismiss be granted and that all claims against Various be dismissed with prejudice. However, having thoroughly reviewed the record and the slim jurisprudential resources, including the written objections and response filed, this court does not concur with the Magistrate Judge's recommendation.

Under Rule 72(b) and Uniform Louisiana Local Rule 74.1W, a district court

conducts a de novo review of a magistrate judge's recommended ruling on a dispositive matter. The district court may accept, reject, or modify the magistrate judge's ruling or remit the matter to the magistrate judge with instructions.

A complaint should survive scrutiny under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove *no set of facts* in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 102 (1957) (emphasis added). For the purposes of this motion, the plaintiff's factual allegations must be taken as true and construed in a light most favorable to her. See Green v. State Bar of Tex., 27 F.3d 1083 (5th Cir. 1994); Rathborne v. Rathborne, 683 F.2d 914, 917 n.8 (5th Cir. 1982). It is not required that the complaint outline all of the elements of each claim to survive a motion to dismiss under Rule 12(b)(6). It is sufficient if inferences may be drawn that these elements exist. See Walker v. South Cent. Bell, 904 F.2d 275 (5th Cir. 1990). Although the complaint is scant in details and allegations that would result in liability for Various under the Communications Decency Act, 47 U.S.C. § 230, the allegations are sufficient, because of our notice pleading regime, to suffice under Rule 12(b)(6). See Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391 (5th Cir. 2005). Believing that greater factual development as to the actions of Various is

necessary, this court rejects the Report and Recommendation. Accordingly;

**IT IS ORDERED** that the motion to dismiss filed by Various (Record Document 4) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of February, 2006.

                                                                   JUDGE TOM STAGG