UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SHELLY LANDRY-BELL,<br><br>    Plaintiff,<br><br>vs.<br><br>VARIOUS, INC. and ZACH WILHELM,<br><br>    Defendants. | Civil Action No. CV05-1526 S<br><br>Judge Stagg<br>Magistrate Judge Hornsby<br><br>**DEFENDANT VARIOUS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>JURY DEMANDED |

## **DEFENDANT VARIOUS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

In answer to plaintiff's complaint, defendant Various, Inc. alleges as follows:

### **DENIALS AND ADMISSIONS**

1.     Defendant denies that it made any false web site postings. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 1, and on that basis denies them.

2.     With respect to the allegations contained in subparagraph 2[a], defendant denies that it operates the web site www.dating-review.co.uk. Defendant admits the remaining allegations contained in subparagraph 2[a]. With respect to the allegations contained in subparagraph 2[b], defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 1, and on that basis denies them. Except as expressly admitted herein, defendant denies the remaining allegations of paragraph 2.

3.     Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 3, and on that basis denies them.

4.     Paragraph 4 is a request for a jury trial, which need be neither admitted nor denied.

5.     Defendant denies that an award of any damages may be made in this case against this defendant.

1

6. Defendant denies that an award of any costs or attorneys' fees may be made in this case against this defendant.

7. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 7, and on that basis denies them.

8. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 8, and on that basis denies them.

9. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 9, and on that basis denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 10, and on that basis denies them.

11. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 11, and on that basis denies them.

12. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 12, and on that basis denies them.

13. Defendant denies that it improperly posted false information about plaintiff and denies that it republished false information on to third parties. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 13, and on that basis denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 14, and on that basis denies them.

15. Defendant denies the allegations contained in paragraph 15 with respect to this defendant. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 15 with respect to any other person, and on that basis denies them.

16. Defendant admits that defendant contacted it through counsel and made inquiries of defendant and that defendant cooperated with plaintiff's counsel consistent with its privacy policy, terms of use and the privacy laws, including the ECPA. Defendant denies the remaining allegations of paragraph 16.

17. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 17, and on that basis denies them.

18. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 18, and on that basis denies them.

19. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 19, and on that basis denies them.

20. Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 20, and on that basis denies them.

21. Defendant admits that it failed to obtain the e-mail addresses of every person who viewed plaintiff's postings or purported postings in any manner. Defendant is without sufficient knowledge or information to form a belief as to the allegation that defendant failed to obtain the true identities of any persons who viewed plaintiff's postings or purported postings. Except as expressly and specifically admitted herein, defendant denies the remaining allegations of paragraph 21.

22. Denied.

23. Denied.

24. Defendant admits that it maintains web sites on which it maintains general editorial control and the right to edit or remove any postings. Defendant denies the remaining allegations of paragraph 24.

25. Defendant denies the allegations made with respect to this defendant in paragraph 25. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 25, and on that basis denies them.

26. Defendant admits it maintains custody over its computerized web site and online presence. Defendant denies the remaining allegations of paragraph 26.

27. Defendant admits it operates a highly interactive web site. Defendant denies the remaining allegations of paragraph 27 as it relates to plaintiff.

28. Defendant denies the allegations made with respect to this defendant in paragraph 28, and denies that any judgment or damages should be awarded plaintiff against this defendant

or that an other relief, equitable or otherwise, be granted against this defendant. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 28, and on that basis denies them.

**REQUEST FOR TRIAL BY JURY**

Defendant requests a trial by jury.

**AFFIRMATIVE DEFENSES**

1. The court lacks jurisdiction over the person of each defendant.

2. Venue is improper in this district.

3. Each alleged cause of action in plaintiff's complaint fails to state facts sufficient to constitute a cause of action.

4. Plaintiff's claims are barred by the Communications Decency Act, 42 U.S.C. § 230.

5. Plaintiff's claims are barred by the Dormant Commerce Clause of the United States Constitution.

6. Plaintiff's claims are barred by the doctrine of laches.

7. Plaintiff's claims are barred by reason of estoppel.

8. Plaintiff's claims are barred by reason of accord and satisfaction.

9. Plaintiff's claims are barred by reason of release.

10. Plaintiff has waived each and every cause of action.

11. Defendant was exercising its rights of Free Speech under the First Amendment of the United States Constitution.

12. Plaintiff is barred by the equitable doctrine of unclean hands.

13. Defendant's acts were privileged by principles of free competition.

14. Plaintiff's claims are barred by statutes of limitations

15. Plaintiff has not suffered any damage as a result of the acts alleged to have been

committed by this defendant.

16. If plaintiff sustained any injury, such injury was caused by superseding and/or intervening events that were not caused by this defendant and for which this defendant is not liable.

17. If plaintiff sustained any injury, such injury was caused by third parties other than this defendant, over whom this defendant had no control and for whose conduct this defendant has no responsibility.

18. If plaintiff sustained any injury, such injury was caused by plaintiff's own negligence or other wrongdoing.

19. Plaintiff has failed to mitigate its damages, if any.

20. Any claim of damages is speculative.

21. Plaintiff's claims, including claims based on alleged willful, deliberate and/or intentional acts, are barred by principles of due process.

22. Plaintiff's claims are barred by the ECPA and State (including California) and Federal privacy laws.

23. Plaintiff's claims are barred by the California Constitutional right to privacy.

24. Plaintiff's claims are barred by defendant's terms of use and privacy policy.

**WHEREFORE,** defendants pray for judgment as follows:

1. That plaintiff take nothing by way of her complaint;

2. That the court deny each and every claim by plaintiff for attorneys' fees and/or punitive or enhanced damages;

3. That defendant recover its attorney fees and costs herein; and

4. For such other and further relief that the court shall deem just and proper.

Dated: February 21, 2006 _____/s/_____
Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)

Dated: February 21, 2006 _____/s/_____
Bennett L. Politz (LSBA Bar No. 10573)
Attorneys for Defendant Various, Inc.

| | |
|---|---|
| Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)<br>ROTHKEN LAW FIRM<br>1050 Northgate Drive, Suite 520<br>San Rafael, CA 94903<br>Tel: (415) 924-4250<br>Fax: (415) 924-2905<br>Email: ira@techfirm.com | Local Counsel:<br>Bennett L. Politz (LSBA Bar No. 10573)<br>Booth Lockard Politz & LeSage LLC<br>920 Pierremont Road, Suite 103<br>P. O. Drawer 1092<br>Shreveport, LA 71163<br>(318) 222-2333<br>(318) 221-1035 (fax)<br>email: blp@blpld.com |

CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, a copy of the foregoing **DEFENDANT VARIOUS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ira P. Rothken and Bennett L. Politz by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, postage prepaid, this filing to the following non-CM/ECF participants:

>David A Szwak
>Bodenheimer Jones & Szwak
>401 Market St Ste 240
>Shreveport, LA 71101

Dated: February 21, 2006 _____/s/_____
Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
ROTHKEN LAW FIRM
1050 Northgate Drive, Suite 520
San Rafael, CA 94903
Tel: (415) 924-4250
Fax: (415) 924-2905
Email: ira@techfirm.com