UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,

                Plaintiff,

Versus                                             Civil Action No.
                                                      CV05-1526-S
                                                      **JURY DEMANDED**
VARIOUS INC., ET AL,                            JUDGE STAGG
                         Defendants.    MAGISTRATE-JUDGE HORNSBY

**MEMO IN SUPPORT OF MOTION TO STRIKE
ANSWER AND DEFENSES FILED BY VARIOUS, INC.**

MAY IT PLEASE THE COURT:

    Plaintiff, SHELLY LANDRY-BELL, respectfully seeks to have this Honorable Court strike the Answer and defenses filed by Various, Inc., defendant, as follows:

    Plaintiff submits that her identity was stolen and defendants created, posted and redistributed in mass false internet-based sexual solicitation ads bearing plaintiff's identity and some of her clothed photos interspersed with other false content and cropped nude photos of other persons. This Honorable Court denied Various, Inc.'s Motion to Dismiss. Landry-Bell v. Various, Inc., et al, 2006 WestLaw 273599 (W.D. La. 2006). Various, Inc., filed an Answer asserting 24 defenses most of which lack any merit and are baseless and must be stricken. Further, Various, Inc., has alleged, without any basis whatsoever, a claim for its attorneys' fees and costs. A large number of the defenses raised in its Answer, as well as its counter-claims [for fees and costs] are not grounded in law, and are insufficient, immaterial, impertinent and even scandalous, as a matter of law. Plaintiff seeks an Order striking Various, Inc.'s Answer and defenses and an Order requiring it to re-plead. Pursuant to Rule 12(f) of the Federal Rules of

Civil Procedure, Plaintiff respectfully moves this Honorable Court to strike the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third and Twenty-Fourth defenses raised by Various, Inc., for the reasons shown herein and in the attached Memorandum and Support of Motion to Strike submitted by plaintiff. Plaintiff further seeks to strike the baseless claim for attorneys' fees and costs asserted by defendant, Various, Inc.

Unfortunately, the problem here is not uncommon. For example, in Lamar v. Experian Information Solutions, Inc., Not Reported in F.Supp.2d, 2005 WestLaw 1026573 [U.S.D.C. N.D. Ill. 2005], counsel for Experian filed its answer and affirmative defenses to the complaint filed against it by plaintiff. Experian's responsive pleading contained "more than one of the all-too-common pleading sins..." The court entered a memorandum opinion and order issued sua sponte. The court noted numerous pleading abuses, including Experian's raising of improper defenses and claiming that it could not answer certain allegations and denying other allegations which it plainly had knowledge to admit or deny. The court struck the pleading and ordered the Answer re-plead with other sanctions. The same problem exists here in this case.

First Defense - Personal Jurisdiction

Defendant alleged lack of personal jurisdiction yet brought no motion to dismiss for want of personal jurisdiction. Defendant waived personal jurisdiction, venue and service of process defenses, if any could be validly asserted. Glater v. Eli Lilly & Co., 712 F.2d 735, 738 [1st Cir. 1983]; Swaim v. Moltan Co., 73 F.3d 711, 718 fn.4 [7th Cir. 1996].

Even if defendant could raise a defense to personal jurisdiction, it would be frivolous. Defendant concedes that its web site is a "highly interactive" web site [par. 27, Answer] and that

maintains millions of subscribers. As seen from documentation submitted in opposition to defendant's motion to dismiss, numerous subscribers reside in Louisiana and in this Judicial District. Based both on general and specific personal jurisdiction, defendant may properly be haled into court in Louisiana.

The basic constitutional test is found in International Shoe Co. v. Washington, 326 U.S. 310 [1945], and questions: [1] whether a defendant has minimum contacts with the forum state such that due process is satisfied and the contacts are sufficient to justify the assertion of personal jurisdiction over the defendant; and [2] whether assertion of jurisdiction offends traditional notions of fair play and substantial justice. Of course, the internet is different from traditional territory-based personal jurisdiction analysis and deals with the place[s] of transmission and place[s] of receipt of the transmissions. Rainy Day Books, Inc. v. Rainy Day Books & Café, 186 F.Supp.2d 1158, 1161 (U.S.D.C. Kan. 2002). Personal jurisdiction exists if the non-resident defendant's minimum contacts give rise to either general or specific jurisdiction. Kluin v. American Suzuki Motor Corp., 274 Kan. 888, 56 P.3d 829, 835 (Kan. 2002); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction is present when the defendant's contacts in a forum are continuous and systematic so that the forum may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state. Kluin, 56 P.3d, at 835. In contrast, specific jurisdiction is established if the non-resident defendant's alleged liability arises from or is related to activity conducted within the forum. Kluin, 56 P.3d at 835. The "touchstone" of jurisdictional due process analysis is "purposeful availment." Rainy Day Books, 186 F.Supp.2d, at 1162-1163; Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d

777, 784 (Tex. 2005) (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). "[I]t is essential in each case that there be some act by which the defendant 'purposefully avails' itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 785 (quoting Hanson, 357 U.S. at 253). There are three important aspects to be considered in evaluating purposeful availment. "First, it is only the defendant's contacts with the forum that count: purposeful availment 'ensures that a defendant will not be haled into a jurisdiction solely as a result of ... the unilateral activity of another party or a third person.' " Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Second, the acts relied upon must be "purposeful" rather than "random, isolated or fortuitous." Id. (quoting Keeton v. Hustler Magazine Inc., 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)). Third, a defendant must seek some benefit, advantage or profit by "availing" itself of the jurisdiction. By invoking the benefit and protections of a forum's laws, a nonresident consents to suit there. Id. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). By contrast, a nonresident may purposefully avoid a jurisdiction by structuring its transactions so as neither to profit from the forum's laws nor be subject to its jurisdiction. Id. (citing Burger King, 471 U.S., at 473). In addition to minimum contacts, the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. Rainy Day Books, 186 F.Supp.2d, at 1161; BMC Software, 83 S.W.3d, at 795 (citing Int'l Shoe, 326 U.S., at 316). The following factors are considered in making that determination: (1) the burden on the nonresident defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining

the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering substantive social policies. World-Wide Volkswagen, 444 U.S., at 292; Guardian Royal Exchange Assur., Ltd. v. English China Clays, 815 S.W.2d 223, 231 (Tex. 1991).

Internet use falls into three categories on a sliding scale, for purposes of the minimum contacts component of the due process analysis for exercising personal jurisdiction over a non-resident defendant. At one end of scale are web sites clearly used for transacting business over the internet, such as entering into contracts and knowing and repeated transmission of files of information, which are sufficient to establish minimum contacts with a state. On other end of spectrum are "passive" web sites that are used only for advertising over the internet and are not sufficient to establish minimum contacts even though they are accessible to residents of a particular state. In the middle are "interactive" web sites that allow "exchange" of information between a potential customer and the host computer alone, and in those instances, jurisdiction in cases involving a mildly interactive web site is determined by degree of interaction. Mink v. AAAA Dev. LLC., 190 F.3d 333, 336 (5th Cir.1999).[1] Either way, Various, Inc.'s internet-based activities directed at plaintiff in Louisiana and in an effort to supply information about plaintiff to other Louisiana consumers constitutes the basis of this lawsuit and is more than adequate basis for personal jurisdiction. As will be shown, Various, Inc.'s use of a highly interactive web site and solicitations and sale of subscriberships to persons in Louisiana adequately support general

---

[1] The court in GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (U.S.D.C. D.C. Cir. 2000), ruled that general jurisdiction extending to claims unrelated to Web activity cannot be supported by an interactive Web site. Other courts have adopted a "sliding scale" approach that allows jurisdiction in direct proportion to the nature and quality of the commercial activity which the entity conducts over the Internet. Mink v. AAAA Development, 1 LLC, 190 F.3d 333 (5th Cir.1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir.1997).

Page -5-

jurisdiction, while Various, Inc.'s activities directed at plaintiff, via its highly interactive web site and internet search and display procedures and mechanisms and the resultant displays in Louisiana and resultant harms in Louisiana, adequately support specific jurisdiction as well. Below are but a select few cases addressing interactive web site jurisdiction and a contrast to passive web site cases declining jurisdiction.

In <u>Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.</u>, --- F.Supp.2d ----, 2006 WestLaw 205112 [U.S.D.C. E.D. Ky. 2006], the District Court found that it had personal jurisdiction over a non-resident automobile racing association in an action brought by the speedway, alleging monopoly of market for hosting national stock car racing events, pursuant to the Kentucky Long-Arm Statute. The association made its highly interactive web site available to Kentucky residents and it also had a syndicated radio program on Kentucky radio stations.

In <u>Wilen v. Alternative Media Net, Inc.</u>, Not Reported in F.Supp.2d, 2004 WestLaw 2823036 [U.S.D.C. S.D. N.Y. 2004], the court found that "personal jurisdiction has properly been asserted with respect to AltMedia because it uses its interactive Web site to transact business in New York, including the sale of membership interests in the site to New York users, and the claims here arise directly out of that transaction of business. (Compl., ¶¶ 10). Personal jurisdiction has properly been asserted with respect to Mr. Lovo because he actively controls the operation and content of the AltMedia web site."

In <u>Citigroup Inc. v. City Holding Co.</u>, 97 F.Supp.2d 549, 565-66 (U.S.D.C. S.D. N.Y. 2000), the court found specific personal jurisdiction under CPLR §§ 302(a)(1) where defendant's web sites were interactive, allowing, for example, customers in New York to apply for loans and

chat on-line.

In City of New York v. Cyco.Net, Inc., 383 F.Supp.2d 526 [U.S.D.C. S.D. N.Y. 2005], the court found personal jurisdiction stating: "Personal jurisdiction over the Teutenbergs comports with the requirements of New York CPLR § 302(a)(1) because Dirtcheapcigs.com engaged in purposeful activities in New York vis-a-vis its interactive web-site, Bensusan Restaurant Corp. v. King 126 F.3d 25 (2d Cir.1997); State of Washington, Dept. of Revenue v. WWW.Dirtcheapcig.com, 260 F.Supp.2d 1048, ... [footnotes omitted]."

By substantial contrast, consider the passive internet web site cases: Broussard v. Deauville Hotel Resorts, Inc., 1999 U.S.Dist.Lexis 12716 [U.S.D.C. E.D. La. 8/12/99]; and Mid City Bowling & Sports Palace v. Ivercrest, 35 F.Supp.2d 507 [U.S.D.C. E.D. La. 1999]. In Broussard, the court had the option of transferring the action upon finding a lack of personal jurisdiction. The Louisiana Federal District Court found a passive internet web site lacking in characteristics sufficient to find that defendant used its web site to purposefully direct its activities at the forum state. The Mid City Bowling & Sports Palace court also considered a plainly passive web site used for advertising and granted defendant's motion to dismiss for lack of personal jurisdiction. This case involved alleged patent and trademark infringement violations. The court found Louisiana's Long Arm statute, La. R.S. 13:3201 could not be satisfied by plaintiff's offer of evidence. Plaintiff claimed defendant's "use of its [plaintiff's] registered mark on an internet web site available to computer users throughout the country and in Louisiana" conferred personal jurisdiction. The Court rejected plaintiff's argument and dismissed the lawsuit for lack of personal jurisdiction over the defendant. In addition to the two Louisiana-based authorities, there are other Texas cases likewise holding that a passive [or mildly interactive] internet web site is insufficient

to confer personal jurisdiction. Bursh v. Tidewater Marine Alaska, Inc., 1998 U.S.Dist.Lexis 1558 [U.S.D.C. E.D. Tex. 2/11/98]; Agar Corp. v. Multi-Fluid, Inc., 1997 U.S.Dist.Lexis 17121 [U.S.D.C. S.D. Tex. 6/25/97]; Mieczkowski v. Masco Corp., 997 F.Supp. 782 [U.S.D.C. E.D. Tex. 1998]. Also by contrast, in Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 [9th Cir. 1997], the defendant operated a passive web site for advertising purposes and which does not involve interactive communication. The Ninth Circuit noted that Cybersell's passive web site was "simply not aimed intentionally [at the forum state] knowing that harm was likely to be caused there." Id. at 420. The Ninth Circuit noted that plaintiff must show that the defendant entity purposefully directed its activity in a substantial way at the forum state. Id. at 418. Further, in Rio Properties, Inc. v. Rio International Interlink, 2002 U.S.App.Lexis 4392 [9th Cir. 2002], a business advertising on the internet was sued in a foreign state and plaintiff asserted that defendant's web site conferred personal jurisdiction. The Ninth Circuit, here, found that operating a passive, informational web site or an internet advertisement cannot ever confer jurisdiction. The court found that "something more" is required. The court found that "something" would involve evidence that defendant's conduct was directly targeted at the forum state and its resident. The court found that defendant had also run radio and print advertisements to lure Nevada residents to visit defendant's interactive, internet gaming site. Visitors could play games, place wagers and win monies. Defendant's advertisement in Nevada, by radio and print, were directed specifically at Nevada residents and other persons visiting Nevada, while present in Nevada. Also by contrast, in Remick v. Manfredy, 52 F.Supp.2d 452, 457 [U.S.D.C. E.D. Pa. 1999], reversed on other grounds, 238 F.3d 248 [3rd Cir. 2001], the court considered whether a law firm's web site subjected it to personal jurisdiction in the forum state. The court found the

law firm's web site was "passive" and found that there was no evidence that the web site was interactive. Further, there was no evidence that the web site offered anything other than general information and advertising. The court specifically noted that advertising on the internet does not constitute continuous and substantial contacts with the forum state and would not support personal jurisdiction.

### Second Defense - Venue

Defendant alleged improper venue yet brought no motion to dismiss for want of proper venue. Defendant waived venue, if it could have been validly contested. Glater v. Eli Lilly & Co., 712 F.2d 735, 738 [1st Cir. 1983]; Swaim v. Moltan Co., 73 F.3d 711, 718 fn.4 [7th Cir. 1996].

### Third Defense - No Cause of Action

This is plainly insufficient as a defense. Plaintiff has alleged a cause of action and multiple causes at that.

### Fifth Defense - Dormant Commerce Clause

This case does not assert a state regulation relative to the operation of defendant's interstate business activities. This purported defense is baseless.

### Sixth Defense - Laches

Laches is a defense that contending that a plaintiff failed to take action resulting in an "inexcusable delay and resulting prejudice [to establish a laches defense]." Imperial Chemicals Ltd. v. PKB Scania (USA), Inc., --- So.2d ----, 2006 WestLaw 400085 (La. App. 1 Cir. 2/22/06). Defendant has frivolously asserted laches as a defense. There is no basis for such a contention.

### Seventh Defense - Equitable Estoppel

Equitable estoppel is the common "other name" for laches and is a defense contending that

plaintiff failed to take action resulting in prejudice to the defendant. <u>Paul v. New Orleans Police Dept.</u>, 687 So.2d 589 (La. App. 4 Cir. 1997). Defendant has frivolously asserted estoppel as a defense. There is no basis for such a contention.

### Eighth Defense - Accord & Satisfaction

Apparently these terms mean something different outside of Louisiana. Plainly, plaintiff has not settled with Various, Inc., or released them or otherwise been satisfied in any way based on the claims asserted. Defendant has frivolously asserted accord and satisfaction as a defense. There is no basis for such a contention.

### Ninth Defense - Release

Again, apparently the term "release" means something different outside of Louisiana. Plaintiff has not released the defendant[s] or otherwise been settled the claims asserted. Defendant has frivolously asserted release as a defense. There is no basis for such a contention.

### Tenth Defense - Waiver

Plaintiff has not waived any claims. There are no prerequisites to suit for which plaintiff failed to satisfy. Indeed, no such restrictions exist, ex., arbitration, etc. Defendant has frivolously asserted waiver as a defense. There is no basis for such a contention.

### Eleventh Defense - Free Speech

In fact, defendant's conduct constitutes less-protected commercial speech and the defense of "free speech" does not come into play in this case. Defendant has frivolously asserted free speech as a defense. There is no basis for such a contention.

### Twelfth Defense - Unclean Hands

It is unclear what defendant suggests by raising the equitable doctrine of unclean hands.

Defendant has frivolously asserted estoppel as a defense. There is no basis for such a contention.

### Thirteenth Defense - Free Competition

Plaintiff's suit is not a challenge to defendant's competitive position in its unique industry. Defendant has frivolously asserted free competition as a defense. There is no basis for such a contention.

### Fourteenth Defense - Statute of Limitations [Prescription]

Next, defendant claims plaintiff's suit is untimely. How so? It was clearly brought within one year of learning of the matters alleged. Defendant has frivolously asserted statute of limitations [liberative prescription] as a defense. There is no basis for such a contention.

### Eighteenth Defense - Plaintiff Fault

Defendant next suggests that plaintiff herself is at fault for causing the events complained of. Defendant has frivolously asserted comparative fault on the part of plaintiff as a defense. There is no basis for such a contention.

### Nineteenth Defense - Failure to Mitigate

Defendant next suggests that plaintiff failed to mitigate her damages complained of. How was plaintiff to do more? She notified defendant, who has and had sole control over its web site. Defendant has frivolously asserted failure to mitigate on the part of plaintiff as a defense. There is no basis for such a contention.

### Twentieth Defense - Speculative Damages

This is not a defense at all. If defendant contends that plaintiff's damages are not compensable, then that is not an affirmative defense.Defendant next suggests that plaintiff herself is at fault for causing the events complained of. Defendant has frivolously asserted speculative

damages as a defense. There is no basis for such a contention.

### Twenty-First Defense - Due Process

Defendant next claims that the intentional conduct claims violate "due process." Defendant has frivolously asserted a due process defense. There is no basis for such a contention.

### Twenty-Second Defense - Privacy [ECPA and California]

Defendant next asserts federal and state privacy laws as a defense. Defendant has frivolously asserted privacy laws as a defense. There is no basis for such contentions.

### Twenty-Third Defense - California Constitutional Privacy

Defendant next asserts the California Constitution as a defense. Defendant has frivolously asserted its home-state constitution as a defense. There is no basis for such contentions.

### Twenty-Fourth Defense

Last but not least, defendant claims that its own "use and privacy policy" is somehow a defense to plaintiff's claims. It is not. Defendant has frivolously asserted its own terms and use as a defense. There is no basis for such contentions. Plaintiff has not consented to defendant's use and privacy policy.

### Baseless Claim For Attorneys' Fees and Costs

There is no basis whatsoever for counter-claims against plaintiff. Defendant's Answer has been filed in bad faith. Plaintiff's attorneys' fees and costs in filing this motion to strike should be awarded upon application, if permitted.

Plaintiff respectfully submits that this motion should be granted and the relief requested be ordered, including the striking of the Answer and defenses asserted by Various, Inc., and an Order to Various, Inc., to re-plead its Answer accordingly.

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____
**DAVID A. SZWAK, LBR #21157, TA**
509 Market Street, 7th Floor
United Mercantile Building
P.O. Box 1015
Shreveport, Louisiana 71101
(318) 221-6444
FAX 221-6555
www.bjswlaw.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed, by first class mail, properly addressed, with prepaid postage affixed, to opposing counsel of record, on this the 7th day of MARCH, 2006.

_____
DAVID A. SZWAK