Landry-Bell v. Various Inc et al Doc. 29



UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

SHELLY LANDRY-BELL,

Plaintiff,

vs.

VARIOUS, INC. and ZACH WILHELM,

Defendants.

Civil Action No. CV05-1526 S

Judge Stagg
Magistrate Judge Hornsby

**DEFENDANT VARIOUS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND DEFENSES [Fed.R.Civ.P. 12(f)]**



Dockets.Justia.com

## TABLE OF CONTENTS


**I. Introduction And Summary Of Case** 2

**II. Argument** 4

**A. Standard On A Motion To Strike** 4

**B. Plaintiff's Motion To Strike Should Be Denied For Failure To Meet And Confer.** 6

**C. Plaintiff's Motion To Strike Should Be Denied Because It Lacks Merit.** 6

1. First Affirmative Defense—Personal Jurisdiction 7
2. Third Affirmative Defense—Failure To State A Claim 7
3. Fifth Affirmative Defense—Dormant Commerce Clause 8
4. Sixth Affirmative Defense—Laches 8
5. Seventh Affirmative Defense—Equitable Estoppel 8
6. Eighth Affirmative Defense—Accord & Satisfaction 9
7. Ninth Affirmative Defense—Release 9
8. Tenth Affirmative Defense—Waiver 9
9. Eleventh Affirmative Defense—Free Speech 9
10. Twelfth Affirmative Defense—Unclean Hands 9
11. Thirteenth Affirmative Defense—Free Competition 10
12. Fourteenth Affirmative Defense—Statute of Limitations 10
13. Eighteenth Affirmative Defense—Plaintiff's Own Negligence or Wrongdoing 10
14. Nineteenth Affirmative Defense—Failure to Mitigate 11
15. Twentieth Affirmative Defense—Speculative Damages 11
16. Twenty-First Affirmative Defense—Due Process 11
17. Twenty-Second Affirmative Defense—Privacy 11
18. Twenty-Third Affirmative Defense—California Constitutional Privacy 11
19. Twenty-Fourth Affirmative Defense—Terms Of Use And Privacy Policy 12
20. Claim For Attorneys' Fees and Costs 12

**D. In the Alternative, Defendant Should Be Granted Leave To Amend Its Answer.** 12

**III. CONCLUSION** 12

# TABLE OF AUTHORITIES

**Cases**

Abramson v. Florida Gas Transmission Co., 908 F.Supp. 1383, 1386 (E.D.La. 1995) ................. 5

Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) ........................................................................................................................ 5, 7

BMW of North America, Inc. v. Gore, 517 U.S. 559, 562 (1996) ............................................. 12

Boyd v. U.S., 861 F.2d 106, 108-109 (5th Cir. 1988) .......................................................... 5, 7, 9

Dah Chong Hong, Ltd. V. Silk Greenhouse Flowers, Inc., 719 F.Supp. 1072, 1073 (M.D.Fla. 1989) .......................................................................................................................... 6

Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D.CA. 2000) ............................................... 6

Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 367 (5th Cir. 2001) ................... 13

OKC Corp. v. Williams, 461 F.Supp. 540, 550 (D.C.Texas 1978) ............................................... 6

Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) ............................................... 5

State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416-417 (2003) ............................. 12

Texeramics, Inc. v. U.S., 239 F.2d 762 (5th Cir. 1957)........................................................... 5, 7

Town of River Junction v Maryland Casualty Company, 110 F.2d 278, 280 (5th Cir. 1940) .... 5, 7

**Statutes**

Communications Decency Act (“CDA”), 47 U.S.C. § 230 ............................................ 3, 7, 8, 10

Fed.R.Civ.P. 15(a) ...................................................................................................... 12

**Treatises**

35A *Corpus Juris Secondum,* Federal Civil Procedure, § 506 (2005)......................................... 6

## DEFENDANT VARIOUS, INC.'S OPPOSITION TO MOTION TO STRIKE

Defendant Various, Inc. ("Various") respectfully submits the following Opposition to plaintiff's Motion to Strike Answer and Defenses Filed by Various, Inc.:

### I. Introduction And Summary Of Case

Plaintiff filed its motion to strike Various' answer and affirmative defenses—a type of motion that is generally disfavored—without making any meaningful attempt to meet and confer with lead counsel on the matter. In addition, plaintiff's motion lacks merit because Various' answer and affirmative defenses sufficiently plead valid defenses to plaintiff's claims. Many of the defenses raised by Various (such as, for example, waiver, release, personal jurisdiction, and other defenses) are clearly justified and at issue in light of the Terms of Use of Various' websites, which was pled in Various' Answer. These Terms of Use are binding upon all users and viewers of the websites.[1] See Terms of Use, attached as Exhibit D, to the Declaration of Ira P. Rothken, filed herewith.

Plaintiff is a woman who claims that her former boyfriend, defendant Zach Wilhelm, posing as plaintiff, posted personal advertisements on defendant Various, Inc.'s ("Various") websites which put her in a damaging light.[2] These advertisements allegedly falsely claimed that plaintiff was seeking sexual encounters with men and women.

It appears that in this case either plaintiff is a registered user of Various' websites who posted the content at issue in this case herself but later had second thoughts about it, or else an imposter registered as her on Various' websites and posted the allegedly offending content, as she claims. At this early point in the case, prior to the conduct of discovery, and without the alleged impostor co-defendant Zach Wilhelm having entered the case, it is impossible for Various to determine which of these scenarios is true. Various, as an interactive computer service

---

[1] The binding effect on plaintiff of Various' websites Terms of Use is a matter that will undoubtedly be litigated in this case. Related issues include choice of law, jurisdiction and the necessity of arbitrating disputes. At this time it appears that either plaintiff herself or someone pretending to be her registered as a user of Various' dating services websites. Until discovery occurs, Various should be permitted to plead alternative defenses in this case, including (without limitation) plaintiff's contractual agreement to all Various' web sites' terms of use.

[2] Plaintiff's former boyfriend has not yet appeared in this case, but on January 5, 2006 plaintiff filed a return of service for substitute service made on him in New York on December 30, 2005. (See Docket, Document 18). Plaintiff may face jurisdictional hurtles in attempting to prosecute her case against her former boyfriend. This may be why she is seeking redress from Various.

provider, cannot and should not be required to be the arbiter of these facts. Indeed, this is the point of the immunity granted by the Communications Decency Act ("CDA"), 47 U.S.C. § 230, to interactive computer service providers against liability for content provided by third parties. There is just not a way for a provider of interactive service such as Various to absolutely ensure that a registrant is who he purports to be, and it would be an unreasonable and prohibitive burden to place such an obligation on interactive service providers.[3] Neither can interactive service providers be expected to determine what content posted on their sites might be defamatory. In part because of these consideration, and because of interactive services' high social and economic value, Congress decided to grant service providers immunity from liability for content provided by third parties by enacting the CDA. For purposes of the within Motion To Strike, Various should be permitted at this early stage of the case to plead alternative defenses, including defenses that would apply should it turn out that plaintiff's apparent registration on Various' websites in fact turns out to be what it appears to be on its face.

Plaintiff's Complaint, filed September 8, 2005, contains no specified counts or claims for relief. It specifies no particular state or federal statutory or common law causes of action, or any statutory or common law bases for its claims. Nor does it state a basis for avoiding the immunity granted interactive computer service providers, such as Various, under the Communications Decency Act, 47 U.S.C. § 230. Nevertheless, plaintiff's complaint appears to make claims for damages for mental distress and related injuries, for punitive/exemplary damages and for attorneys' fees (without stating any basis), costs and interest.

Various filed a motion to dismiss the complaint. This Court rejected the Magistrate Judge's recommendation to dismiss for failure to state a claim, stating that "although the complaint is scant in details and allegations that would result in liability for Various," the allegations were "sufficient, because of our notice pleading regime, to suffice under Rule 12(b)(6)."

Various filed its Answer on or about February 21, 2006. On or about Thursday, March 2,

---

[3] Even requiring a credit card for identification is not fool-proof as the prevalence of identity theft and computer card fraud on the Internet attests.

2006, Ira P. Rothken, lead counsel for Various received for the first time a communication from plaintiff's counsel stating that he planned to file the within motion to strike the next day, March 3, 2006, unless the answer was withdrawn and its claimed defects cured. This communication was a "cc" of a fax to local counsel made the same day. (See Declaration of Ira P. Rothken In Support of Opposition To Motion To Strike ("Rothken Decl."), ¶ 2, Ex. A). Prior to sending this fax to defense counsel, plaintiff's counsel had not attempted to discuss this matter with Various' lead counsel Ira Rothken. (Rothken Decl., ¶ 3). Defendant's counsel Ira Rothken was not able to actually read the fax until approximately 10:00 p.m. that Thursday evening, March 2. (Rothken Decl., ¶ 4). That same night, he caused a letter to be sent by facsimile to plaintiff's counsel, advising him that he would be in court on Friday on a class action matter, and would be busy the following Monday, as his office was being moved. He requested a brief extension of the one day deadline to confer regarding the Motion To Strike, and proposed that the parties speak about it the following Tuesday or Wednesday. (Rothken Decl., ¶ 4, Ex. B).

On Monday, March 6, 2006, plaintiff's counsel communicated his refusal to confer on the matter, and his determination to file the motion without any discussion between the parties. (Rothken Decl., ¶ 5, Ex. C). Defense counsel again attempted to prevail upon plaintiff's counsel to discuss the issues raised, and proposed a stipulation permitting defendant to file an amended answer. (Id.). Plaintiff's counsel continue to refuse to discuss the matter, and filed the within motion to strike without affording the parties an opportunity to attempt to informally resolve it. (Id.).

The within Motion to Strike was both filed without a proper opportunity to discuss resolution of its issues, and lacks merit. Various sufficiently stated valid defenses in its Answer, and, at a minimum, should be permitted the benefit of the same liberal "notice pleading regime" afforded plaintiff for its vague and scantily pled complaint. Various respectfully requests that plaintiff's motion to strike be denied.

## II. Argument

### A. Standard On A Motion To Strike

Federal Rule of Civil Procedure 12(f) authorizes an order striking from any pleading "any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Motions to strike are generally regarded with disfavor, both because they are often used as delaying tactics and because of the limited role of pleadings in federal practice, where "notice pleading" is the rule. See Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). The Fifth Circuit has long followed the rule that motions to strike should rarely be granted:

> "'Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.' [Citation omitted].A disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts are generally not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination of the merits."

Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962). *See also* Abramson v. Florida Gas Transmission Co., 908 F.Supp. 1383, 1386 (E.D.La. 1995) ("Striking a pleading is a drastic remedy to be used only when the purposes of justice so require.")

On a motion to strike, the facts pleaded in an answer must be taken as true. See Town of River Junction v Maryland Casualty Company, 110 F.2d 278, 280 (5th Cir. 1940); Texeramics, Inc. v. U.S., 239 F.2d 762 (5th Cir. 1957). A contention that a pleading is false is not proper on a motion to strike, and is not grounds for striking an answer under Rule 12. See Boyd v. U.S., 861 F.2d 106, 108-109 (5th Cir. 1988).

As with a motion to dismiss for failure to state a claim, the grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the court may judicially notice. Dah Chong Hong, Ltd. V. Silk Greenhouse Flowers, Inc., 719 F.Supp. 1072, 1073 (M.D.Fla. 1989). On a motion to strike, as with a motion to dismiss for failure to state a claim, the court must view the pleading under attack in the light most favorable to the pleader. Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D.CA. 2000).

An affirmative defense should not be stricken on a motion to strike unless it can be shown that no evidence in support of the allegation would be admissible; that is, that the defense is totally insufficient as a matter of law. See 35A *Corpus Juris Secondum,* Federal Civil Procedure, § 506 (2005). A pleading may only be stricken on the grounds it is "impertinent" if it is entirely immaterial. See OKC Corp. v. Williams, 461 F.Supp. 540, 550 (D.C.Texas 1978). A pleading may be stricken on the grounds it is "scandalous" only if it casts an excessively adverse light on the character of an individual or party. Id. Unless the matter for which the motion to strike is made bears no possible relation to the controversy or may cause the objecting party prejudice, a motion to strike should be denied. Id.

In the instant case, plaintiff's motion to strike the answer and affirmative defenses should be denied. Plaintiff filed the motion to strike without a proper process of meeting and conferring with defense counsel. Various' affirmative defenses are sufficiently stated, are pertinent to plaintiff's claims, and are capable of being proven by admissible evidence. In addition, nothing in the answer is redundant, impertinent, immaterial or scandalous.

In the alternative, should any matters in the answer be found to be insufficiently pled, leave to amend the answer should be granted.

**B. Plaintiff's Motion To Strike Should Be Denied For Failure To Meet And Confer.**

Plaintiff failed to make any meaningful attempt to meet and confer with lead counsel regarding this matter before filing the within motion to strike. Defense counsel proposed a potential informal resolution of the matter, including (if appropriate) a stipulation to permit amendment of the answer, but was rebuffed by plaintiff's counsel. As a result, plaintiff is wasting this court's time and resources with a matter that could most likely have been resolved informally had a reasonable process of meeting and conferring occurred, as proposed by defense counsel. Plaintiff's motion to strike should be denied as improvidently brought without a meaningful attempt to resolve the dispute without the court's intervention.

**C. Plaintiff's Motion To Strike Should Be Denied Because It Lacks Merit.**

Plaintiff's motion to strike should also be denied because it lacks merit. As stated above,

a motion to strike is a drastic measure and should only be granted where the pleading at issue has no possible relation to the controversy, and justice requires it. Augustus v. Board of Public Instruction of Escambia County, Fla., supra. In the instant case, all of the pleadings at issue are related to the matter in controversy. Defendant should be permitted to have the matter resolved on its merits, after discovery and the opportunity to present evidence, rather than on a motion to strike.

1. First Affirmative Defense—Personal Jurisdiction

In her motion to strike, defendant improperly argues at length (for approximately seven pages) that personal jurisdiction exists as a factual matter, presumably under Louisiana's "long-arm" statute. This is improper in a motion to strike, where the facts as pleaded must be taken as true. Town of River Junction v Maryland Casualty Company, supra; Texeramics, Inc. v. U.S., supra; Boyd v. U.S., supra.

In addition, plaintiff misses the fact that personal jurisdiction is an issue in this case because of Various' Terms of Use, which were pled in the Answer (and are thefore subject to judicial notice), and which govern any user or viewer of Various's websites. (See Answer, Affirmative Defense No. 24; Terms of Use, attached as Exhibit D to the Rothken Decl.).

Paragraph 12 of Various' Terms of Use provide that any user (including a viewer) of a Various website agrees to submit to the exclusive jurisdiction in Santa Clara County, California. According to Various' information, plaintiff is a registered user of its Friendfinder personal advertising web site. Even if this turns out not to be the case, she may be otherwise bound by the Terms of Use, such as by otherwise using or viewing a Various web site. Therefore, jurisdiction, as affected by the Terms of Use, is a genuine issue in this case. Various should be permitted the opportunity to develop the facts on this issue through discovery, rather than having this defense peremptorily stricken.

2. Third Affirmative Defense—Failure To State A Claim

Te Third Affirmative Defense states a valid defense due to the immunity granted by the Communications Decency Act ("CDA"), 47 U.S.C. § 230. Although this Court rejected the Magistrate Judge's recommendation to grant defendant's Rule 12(b)(6) motion, it did so on the

grounds that "greater factual development as to the actions of Various is necessary." Greater factual development will show that the CDA's grant of immunity to interactive computer services fully applies here, and that, therefore, plaintiff can state no claim against Various in this case. In addition, plaintiff's complaint, with its utter failure to set forth any specific counts or causes of action, or any statutory or common law bases for any claims, is so vague that failure to state a claim is valid as a general defense in this case.

3. Fifth Affirmative Defense—Dormant Commerce Clause

The dormant commerce clause is a valid defense in this case, due to preemption by the Communications Decency Act. In light of Congress' granting of immunity as to information published on an interactive computer service, such as Various', the application of State law to find liability against Various would impose an unlawful burden upon interstate commerce. Subsection (b) of 47 U.S.C., § 230 states that it is the policy of the United States "to promote the continued development of the Internet and other interactive computer services and other interactive media" and to keep it "unfettered by Federal or State regulation" (subsections (b)(1) and (2)). This statement evinces the recognition by Congress that the imposition of varying state rules and regulations over businesses like Various' would create an untenable business environment and unconstitutionally burden Internet businesses like Various.'

4. Sixth Affirmative Defense—Laches

Plaintiff has no basis for asserting that defendant's assertion of this defense is "frivolous." A contention that a pleading is false is not proper on a motion to strike, and is not grounds for striking an answer under Rule 12. See Boyd v. U.S., 861 F.2d 106, 108-109 (5th Cir. 1988). It appears that the information that plaintiff claims damaged her had been published for a substantial period of time before she took any action regarding it, and that she may be responsible, in part, for its publication. Various should be permitted to investigate and develop the facts to support this defense through discovery, rather than have it peremptorily stricken at this time.

5. Seventh Affirmative Defense—Equitable Estoppel

As stated above, it appears that plaintiff may have failed to assert her rights in a timely fashion, causing prejudice to defendant. Accordingly, the defense of equitable estoppel is valid in this case. Plaintiff's mere assertion that the defense is "frivolous" because not supported by evidence is improper in a motion to strike. Various should be permitted to investigate and develop the facts to support this defense through discovery, rather than have it peremptorily stricken at this time.

6. Eighth Affirmative Defense—Accord & Satisfaction

Plaintiff's factual claim that there was no release or other satisfaction of all claims in this case is not proper in a motion to strike. In fact, the Terms of Use for Various' websites, which plaintiff appears to have agreed to by using or viewing the site, specifically contains releases of liability and disclaimers applicable to plaintiff, which plaintiff apparently agreed to. See Terms of Use, Rothken Decl., Ex. D, at ¶¶ 7, 10.

7. Ninth Affirmative Defense—Release

As stated above, plaintiff appears to be bound by the release and disclaimers contained in Various' Terms of Use. See Rothken Decl., Ex. D. Accordingly, this is a proper defense in this case. Various should be permitted to develop the facts to support this defense through discovery, rather than have it peremptorily stricken.

8. Tenth Affirmative Defense—Waiver

The Terms of Use also constitute a waiver of the claims plaintiff makes in this case. This is a valid defense here. See Rothken Decl., Ex. D.

9. Eleventh Affirmative Defense—Free Speech

Again, plaintiff merely asserts, without basis, that there is no factual basis for a First Amendment defense in this case. Yet plaintiff's claims appear to be primarily ones for defamation. That speech comes within the protection of the First Amendment is a valid defense to liable claims. Various should be permitted to develop the facts to support this defense through discovery, rather than have it peremptorily stricken.

10. Twelfth Affirmative Defense—Unclean Hands

This entire case is based upon purported postings by plaintiff or someone claiming to be

her. Based upon the information available to defendant at this time, plaintiff herself registered and caused the postings of which she now complains. As a threshold matter, it will be plaintiff's burden to prove otherwise. Unless and until she does so, the evidence as it exists now tends to prove she is guilty of "unclean hands" and that this is a valid defense in this case.

11. Thirteenth Affirmative Defense—Free Competition

As recognized by the Communications Decency Act, suits like the plaintiff's constitute a fundamental threat to free competition and the viability of Internet businesses such as defendant's. Subsection (b) of 47 U.S.C., § 230 states that it is the policy of the United States "to promote the continued development of the Internet and other interactive computer services and other interactive media" and to keep it "unfettered by Federal or State regulation" (subsections (b)(1) and (2)). Subsection(a) of 47 U.S.C., § 230 sets forth Congressional findings about the "extraordinary advance" the Internet provides in the availability of information resources (subsection (a)(1)), the importance of "a minimum of government regulation" to the Internet's "flourishing" (subsection (a)(4)), and the growing reliance of American on the Internet for "a variety of ... entertainment services" (subsection (a)(5)). These express statements by Congress, coupled with its grant of immunity to interactive computer service providers like defendant here, show Congress' recognition that lawsuits like plaintiff's impermissibly burden free competition in this area.

12. Fourteenth Affirmative Defense—Statute of Limitations

Contrary to plaintiff's unsupported statement in her Motion to Strike that her suit was "clearly brought within one year of learning of the matters alleged," there is no indication whatsoever in the complaint as to when plaintiff learned of the conduct of which she complains, or when such conduct occurred or ceased. Accordingly, the statute of limitations is a valid defense in this case, and defendant should be able to ascertain the relevant facts through discovery rather than have the defense peremptorily dismissed on a motion to strike.

13. Eighteenth Affirmative Defense—Plaintiff's Own Negligence or Wrongdoing

Again, this case arises from either plaintiff herself or someone pretending to be her

registering and using a Various personal advertising website. Defendant possesses a registration and content that appear to originate from plaintiff herself. Alternatively, plaintiff may have negligently permitted another access to her registration with Various. Plaintiff bears the burden of proving that the content she complains of did not come from her. Until she does so, plaintiff's own negligence or wrongdoing is a valid defense in this case.

14. Nineteenth Affirmative Defense—Failure to Mitigate

Plaintiff's argument for striking this defense is essentially that she did not fail to mitigate her damages. This argument is based on her factual allegations, which give rise to a factual dispute but will not support a motion to strike. Where factual allegations are in conflict, and a valid defense is presented, as here, a motion to strike should be denied.

15. Twentieth Affirmative Defense—Speculative Damages

Courts cannot award damages when the damages claimed are speculative. Plaintiff has failed to allege her damages with specificity, and there is reason to believe that she cannot prove them with specificity either. The speculativeness of her damages is a valid defense in this case.

16. Twenty-First Affirmative Defense—Due Process

Defendant has a valid due process defense to plaintiff's claim for punitive damages. The United States Supreme Court has unequivocally held that the imposition of excessive punitive damages is prohibited by due process. See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416-417 (2003); BMW of North America, Inc. v. Gore, 517 U.S. 559, 562 (1996).

17. Twenty-Second Affirmative Defense—Privacy

Defendant has a valid privacy defense under both federal and California privacy laws. Under the Terms of Use, apparently agreed to by plaintiff, she agreed to be governed by California law (see paragraph 12, Terms of Use, Ex. ___ to Rothken Decl.). To the extent plaintiff complains about defendant's alleged failure to cooperate with her request for information as to the source of postings regarding plaintiff on defendant's web sites, defendant has the defense of its obligation to refrain from violating the privacy rights of registrants, members and users of defendant's sites.

18. Twenty-Third Affirmative Defense—California Constitutional Privacy

As stated above, the facts tend to show, based upon plaintiff's apparent registration with plaintiff's website, that plaintiff agreed to be governed by California law—including its privacy laws—in any dispute with plaintiff (see paragraph 12, Terms of Use, Ex. D to Rothken Decl.). To the extent plaintiff complains about defendant's alleged failure to cooperate with her request for information as to the source of postings regarding plaintiff on defendant's web sites, defendant has the defense of its obligation to refrain from violating the privacy rights of registrants, members and users of defendant's sites.

19. Twenty-Fourth Affirmative Defense—Terms Of Use And Privacy Policy

As explained above, the evidence in the possession of defendant tends to show that plaintiff herself agreed defendant's terms of use and privacy policy by registering or at least using defendant's web site. This is a factual matter in dispute, which it is improper to resolve on a motion to strike. Defendant should be permitted to investigate and develop its defenses through the use of discovery, rather than having defenses foreclosed to it or stricken before any discovery has occurred.

20. Claim For Attorneys' Fees and Costs

Defendants' claim for attorneys' fees and costs parallels plaintiff's claim for attorneys' fees and costs in her complaint. Any such claims would be presumably reciprocal: if plaintiff is entitled to attorneys' fees should she prevail on her claims, than defendant should be entitled to the same, or due process would be violated.

**D. In the Alternative, Defendant Should Be Granted Leave To Amend Its Answer.**

In the event this Court finds that any part of defendant's answer is improper or that any defense is insufficiently stated, defendant respectfully requests leave to file an amended answer. Leave to amend should be freely granted. Fed.R.Civ.P. 15(a); Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 367 (5th Cir. 2001).

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendant's answer and affirmative defenses should be denied. Various' answer contains valid and sufficiently pled affirmative

defenses. A Motion To Strike should not be use to prematurely decide factual issues and foreclose valid defenses, particularly where, as here, no discovery has as yet occurred.

In the alternative, defendant should be granted leave to amend its answer.

Dated: March 22, 2006 ________/s/________________
Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)

Dated: March 22, 2006 ________/s/________________
Bennett L. Politz (LSBA Bar No. 10573)
Attorneys for Defendant Various, Inc.

Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
ROTHKEN LAW FIRM
1050 Northgate Drive, Suite 520
San Rafael, CA 94903
Tel: (415) 924-4250
Fax: (415) 924-2905
Email: ira@techfirm.com

Local Counsel:
Bennett L. Politz (LSBA Bar No. 10573)
Booth Lockard Politz & LeSage LLC
920 Pierremont Road, Suite 103
P. O. Drawer 1092
Shreveport, LA 71163
(318) 222-2333
(318) 221-1035 (fax)
email: blp@blpld.com

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2006, a copy of the foregoing **DEFENDANT VARIOUS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND DEFENSES** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ira P. Rothken and Bennett L. Politz by operation of the court's electronic filing system. I also certify that I have faxed and mailed by United States Postal Service, postage prepaid, this filing to the following non-CM/ECF participants:

David A Szwak
Bodenheimer Jones & Szwak
509 Market St Ste 730
Shreveport, LA 71101
Tel: 318-221-6444
Fax: 318-221-6555

Dated: March 22, 2006

__________/s/_______________

Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 224
Novato, CA 94949
Tel: (415) 924-4250
Fax: (415) 924-2905
Email: ira@techfirm.com