UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SHELLY LANDRY-BELL, | Civil Action No. CV05-1526 S |
| Plaintiff, | Judge Stagg<br>Magistrate Judge Hornsby |
| vs. | **DECLARATION OF IRA P. ROTHKEN IN** |
| | **SUPPORT OF DEFENDANT VARIOUS,** |
| VARIOUS, INC. and ZACH WILHELM, | **INC.'S OPPOSITION TO PLAINTIFF'S** |
| | **MOTION TO STRIKE ANSWER AND** |
| | **DEFENSES** |
| Defendants. | **[Fed.R.Civ.P. 12(f)]** |

## DECLARATION OF IRA P. ROTHKEN

I, Ira P. Rothken, declare:

1.     I am an attorney at law licensed to appear before all the courts of the State of California and admitted *pro hac vice* to practice before this court in the above-captioned case. I represent defendant Various, Inc. ("Various"), and am lead counsel for Various, in the above-captioned case. I make this declaration in support of defendant Various, Inc.'s opposition to plaintiff's motion to strike Various' answer and affirmative defenses filed in this case. All statements made herein are on personal knowledge. If called as a witness, I could competently testify as to the matters stated herein.

2.     Various filed its answer in this case on or about February 21, 2006. On or about Thursday, March 2, 2006, I received for the first time a communication from counsel for plaintiff regarding Various' answer, in the form of a facsimile letter. In this letter, plaintiff's counsel stated that he planned to file the within motion to strike the next day, March 3, 2006, unless the answer was withdrawn and its claimed defects cured. A true and correct copy of plaintiff's counsel's facsimile letter is attached hereto as Exhibit A.

3.     Prior to sending the facsimile letter attached hereto as Exhibit A, plaintiff's counsel did not discuss his planned motion to strike, or his complaints about Various' answer,

1

Dockets.Justia.com

with myself. On information, plaintiff's counsel spoke with local counsel for defendant, Bernard L. Politz, Esq. the day prior to sending this letter to me, and local counsel advised him to communicate with me directly about the matter.

4.    Because I was out of my office on March 2, 2006, I was not able to actually read the facsimile sent by plaintiff's counsel (attached as Exhibit A) until approximately 10:00 p.m. that evening. That same night, I caused a letter to be sent by facsimile to plaintiff's counsel, advising him that I would be in court the next day, Friday, March 3, 2006, on a class action matter, and would be busy the following Monday, as my office was being moved. I requested a brief extension of the one day deadline to meet and confer regarding plaintiff's planned Motion To Strike, and proposed that the parties speak about it the following Tuesday or Wednesday. A true and correct copy of this letter is attached hereto as Exhibit B.

5.    On Monday, March 6, 2006, plaintiff's counsel communicated to me, by e-mail, his refusal to meet and confer on the matter, and his determination to file the motion without any discussion between the parties. A true and correct copy of this e-mail from plaintiff's counsel is attached hereto as Exhibit C. I again attempted, in an e-mail I sent to plaintiff's counsel, to prevail upon plaintiff's counsel to meet and confer, and proposed a stipulation permitting defendant to file an amended answer. A true and correct copy of this email is contained in Exhibit C, attached hereto. Plaintiff's counsel continue to refuse to meet and confer, and filed the within motion to strike without affording the parties an opportunity to informally resolve the matter.

6.    Various' answer refers to its Terms of Use (see Answer, Affirmative Defense No. 24), which regulate the use of its web sites and which are displayed and available on its web sites, including the web sites at issue in this case. Various' Terms of Use, in substantially the same form and containing the same material terms as they existed at all times relevant to this case, can be found on the Internet at the following Internet address (URL): http://friendfinder.com/go/page/terms_of_use.html. A true and correct copy of these Terms of Use is attached hereto as Exhibit D. Various requests that this court take judicial notice of its Terms of Use, pursuant to Federal Rules of Evidence, Rule 201.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that I executed this declaration in San Rafael, California on March 22, 2006.

By:    _____/S/_____
          Ira P. Rothken, Esq.

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2006, a copy of the foregoing **DECLARATION OF IRA P. ROTHKEN IN SUPPORT OF DEFENDANT VARIOUS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND DEFENSES** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Ira P. Rothken and Bennett L. Politz by operation of the court's electronic filing system.  I also certify that I have faxed and mailed by United States Postal Service, postage prepaid, this filing to the following non-CM/ECF participants:

      David A Szwak
      Bodenheimer Jones & Szwak
      509 Market St Ste 730
      Shreveport, LA 71101
      Tel: 318-221-6444
      Fax: 318-221-6555

Dated: March 22, 2006           _____/s/_____
           Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
           ROTHKEN LAW FIRM
           3 Hamilton Landing, Suite 224
           Novato, CA 94949
           Tel:  (415) 924-4250
           Fax: (415) 924-2905
           Email: ira@techfirm.com

EXHIBIT  A

————————— **ℒ** —————————

# BODENHEIMER, JONES & SZWAK

————————————————————

ATTORNEYS AT LAW

509 MARKET STREET, SUITE 730
P.O. BOX 1015
SHREVEPORT, LOUISIANA 71101
TELEPHONE (318) 221-6444
FACSIMILE (318) 221-6555
BJKS1507@AOL.COM

DAVID A. SZWAK

G.M. BODENHEIMER (1994)
J.W. JONES (2003)
——————————
OF COUNSEL
JAMES P. BODENHEIMER

March 2, 2006

Ben Politz, Esq.
920 Pierremont Road, Ste. 103
P.O. Box 1092
Shreveport, Louisiana 71163

      Re:    Shelly Landry-Bell vs. Various, Inc., and Zach Wilhelm; No.: CV05-1526; U. S.
               District Court Eastern District of TX; Our File No.: 05-105

Dear Ben:

      I enjoyed visiting with you today about the Answer filed by your client via Mr. Rothkin. I
prepared the attached Motion to Strike which I will file at 5:00 p.m., Friday, March 3, 2006, unless
your client agrees to withdraw its Answer and cure each defect by retracting the complained of
defense and counter-claims.

      I tried to reach Ira before calling you and I left a message.

                     Sincerely,

                     David A. Szwak

DAS/dt
Enclosure
cc:    Ira Rothken, Esq. (via fax only)

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division


SHELLY LANDRY-BELL,

                                    Plaintiff,


Versus                                              Civil Action No.
                                                        CV05-1526-S
                                                    **JURY DEMANDED**
VARIOUS INC., ET AL,                                JUDGE STAGG
                                    Defendants.     MAGISTRATE-JUDGE HORNSBY

### <u>MOTION TO STRIKE ANSWER AND DEFENSES FILED BY VARIOUS, INC.</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, SHELLY

LANDRY-BELL, respectfully seeks to have this Honorable Court strike the Answer and defenses

filed by Various, Inc., defendant, as follows:

1.

Although the facts of this case are likely to be well remembered by this Honorable Court,

plaintiff submits that her identity was stolen and defendants created, posted and redistributed in

mass false internet-based sexual solicitation ads bearing plaintiff's identity and some of her clothed

photos interspersed with other false content and cropped nude photos of other persons.

2.

This Honorable Court denied Various, Inc.'s Motion to Dismiss. <u>Landry-Bell v. Various,</u>

<u>Inc., et al</u>, 2006 WestLaw 273599 (W.D. La. 2006).

3.

Various, Inc., filed an Answer asserting 24 defenses most of which lack any merit and are

baseless and must be stricken. Further, Various, Inc., has alleged, without any basis whatsoever,

a claim for its attorneys' fees and costs. A large number of the defenses raised in its Answer, as

well as its counter-claims [for fees and costs] are not grounded in law, and are insufficient,

immaterial, impertinent and even scandalous, as a matter of law.

4.

Plaintiff seeks an Order striking Various, Inc.'s Answer and defenses and an Order

requiring it to re-plead.

5.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff respectfully

moves this Honorable Court to strike the First, Second, Third, Fifth, Sixth, Seventh, Eighth,

Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Eighteenth, Nineteenth, Twentieth,

Twenty-First, Twenty-Second, Twenty-Third and Twenty-Fourth defenses raised by Various,

Inc., for the reasons shown herein and in the attached Memorandum and Support of Motion to

Strike submitted by plaintiff. Plaintiff further seeks to strike the baseless claim for attorneys' fees

and costs asserted by defendant, Various, Inc.

WHEREFORE PLAINTIFF PRAYS that this motion be granted and the relief requested

be ordered, including the striking of the Answer and defenses asserted by Various, Inc., and an

Order to Various, Inc., to re-plead its Answer accordingly.

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____

**DAVID A. SZWAK, LBR #21157**, TA
509 Market Street, 7th Floor
United Mercantile Building
P.O. Box 1015
Shreveport, Louisiana 71101
(318) 221-6444
FAX 221-6555
www.bjswlaw.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed, by first class mail, properly addressed, with prepaid postage affixed, to opposing counsel of record, on this the 3 day of MARCH ,2006.

_____
DAVID A. SZWAK

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,

                          Plaintiff,

Versus                                   Civil Action No.
                                         CV05-1526-S
                                         **JURY DEMANDED**

VARIOUS INC., ET AL,                     JUDGE STAGG
                 Defendants.    MAGISTRATE-JUDGE HORNSBY

CONSIDERING THE FOREGOING MOTION AND MEMO IN SUPPORT AND ANY
OPPOSITION THERETO AND THE RECORD AND LAW:

      IT IS HEREBY ORDERED THAT Plaintiff's Motion to Strike Answer and Defenses

Filed by Various, Inc., is hereby GRANTED and Various, Inc.'s Answer to Plaintiff's Complaint

is stricken and Various, Inc., is ordered to re-plead its Answer in conformity with the opinion of

this Honorable Court.

      Shreveport, Louisiana, this the _____ day of _____, 2006.


                                 _____

                                  J U D G E

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division


SHELLY LANDRY-BELL,

                                    Plaintiff,


Versus                                          Civil Action No.
                                                    CV05-1526-S
                                                **JURY DEMANDED**
VARIOUS INC., ET AL,                            JUDGE STAGG
                                    Defendants.  MAGISTRATE-JUDGE HORNSBY


### MEMO IN SUPPORT OF MOTION TO STRIKE
### ANSWER AND DEFENSES FILED BY VARIOUS, INC.

MAY IT PLEASE THE COURT:

    Plaintiff, SHELLY LANDRY-BELL, respectfully seeks to have this Honorable Court

strike the Answer and defenses filed by Various, Inc., defendant, as follows:

    Plaintiff submits that her identity was stolen and defendants created, posted and

redistributed in mass false internet-based sexual solicitation ads bearing plaintiff's identity and

some of her clothed photos interspersed with other false content and cropped nude photos of

other persons. This Honorable Court denied Various, Inc.'s Motion to Dismiss. Landry-Bell v.

Various, Inc., et al, 2006 WestLaw 273599 (W.D. La. 2006). Various, Inc., filed an Answer

asserting 24 defenses most of which lack any merit and are baseless and must be stricken.

Further, Various, Inc., has alleged, without any basis whatsoever, a claim for its attorneys' fees

and costs. A large number of the defenses raised in its Answer, as well as its counter-claims [for

fees and costs] are not grounded in law, and are insufficient, immaterial, impertinent and even

scandalous, as a matter of law. Plaintiff seeks an Order striking Various, Inc.'s Answer and

defenses and an Order requiring it to re-plead. Pursuant to Rule 12(f) of the Federal Rules of

Civil Procedure, Plaintiff respectfully moves this Honorable Court to strike the First, Second,

Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth,

Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third and Twenty-

Fourth defenses raised by Various, Inc., for the reasons shown herein and in the attached

Memorandum and Support of Motion to Strike submitted by plaintiff. Plaintiff further seeks to

strike the baseless claim for attorneys' fees and costs asserted by defendant, Various, Inc.

Unfortunately, the problem here is not uncommon. For example, in <u>Lamar v. Experian</u>

<u>Information Solutions, Inc.</u>, Not Reported in F.Supp.2d, 2005 WestLaw 1026573 [U.S.D.C. N.D.

Ill. 2005], counsel for Experian filed its answer and affirmative defenses to the complaint filed

against it by plaintiff. Experian's responsive pleading contained "more than one of the all-too-

common pleading sins..." The court entered a memorandum opinion and order issued sua sponte.

The court noted numerous pleading abuses, including Experian's raising of improper defenses and

claiming that it could not answer certain allegations and denying other allegations which it plainly

had knowledge to admit or deny. The court struck the pleading and ordered the Answer re-plead

with other sanctions. The same problem exists here in this case.

<u>First Defense - Personal Jurisdiction</u>

Defendant alleged lack of personal jurisdiction yet brought no motion to dismiss for want

of personal jurisdiction. Defendant waived personal jurisdiction, venue and service of process

defenses, if any could be validly asserted. <u>Glater v. Eli Lilly & Co.</u>, 712 F.2d 735, 738 [1st Cir.

1983]; <u>Swaim v. Moltan Co.</u>, 73 F.3d 711, 718 fn.4 [7th Cir. 1996].

Even if defendant could raise a defense to personal jurisdiction, it would be frivolous.

Defendant concedes that its web site is a "highly interactive" web site [par. 27, Answer] and that

maintains millions of subscribers. As seen from documentation submitted in opposition to

defendant's motion to dismiss, numerous subscribers reside in Louisiana and in this Judicial

District. Based both on general and specific personal jurisdiction, defendant may properly be

haled into court in Louisiana.

    The basic constitutional test is found in International Shoe Co. v. Washington, 326 U.S.

310 [1945], and questions: [1] whether a defendant has minimum contacts with the forum state

such that due process is satisfied and the contacts are sufficient to justify the assertion of personal

jurisdiction over the defendant; and [2] whether assertion of jurisdiction offends traditional

notions of fair play and substantial justice. Of course, the internet is different from traditional

territory-based personal jurisdiction analysis and deals with the place[s] of transmission and

place[s] of receipt of the transmissions. Rainy Day Books, Inc. v. Rainy Day Books & Café, 186

F.Supp.2d 1158, 1161 (U.S.D.C. Kan. 2002). Personal jurisdiction exists if the non-resident

defendant's minimum contacts give rise to either general or specific jurisdiction. Kluin v.

American Suzuki Motor Corp., 274 Kan. 888, 56 P.3d 829, 835 (Kan. 2002); Helicopteros

Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-414, 104 S.Ct. 1868, 80 L.Ed.2d 404

(1984). General jurisdiction is present when the defendant's contacts in a forum are continuous

and systematic so that the forum may exercise personal jurisdiction over the defendant even if the

cause of action did not arise from or relate to activities conducted within the forum state. Kluin,

56 P.3d, at 835. In contrast, specific jurisdiction is established if the non-resident defendant's

alleged liability arises from or is related to activity conducted within the forum. Kluin, 56 P.3d at

835. The "touchstone" of jurisdictional due process analysis is "purposeful availment." Rainy Day

Books, 186 F.Supp.2d, at 1162-1163; Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d

777, 784 (Tex. 2005) (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d

1283 (1958)). "[I]t is essential in each case that there be some act by which the defendant

'purposefully avails' itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws." Id. at 785 (quoting Hanson, 357 U.S. at 253).

There are three important aspects to be considered in evaluating purposeful availment. "First, it is

only the defendant's contacts with the forum that count: purposeful availment 'ensures that a

defendant will not be haled into a jurisdiction solely as a result of ... the unilateral activity of

another party or a third person.' " Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462,

475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Second, the acts relied upon must be "purposeful"

rather than "random, isolated or fortuitous." Id. (quoting Keeton v. Hustler Magazine Inc., 465

U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)). Third, a defendant must seek some

benefit, advantage or profit by "availing" itself of the jurisdiction. By invoking the benefit and

protections of a forum's laws, a nonresident consents to suit there. Id. (citing World-Wide

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). By

contrast, a nonresident may purposefully avoid a jurisdiction by structuring its transactions so as

neither to profit from the forum's laws nor be subject to its jurisdiction. Id. (citing Burger King,

471 U.S., at 473). In addition to minimum contacts, the exercise of personal jurisdiction must

comport with traditional notions of fair play and substantial justice. Rainy Day Books, 186

F.Supp.2d, at 1161; BMC Software, 83 S.W.3d, at 795 (citing Int'l Shoe, 326 U.S., at 316). The

following factors are considered in making that determination: (1) the burden on the nonresident

defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in

obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining

the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering substantive social policies. World-Wide Volkswagen, 444 U.S., at 292; Guardian Royal Exchange Assur., Ltd. v. English China Clays, 815 S.W.2d 223, 231 (Tex. 1991).

     Internet use falls into three categories on a sliding scale, for purposes of the minimum contacts component of the due process analysis for exercising personal jurisdiction over a non-resident defendant. At one end of scale are web sites clearly used for transacting business over the internet, such as entering into contracts and knowing and repeated transmission of files of information, which are sufficient to establish minimum contacts with a state. On other end of spectrum are "passive" web sites that are used only for advertising over the internet and are not sufficient to establish minimum contacts even though they are accessible to residents of a particular state. In the middle are "interactive" web sites that allow "exchange" of information between a potential customer and the host computer alone, and in those instances, jurisdiction in cases involving a mildly interactive web site is determined by degree of interaction. Mink v. AAAA Dev. LLC., 190 F.3d 333, 336 (5th Cir.1999).[1] Either way, Various, Inc.'s internet-based activities directed at plaintiff in Louisiana and in an effort to supply information about plaintiff to other Louisiana consumers constitutes the basis of this lawsuit and is more than adequate basis for personal jurisdiction. As will be shown, Various, Inc.'s use of a highly interactive web site and solicitations and sale of subscriberships to persons in Louisiana adequately support general

---

[1]     The court in GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (U.S.D.C. D.C. Cir. 2000), ruled that general jurisdiction extending to claims unrelated to Web activity cannot be supported by an interactive Web site. Other courts have adopted a "sliding scale" approach that allows jurisdiction in direct proportion to the nature and quality of the commercial activity which the entity conducts over the Internet. Mink v. AAAA Development, 1 LLC, 190 F.3d 333 (5th Cir.1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir.1997).

jurisdiction, while Various, Inc.'s activities directed at plaintiff, via its highly interactive web site and internet search and display procedures and mechanisms and the resultant displays in Louisiana and resultant harms in Louisiana, adequately support specific jurisdiction as well. Below are but a select few cases addressing interactive web site jurisdiction and a contrast to passive web site cases declining jurisdiction.

In <u>Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.</u>, --- F.Supp.2d ----, 2006 WestLaw 205112 [U.S.D.C. E.D. Ky. 2006], the District Court found that it had personal jurisdiction over a non-resident automobile racing association in an action brought by the speedway, alleging monopoly of market for hosting national stock car racing events, pursuant to the Kentucky Long-Arm Statute. The association made its highly interactive web site available to Kentucky residents and it also had a syndicated radio program on Kentucky radio stations.

In <u>Wilen v. Alternative Media Net, Inc.</u>, Not Reported in F.Supp.2d, 2004 WestLaw 2823036 [U.S.D.C. S.D. N.Y. 2004], the court found that "personal jurisdiction has properly been asserted with respect to AltMedia because it uses its interactive Web site to transact business in New York, including the sale of membership interests in the site to New York users, and the claims here arise directly out of that transaction of business. (Compl., ¶¶ 10). Personal jurisdiction has properly been asserted with respect to Mr. Lovo because he actively controls the operation and content of the AltMedia web site."

In <u>Citigroup Inc. v. City Holding Co.</u>, 97 F.Supp.2d 549, 565-66 (U.S.D.C. S.D. N.Y. 2000), the court found specific personal jurisdiction under CPLR §§ 302(a)(1) where defendant's web sites were interactive, allowing, for example, customers in New York to apply for loans and

chat on-line.

In City of New York v. Cyco.Net, Inc., 383 F.Supp.2d 526 [U.S.D.C. S.D. N.Y. 2005], the court found personal jurisdiction stating: "Personal jurisdiction over the Teutenbergs comports with the requirements of New York CPLR § 302(a)(1) because Dirtcheapcigs.com engaged in purposeful activities in New York vis-a-vis its interactive web-site, Bensusan Restaurant Corp. v. King 126 F.3d 25 (2d Cir.1997); State of Washington, Dept. of Revenue v. WWW.Dirtcheapcig.com, 260 F.Supp.2d 1048, ... [footnotes omitted]."

By substantial contrast, consider the passive internet web site cases: Broussard v. Deauville Hotel Resorts, Inc., 1999 U.S.Dist.Lexis 12716 [U.S.D.C. E.D. La. 8/12/99]; and Mid City Bowling & Sports Palace v. Ivercrest, 35 F.Supp.2d 507 [U.S.D.C. E.D. La. 1999]. In Broussard, the court had the option of transferring the action upon finding a lack of personal jurisdiction. The Louisiana Federal District Court found a passive internet web site lacking in characteristics sufficient to find that defendant used its web site to purposefully direct its activities at the forum state. The Mid City Bowling & Sports Palace court also considered a plainly passive web site used for advertising and granted defendant's motion to dismiss for lack of personal jurisdiction. This case involved alleged patent and trademark infringement violations. The court found Louisiana's Long Arm statute, La. R.S. 13:3201 could not be satisfied by plaintiff's offer of evidence. Plaintiff claimed defendant's "use of its [plaintiff's] registered mark on an internet web site available to computer users throughout the country and in Louisiana" conferred personal jurisdiction. The Court rejected plaintiff's argument and dismissed the lawsuit for lack of personal jurisdiction over the defendant. In addition to the two Louisiana-based authorities, there are other Texas cases likewise holding that a passive [or mildly interactive] internet web site is insufficient

to confer personal jurisdiction. Bursh v. Tidewater Marine Alaska, Inc., 1998 U.S.Dist.Lexis

1558 [U.S.D.C. E.D. Tex. 2/11/98]; Agar Corp. v. Multi-Fluid, Inc., 1997 U.S.Dist.Lexis 17121

[U.S.D.C. S.D. Tex. 6/25/97]; Mieczkowski v. Masco Corp., 997 F.Supp. 782 [U.S.D.C. E.D.

Tex. 1998]. Also by contrast, in Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 [9th Cir.

1997], the defendant operated a passive web site for advertising purposes and which does not

involve interactive communication.  The Ninth Circuit noted that Cybersell's passive web site was

"simply not aimed intentionally [at the forum state] knowing that harm was likely to be caused

there." Id. at 420.  The Ninth Circuit noted that plaintiff must show that the defendant entity

purposefully directed its activity in a substantial way at the forum state. Id. at 418.  Further, in Rio

Properties, Inc. v. Rio International Interlink, 2002 U.S.App.Lexis 4392 [9th Cir. 2002], a

business advertising on the internet was sued in a foreign state and plaintiff asserted that

defendant's web site conferred personal jurisdiction.  The Ninth Circuit, here, found that

operating a passive, informational web site or an internet advertisement cannot ever confer

jurisdiction.  The court found that "something more" is required.  The court found that

"something" would involve evidence that defendant's conduct was directly targeted at the forum

state and its resident.  The court found that defendant had also run radio and print advertisements

to lure Nevada residents to visit defendant's interactive, internet gaming site.  Visitors could play

games, place wagers and win monies.  Defendant's advertisement in Nevada, by radio and print,

were directed specifically at Nevada residents and other persons visiting Nevada, while present in

Nevada.  Also by contrast, in Remick v. Manfredy, 52 F.Supp.2d 452, 457 [U.S.D.C. E.D. Pa.

1999], reversed on other grounds, 238 F.3d 248 [3rd Cir. 2001], the court considered whether a

law firm's web site subjected it to personal jurisdiction in the forum state.  The court found the

law firm's web site was "passive" and found that there was no evidence that the web site was interactive. Further, there was no evidence that the web site offered anything other than general information and advertising. The court specifically noted that advertising on the internet does not constitute continuous and substantial contacts with the forum state and would not support personal jurisdiction.

### Second Defense - Venue

Defendant alleged improper venue yet brought no motion to dismiss for want of proper venue. Defendant waived venue, if it could have been validly contested. Glater v. Eli Lilly & Co., 712 F.2d 735, 738 [1st Cir. 1983]; Swaim v. Moltan Co., 73 F.3d 711, 718 fn.4 [7th Cir. 1996].

### Third Defense - No Cause of Action

This is plainly insufficient as a defense. Plaintiff has alleged a cause of action and multiple causes at that.

### Fifth Defense - Dormant Commerce Clause

This case does not assert a state regulation relative to the operation of defendant's interstate business activities. This purported defense is baseless.

### Sixth Defense - Laches

Laches is a defense that contending that a plaintiff failed to take action resulting in an "inexcusable delay and resulting prejudice [to establish a laches defense]." Imperial Chemicals Ltd. v. PKB Scania (USA), Inc., --- So.2d ----, 2006 WestLaw 400085 (La. App. 1 Cir. 2/22/06). Defendant has frivolously asserted laches as a defense. There is no basis for such a contention.

### Seventh Defense - Equitable Estoppel

Equitable estoppel is the common "other name" for laches and is a defense contending that

Page -9-

plaintiff failed to take action resulting in prejudice to the defendant. <u>Paul v. New Orleans Police</u>

<u>Dept.</u>, 687 So.2d 589 (La. App. 4 Cir. 1997). Defendant has frivolously asserted estoppel as a

defense. There is no basis for such a contention.

<u>Eighth Defense - Accord & Satisfaction</u>

Apparently these terms mean something different outside of Louisiana. Plainly, plaintiff has

not settled with Various, Inc., or released them or otherwise been satisfied in any way based on the

claims asserted. Defendant has frivolously asserted accord and satisfaction as a defense. There is

no basis for such a contention.

<u>Ninth Defense - Release</u>

Again, apparently the term "release" means something different outside of Louisiana.

Plaintiff has not released the defendant[s] or otherwise been settled the claims asserted.

Defendant has frivolously asserted release as a defense. There is no basis for such a contention.

<u>Tenth Defense - Waiver</u>

Plaintiff has not waived any claims. There are no prerequisites to suit for which plaintiff

failed to satisfy. Indeed, no such restrictions exist, ex., arbitration, etc. Defendant has frivolously

asserted waiver as a defense. There is no basis for such a contention.

<u>Eleventh Defense - Free Speech</u>

In fact, defendant's conduct constitutes less-protected commercial speech and the defense

of "free speech" does not come into play in this case. Defendant has frivolously asserted free

speech as a defense. There is no basis for such a contention.

<u>Twelfth Defense - Unclean Hands</u>

It is unclear what defendant suggests by raising the equitable doctrine of unclean hands.

Defendant has frivolously asserted estoppel as a defense. There is no basis for such a contention.

Thirteenth Defense - Free Competition

Plaintiff's suit is not a challenge to defendant's competitive position in its unique industry. Defendant has frivolously asserted free competition as a defense. There is no basis for such a contention.

Fourteenth Defense - Statute of Limitations [Prescription]

Next, defendant claims plaintiff's suit is untimely. How so? It was clearly brought within one year of learning of the matters alleged. Defendant has frivolously asserted statute of limitations [liberative prescription] as a defense. There is no basis for such a contention.

Eighteenth Defense - Plaintiff Fault

Defendant next suggests that plaintiff herself is at fault for causing the events complained of. Defendant has frivolously asserted comparative fault on the part of plaintiff as a defense. There is no basis for such a contention.

Nineteenth Defense - Failure to Mitigate

Defendant next suggests that plaintiff failed to mitigate her damages complained of. How was plaintiff to do more? She notified defendant, who has and had sole control over its web site. Defendant has frivolously asserted failure to mitigate on the part of plaintiff as a defense. There is no basis for such a contention.

Twentieth Defense - Speculative Damages

This is not a defense at all. If defendant contends that plaintiff's damages are not compensable, then that is not an affirmative defense.Defendant next suggests that plaintiff herself is at fault for causing the events complained of. Defendant has frivolously asserted speculative

damages as a defense. There is no basis for such a contention.

Twenty-First Defense - Due Process

Defendant next claims that the intentional conduct claims violate "due process." Defendant

has frivolously asserted a due process defense. There is no basis for such a contention.

Twenty-Second Defense - Privacy [ECPA and California]

Defendant next asserts federal and state privacy laws as a defense. Defendant has

frivolously asserted privacy laws as a defense. There is no basis for such contentions.

Twenty-Third Defense - California Constitutional Privacy

Defendant next asserts the California Constitution as a defense. Defendant has frivolously

asserted its home-state constitution as a defense. There is no basis for such contentions.

Twenty-Fourth Defense

Last but not least, defendant claims that its own "use and privacy policy" is somehow a

defense to plaintiff's claims. It is not. Defendant has frivolously asserted its own terms and use as

a defense. There is no basis for such contentions. Plaintiff has not consented to defendant's use

and privacy policy.

Baseless Claim For Attorneys' Fees and Costs

There is no basis whatsoever for counter-claims against plaintiff. Defendant's Answer has

been filed in bad faith. Plaintiff's attorneys' fees and costs in filing this motion to strike should be

awarded upon application, if permitted.

Plaintiff respectfully submits that this motion should be granted and the relief requested be

ordered, including the striking of the Answer and defenses asserted by Various, Inc., and an Order

to Various, Inc., to re-plead its Answer accordingly.

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____

**DAVID A. SZWAK, LBR #21157, TA**
509 Market Street, 7th Floor
United Mercantile Building
P.O. Box 1015
Shreveport, Louisiana 71101
(318) 221-6444
FAX 221-6555
www.bjswlaw.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed, by first class mail, properly addressed, with prepaid postage affixed, to opposing counsel of record, on this the __3__ day of __MARCH__ , 2006.

_____
DAVID A. SZWAK

EXHIBIT  B

# ROTHKEN LAW FIRM

1050 NORTHGATE DRIVE
SUITE 520
SAN RAFAEL, CALIFORNIA 94903

PHONE:   (415) 924-4250
FAX:      (415) 924-2905
E-MAIL:  IRA@TECHFIRM.COM
WEB:      WWW.TECHFIRM.COM

March 2, 2006

**VIA FACSIMILE**

David A Szwak
Bodenheimer Jones & Szwak
509 Market St Ste 730
Shreveport, LA 71101
Tel: 318-221-6444
Fax: 318-221-6555

**Re:**   SHELLY LANDRY-BELL vs. VARIOUS, INC. and ZACH WILHELM,
U.S. District Court, W. Dist. of Louisiana, Shreveport Div., No. CV05-1526 S
Meet and Confer Regarding Affirmative Defenses

Dear Mr. Szwak,

We are in reciept of your letter faxed to us today giving us one day to meet and confer with you on affirmative defenses raised in our client's answer or you will bring a motion to strike. We frankly believe that such a "one day deadline" approach lacks basic civility.

Please withdraw your "one day deadline" and confirm the same in a return fax to us on Friday and let us meet and confer via telephone on the issues raised in your letter at the beginning of next week and restore basic civility to this case.

We do not think that his honor will take kindly to your tactics to not engage in a good faith meet and confer with us to narrow the issues before involving the Court.

Indeed, we were only able to read your letter for the first time at 10 pm PST on Thursday evening, have not discussed the matter with our local counsel, and, as a practical matter, we did not and do not even have time to draft a responsive letter with our views and seeing if we can reach a compromise with you (by your self imposed deadline) or narrow the issues for the Court to decide - the core of a proper meet and confer.

In reading through your proposed motion we have some important threshold questions we would like to discuss with you to help narrow the issues for the Court on any such motion to strike. If, after speaking with you, we determine that we are wrong or mistaken in pleading any of the affirmative defenses, we will be more than happy to correct them.  Where we disagree with you, we will let a Court decide.  There will likely be significantly fewer issues for the Court to decide after we engage in a "real" meet and confer in good faith.

Letter to Counsel
March 2, 2006
Page - 2 -

  Frankly, our experience is that Courts will err on the side of allowing the pleading of affirmative defenses this early in the litigation out of caution and to protect client rights as discovery evolves. In other words - there is nothing that would constitute an emergency for your client to file such a motion to strike affirmative defenses (especially before engaging in discovery) with only one day warning and no time for us to meet and confer.

  Kindly provide for us when you are available on Tuesday and Wednesday of next week (after 10 am PST each day) for a call to properly meet and confer on such issues. I will be in Court on a class action matter Friday and unavailable on Monday as we are moving into a new office building. We look forward to hearing back from you and getting some dose of civility and practicality injected back into this case.

         Very truly yours,
         ROTHKEN LAW FIRM

         Ira P. Rothken

Cc: Bennett Politz, local counsel

EXHIBIT  C

**From:** Ira P. Rothken [ira@techfirm.com]

**Sent:** Tuesday, March 07, 2006 12:43 AM

**To:** BJKS1507@aol.com

**Cc:** blp@blpld.com; 'Ira P. Rothken (Techfirm.org)'; jared@techfirm.com; hal@techfirm.com

**Subject:** RE: Shelly Landry-Bell v. Various, et al

David,

We told you we were unavailable last Friday and this Monday (today) and we expected to meet and confer with you on Tuesday or Wednesday but you did not give us times for such a call - you seem dying to file this motion to strike the answer even though we already stipulated to filing an amended answer. We find your conduct bizarre and likely the result of trying to justify the cost of preparing such motion to your client.

In any event, please advise if you will stipulate to not filing your motion and to allowing us to file and serve an amended answer by Friday of this week. We are hopeful that if you stipulate to the above that you will still meet and confer with us on Wednesday after 10 am PST so we can attempt to narrow our disagreements for his honor. Otherwise we will advise the Court that you refused to meet and confer with us and filed a motion to strike even though we stipulated to filing an amended answer and therefore you wasted the Court's time. I cannot imagine any clear minded Judge thinking that your behavior, as it stands now, is proper, civil, or judicially efficient.

Ira P. Rothken

---

**From:** BJKS1507@aol.com [mailto:BJKS1507@aol.com]
**Sent:** Monday, March 06, 2006 10:42 PM
**To:** ira@techfirm.com
**Cc:** blp@blpld.com
**Subject:** Shelly Landry-Bell v. Various, et al

Ira,

I read your proposal. I am going to timely file my motion. If you decide to amend your answer voluntarily then that is fine and the motion will be pared. The alternative is to further drag this out. I provided you an advance copy of the motion last week so you all had Thursday, Friday, the weekend and now Monday to mull it over. I think the simplest thing to do is for you to seek leave to withdraw the answer and re-plead it.

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
P.O. Box 1015
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com
www.MyFairCredit.com **
** Check out the Dispute Forum
www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks
Premieres March 11, 2006, at the South By Southwest Film Festival