U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 8 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

U.S. DISTRICT COURT
WESTERN DISTRICT
OF LOUISIANA
FILED
2006 MAR 28 P 2:08
ROBERT H. SHEMWELL
CLERK

SHELLY LANDRY-BELL,

          Plaintiff,

Versus                     Civil Action No.
                                CV05-1526-S

VARIOUS INC., ET AL,         **JURY DEMANDED**
          Defendants.    JUDGE STAGG

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE ANSWER AND DEFENSES ASSERTED BY VARIOUS, INC.

MAY IT PLEASE THE COURT:

    Plaintiff, SHELLY LANDRY-BELL, respectfully replies to the opposition papers filed by Various, Inc., defendant, which defendant submitted in connection with plaintiff's motion to strike defendant's Answer and Defenses, as follows:

    Defendant, Various Inc., filed an opposition to plaintiffs motion to strike which essentially attempts to justify having filed numerous baseless defenses. Preliminarily, defendant continues to assert "waiver," "release" and even defenses which it has plainly waived as shown in plaintiff's motion and the cases cited therein. Thus, despite having over one month to reconsider the assertion of those defenses, defendant continues to assert them. Perhaps worst of all, defendant believes it can impose **upon plaintiff** the "Terms of Use" in its sites. As alleged and will be proven, plaintiff did not create or post information to the smut sites and did not authorize anyone else to do so. Plaintiff is not subject to the "Terms of Use." In an effort to prop up an opposition, defense counsel executed an affidavit merely stating that defendant's Answer and Defenses were

Page -1-

based upon its own "Terms of Use." Par. 6, Affidavit of Ira Rothken. How can a third party be bound by "Terms of Use" to which that party never agreed? They cannot.[1]

The balance of defendant's response to the motion to strike is essentially claiming that plaintiff posted the naked pictures about herself on defendant's site and "...later had second thought about it..." Page 2, opposition brief. Defendant appears intent on levying the maximum amount of grief and scandal upon plaintiff.

Defendant appears to rehash its motion arguments despite the rejection of its motion to dismiss. Defendant pretends to be unable to ascertain the identity of people visiting its site, yet it has no problem contending, since its motion to dismiss was denied [where it took a different stance], that it cannot tell who contributed to the false postings about plaintiff.

Motions to Strike are important. "Indeed, motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." ' **Simon v. Manufacturers Hanover Trust Co.**, 849 F.Supp. 880, 882 (U.S.D.C. S.D. N.Y. 1994) (quoting **United States v. Union Gas Co.**, 743 F.Supp. 1144, 1150 (U.S.D.C. E.D. Pa.1990)). In order to prevail on a motion to strike an affirmative defense, the moving party must satisfy three prerequisites. "First, there may be no question of fact which might allow the defense to succeed.... Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed....

---

[1] Comparably, in **Poulson v. Trans Union LLC**, 406 F.Supp.2d 744 [U.S.D.C. E.D.Tex. 2005], attempted a similar result with an arbitration clause. The problem was that the plaintiff had never agreed to the clause. She did not consent to the clause in her ex-husband's account, which pre-dated her being married to him, nor did she concur with the mail-out change of terms on her Sears account when Citibank bought the Sears portfolio. In fact, she closed that Sears account and refused to do business with Citibank. Thus, Judge Davis found that Mrs. Poulson never agreed to arbitrate and defendant cannot merely wave a wand and make everyone subject to their terms of use.

Third, plaintiff must show that it is prejudiced by the inclusion of the defense." **County Vanlines Inc. v. Experian Info. Solutions, Inc.**, 205 F.R.D. 148, 153 (U.S.D.C. S.D. N.Y. 2002); **Estee Lauder, Inc.**, 189 F.R.D. at 271-72. A motion to strike matter in a pleading is properly used: (1) to strike matter which is immaterial, impertinent, or scandalous, (2) to provide the plaintiff with a means by which to test the sufficiency of a defense, (3) to strike any insufficient claim or defense. Id.

Defendant has not asserted a single allegation or factual admission to support any of the scandalous and insufficient defenses they have summarily stated in their Answer. Indeed, defendant is aware of the identity of the person tied to the email account and the credit card number which generated some of the false information created, in part, and re-published by Various, Inc. Defendant cannot assert, in good faith, any question of fact to support its defenses complained of by plaintiff. The lack of a factual predicate to a defense is a proper basis to grant a motion to strike the defense. **Oppel v. Empire Mut. Ins. Co.**, 92 F.R.D. 494 [U.S.D.C. S.D. N.Y. 1981].

Defendant further asserted that its alleged fees and costs claim arises from its mis-guided belief that it should be entitled to fees and costs which it thinks are "presumably reciprocal." Page 12, opposition brief. Notice pleading does apply to properly asserted defenses, like complaints, yet some facts must be plead in order to put the opposing party on notice. **Pan-American Life Ins. Co. v. Gill**, 1990 WestLaw 58133 [U.S.D.C. E.D. La. 1990]. Some of the new ideas suggested by defendant in its opposition would be tantamount to purported fraud by plaintiff and heightened fact pleading requirements in Rule 9. Defendant has not done so. At a minimum, as to any sufficient defense, where defendant intends to claim that plaintiff has essentially defrauded

them and fraudulently asserted claims herein and denied that she is a member of its site, then defendant should be ordered to comply with Rule 9 and plead facts to support the defense so as to allow plaintiff to furnish defendant with a Rule 11 letter and motion.[2]

Plaintiff respectfully submits that her motion should be granted.

---

[2]    While there are many cases stating that facts must be plead to support a defense and provide meaningful notice to the plaintiff, the court in **Raychem Corp. v. PSI Telecommunications, Inc.**, 1995 WestLaw 108193 [U.S.D.C. N.D. Cal. 1995], highlights this point:

"In its sixth affirmative defense, PSI alleges: As a result of proceedings before the Patent and Trademark Office and otherwise regarding applications submitted by Raychem for patents at issue in this action, Raychem is barred from asserting any of its alleged claims for relief against PSI, and is further prevented from enforcing any of the patents--suit against PSI, based on the doctrine of laches. Raychem argues that this defense should be stricken because PSI has provided no facts to support it. Raychem is correct. Although PSI's opposition to this motion provides specific dates demonstrating Raychem's purported delay in bringing suit, there are no facts stated in PSI's Answer which support a laches defense. Therefore, the court STRIKES PSI's sixth affirmative defense, but allows PSI 30 days to amend.

D. Seventh Affirmative Defense: Unclean Hands

PSI's seventh affirmative defense alleges the following: As a result of proceedings before the Patent and Trademark Office and otherwise regarding applications submitted by Raychem for patents at issue in this action, Raychem is barred from asserting any of its alleged claims for relief against PSI, and is further prevented from enforcing any of the patents-in-suit against PSI, based on the doctrine of unclean hands. Raychem argues that this defense violates Fed.R.Civ.P. 9(b) because it is not stated with particularity. Raychem is correct. PSI states in its opposition that its unclean hands defense is based upon several specific types of inequitable conduct. However, the affirmative defense itself does not identify any such conduct. Nor does it incorporate by reference any previous allegations in the Answer. As such, PSI's seventh affirmative defense does not put Raychem on notice of the conduct upon which the defense is based. Therefore, the Court STRIKES PSI's seventh affirmative defense, but allows PSI 30 days to amend."

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____
DAVID A. SZWAK, LBR #21157, TA
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
(318) 221-6444
FAX 221-6555
www.bjslaw.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed, by first class mail, properly addressed, with prepaid postage affixed, to opposing counsel of record, on this the 27 day of March, 2006.

_____
**DAVID A. SZWAK**