UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| SHELLY LANDRY-BELLE | CIVIL ACTION NO. 05-1526 |
| versus | JUDGE STAGG |
| VARIOUS, INC. ET AL. | MAGISTRATE JUDGE HORNSBY |

_____

# REPORT AND RECOMMENDATION

**Introduction**

Plaintiff alleges that her ex-boyfriend, Zach Wilhelm, posted false, defamatory and sexually obscene information about Plaintiff on websites operated by Various, Inc. Various filed a motion to dismiss based on immunity from liability pursuant to the Communications Decency Act, 47 U.S.C. § 230, which protects providers of interactive computer services from liability for content posted by third parties. Judge Stagg denied the motion, reasoning that although Plaintiff's complaint was scant in details that could result in liability for Various, the complaint was sufficient under the notice pleading rules to survive and allow Plaintiff to conduct discovery in an effort to develop the facts.

Plaintiff has now filed a Motion to Strike Answer and Defenses (Doc.26) that asks the court to strike 20 of Various's affirmative defenses and its prayer for fees and costs. For the reasons that follow, the motion should be denied. Just as Plaintiff was permitted the

opportunity to develop the facts underlying her barely pleaded claims, Various should be permitted the opportunity to establish a basis for its defenses.

**Motions to Strike Defenses**

Motions to strike a defense "are generally disfavored," although a Rule 12(f) motion to dismiss a defense may be granted when the defense is "insufficient as a matter of law." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir.1982). "What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question." EEOC v. First National Bank of Jackson, 614 F.2d 1004, 1008 (5th Cir.1980). "Courts should be cautious in granting motions to strike affirmative defenses, particularly when a defendant may not have had ample opportunity to prove his allegations that the defense might succeed on the merits." Owens v. UNUM Life Ins. Co., 285 F.Supp.2d 778 (E.D. Tex. 2003).

**Failure to Confer**

Various asks that the motion to strike be denied because Plaintiff's counsel failed, despite requests, to confer with counsel for Various about a means of resolving some or all of the issues presented in the motion. Counsel for Various represents that he received a draft of the motion along with a letter stating counsel for Plaintiff's intention to file the motion the next day unless Various withdrew its answer and cured the defects asserted by Plaintiff. Counsel for Various promptly responded and asked that a telephone conference be scheduled to confer about the issues and "help narrow the issues for the Court on any such motion to

strike." Counsel for Plaintiff responded but did not address the request for a meeting. Rather, he said that he was going to file his motion and Various could amend its answer if it wished to do so. Plaintiff's counsel did file the motion to strike the next day.

Plaintiff could perhaps have avoided some of the issues raised in her motion to strike if she had been willing to take another day or two to confer with counsel for Various. At the same time, Various could have perhaps avoided a lot of the issues by not asserting every conceivable affirmative defense. Motions to compel must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to resolve the issue without court action. Fed. R. Civ. P. 37(a)(2)(A); Local Rule 37.1(W). There is no similar requirement for a motion to strike, so Plaintiff's refusal to confer is not a legal basis to deny the motion.

**Personal Jurisdiction; Venue**

The first and second defenses raised in the answer are lack of personal jurisdiction and improper venue. Plaintiff argues that Various waived the defenses by failing to also file a motion to dismiss on those grounds. Federal Rule of Civil Procedure 12(h)(1) provides, in part, that a defendant waives defenses including lack of personal jurisdiction and improper venue if the defense "is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Various complied with Rule 12(h)(1) by including its objections to personal jurisdiction and venue in its answer. If Various were to fail to pursue the defenses by motion

it could, at some point, be held to have waived the defenses. That point has not been reached in this case. See Brokerwood International (U.S.), Inc. v. Cuisine Crotone, Inc., 104 Fed. Appx. 376, 379-81 (5th Cir. 2004) (reversing district judge's holding of waiver of personal jurisdiction defense even though defendant participated in a scheduling conference, motion practice and discovery over a seven month period before filing motion to dismiss). There is no bright-line rule for when waiver occurs, but it has not happened yet. The defenses should not be stricken.

**The Other Defenses**

The other defenses attacked in the motion to strike range from waiver to unclean hands to the dormant Commerce Clause. Plaintiff attacks most of the defenses by making a brief representation that there is "no basis" for the defense. Various responds, with respect to many of the defenses, that it takes the position that the defense is supported by its Terms of Use agreement signed by registered users of Various's websites. Various represents: "It appears that in this case either plaintiff is a registered user of Various' websites who posted the content at issue in this case herself but later had second thoughts about it, or else an imposter registered as her on Various' websites and posted the allegedly offending conduct, as she claims."

Various represents that it is impossible to determine which of the scenarios is true until discovery has been conducted. Plaintiff responds that she is not subject to the Terms of Use because she never agreed to it. Whether Plaintiff agreed to the Terms of Use is one

of the several unresolved factual issues that counsel against striking any of the defenses at this time. Some of the defenses appear unlikely to succeed or of questionable applicability at this preliminary stage of the litigation, but it is too early to state with certainty that the defenses are insufficient as a matter of law. There may be a few of the 20 defenses attacked that could legitimately be stricken if sufficient research were conducted to ascertain that their application is foreclosed as a matter of law, but doing so would not significantly narrow the scope of the litigation and discovery, so the better exercise of the court's discretion is to deny the motion to strike and let the parties develop the relevant facts. The parties can later test the defenses on the merits in light of the actual facts.

**Attorney Fees and Costs**

Plaintiff attacks Various's claim for attorney fees and costs on the grounds that there is "no basis whatsoever" for those claims. Attorney fees are not allowed under Louisiana law except where authorized by statute or contract. Rivet v. State DOTD, 680 So.2d 1154, 1160 (La. 1996). In response, Various does not cite a statutory or contractual provision that would permit the recovery of those items if it were to prevail. Rather, Various states that its claim for fees and costs merely parallels Plaintiff's identical claim.

Plaintiff's complaint does pray for recovery of attorney fees, as well as punitive damages which also require an express statutory or contractual basis[1], yet Plaintiff also fails

---

[1] Devillier v. Fidelity & Deposit Co. of Maryland, 709 So.2d 277, 282 (La. App. 3rd Cir. 1998).

to cite a legal basis for her recovery of such special damages. Rather than strike the demands of either party or quibble over what relief may be available if a party eventually prevails, the better course is to wait until one of the parties has actually prevailed. That party can then file a motion for fees and state with specificity the legal grounds for the request.[2]

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Strike Answer and Defenses (Doc.26)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

---

[2] F.R.C.P. 54(c) provides that the judgment shall grant the relief to which the party is entitled, even if the party has not demanded such relief in her pleadings. This rule imposes upon the court a duty to "grant the relief to which the prevailing party is entitled, whether it has been demanded or not." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, § 2664., p. 174 (1998). "The only exception to this rule is if plaintiff's failure to demand the appropriate relief has prejudiced his adversary. Consequently, the prayer for relief does not determine what relief ultimately will be awarded." Id. at pp. 174-79. See also, Albemarle Paper Co. v. Moody, 95 S.Ct. 2362, 2375 (1975) (Title VII plaintiff who initially disclaimed any interest in back pay was nonetheless entitled under Rule 54(c) to recover the same even after trial unless defendant had been "improperly and substantially prejudiced" by plaintiff's actions.); and Goldstein v. North Jersey Trust Co., 39 F.R.D. 363 (S.D. N.Y. 1966)("[T]he striking of a portion of the demand for relief would be but an empty gesture" because of Rule 54(c).).

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 24th day of April, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE