U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
         SHREVEPORT

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,

    Plaintiff,

Versus

    Civil Action No.
    CV05-1526-S

VARIOUS INC., ET AL,

    Defendants.

**JURY DEMANDED**
JUDGE STAGG

## RULE 26[F] CASE MANAGEMENT REPORT

A meeting of counsel, David Szwak, for plaintiff, and Ben Politz, for defendants Various, Inc./FriendFinder, was held on June 7, 2006, by telephone.

1. **NATURE OF PLAINTIFF'S CLAIMS**

Plaintiff contends that defendants defamed her and invaded her privacy through internet communications. Damage claims have been made.

2. **BENCH OR JURY TRIAL**

A jury trial has been requested in the original complaint and answer.

3. **INITIAL DISCLOSURES**

The parties have not exchanged initial disclosures yet but are ordered to do so by June 21st, 2006 [Defendants' Position: unless the case is stayed].

4. **JURISDICTION**

The parties do not challenge subject matter jurisdiction in this case. Diversity of citizenship subject matter jurisdiction appears to exist. Defendants' Position: The Various Incorporated/FriendFinder Defendants reserve their rights related to personal jurisdiction, choice of law, arbitrability, and choice of forum in this case.

5. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

A.    Plaintiff may add an additional party to the lawsuit and will amend her pleadings. Plaintiff seeks ninety [90] days past the conference to make these additions or changes. Further, plaintiff shows that she has learned that Zach Wilhelm is stationed, on active military duty, overseas and cannot be served with summons and complaint while on the military base or in areas of operations. Further, the SSRA applies. Plaintiff has made numerous attempts to have Wilhelm served, including domiciliary service at his parents' home. Wilhelm's parents contend that it is not his domicile yet that is the last stable address used by Wilhelm before leaving to go overseas. Defendants' Position: The Various Incorporated/FriendFinder defendants are of the view that the

Παγε –1–

        issue of necessary and indispensable parties needs to be examined in light of the above and likely the case dismissed or stayed (pursuant to the SSRA and its progeny which provides that the Court may stay the case sua sponte upon learning of a defendant's coverage under the SSRA). Indeed given that defendant Wilhelm was alleged as the one who posted and published the alleged defamatory statement and thus the alleged tortfeasor it appears on its face that unfair prejudice would likely result if this case is adjudicated in his absence.

B.    Plaintiff may seek to add any other person[s] who were involved in the incidents giving rise to the damages claimed in this lawsuit. There may be additional third persons who need to be added but plaintiff cannot make that determination absent some preliminary discovery which necessarily involves taking Wilhelm's deposition. <u>Defendants' Position</u>: Various/FriendFinder defendants may seek to add any other person[s] who were involved in the incidents giving rise to the damages claimed in this lawsuit. There may be additional third persons who need to be added or indemnity claims brought but plaintiff and the Various/FriendFinder defendants cannot make that determination absent some preliminary discovery which necessarily involves taking Wilhelm's deposition.

C.    Ninety [90] days after the conference.

6.    **DISCOVERY ISSUES**

A.    Plaintiff and defendant, Various, anticipate discovery disputes regarding Various's computer system and database and search mechanisms. Privacy issues may be raised regarding identities of persons viewing the information concerning plaintiff. Further, plaintiff believes that proprietary computer functions and systems and data will be necessary for plaintiff to discover to prepare her case. Plaintiff believes that taking the deposition of Wilhelm will require assistance from the court and the military. <u>Defendants' Position</u>: Various Incorporated/FriendFinder defendants strongly disagree and believe that plaintiff should not be allowed to go on an expensive fishing expedition of proprietary computer systems given the notion that the CDA defense and strong Congressional intent and public policy provides immunity to Internet service providers for content or statements provided by others and that Various Incorporated/FriendFinder did not create the alleged defamatory posting(s) and are not treated as the publisher of such under the CDA. Therefore it is unlikely that documents beyond those already provided by Various to plaintiff will be reasonably calculated to lead to the discovery of admissible evidence or be justified in light of the burdens involved and the inconsequential nature of such requests. Plaintiff anticipates discovery disputes regarding Various's computer system and database and search mechanisms. Various believes that its specific internal computer system and database and search mechanisms are inconsequential given the obvious external functionality and internet service provider nature of the FriendFinder.com family of sites and the state of the case law regarding the CDA immunity in which no reported case has ever needed or reported the granular details of the inner workings of the internet service provider's technology to determine coverage as an internet service provider. More generalized non-burdensome discovery, consistent with Congressional intent, may be appropriate related to whether Various qualifies for the CDA immunity as an Internet service provider. Privacy issues may be raised including regarding identities of persons viewing the information allegedly concerning plaintiff. Plaintiff believes that taking the deposition of Wilhelm will require assistance from the court and the military. The Various/FriendFinder defendants believe that a two tiered confidentiality order needs to be negotiated and entered into out of caution in light of plaintiff's statements above before written discovery is requested. The Various/FriendFinder defendants believe that discovery cost shifting issues need to be explored if plaintiff decides to go on an expensive e-discovery fishing expedition. In any event, Various believes that the issue of stay or dismissal in light of defendant Wilhelm's military unavailability should be decided before discovery commences.

B.    The parties propose a period of at least 180 days for completion of discovery with that period

running from the date that amendment of pleadings and joinder of parties has passed. Therefore, the parties suggest June 10, 2007 [Defendants' Position: if the case is not stayed].

7. **MOTION PRACTICE**

A. There are no pending motions. Defendant Various's motion to dismiss was denied. Plaintiff's motion to strike Various's Answer and Statement of Defenses was denied.

B. Both parties of record anticipate filing dispositive motions unless the case settles. <u>Defendants' Position</u>: Defendants add that if the case is not stayed or dismissed due to Wilhelm's unavailability (which may be brought via a formal motion if the Court does not grant such stay sua sponte) Various/FriendFinder will likely file a motion for summary judgment within 90 days.

8. **ALTERNATIVE DISPUTE RESOLUTION**

The parties are amenable to ADR. Plaintiff respectfully requests settlement conference by Magistrate-Judge in lieu of a private mediator. <u>Defendants' Position</u>: The Various/FriendFinder defendants are amenable to private mediation at JAMS before a retired Judge with the costs divided evenly between the parties and in a convenient location to be agreed upon by all the parties with all the parties and their counsel present.

9. **TRIAL BY MAGISTRATE**

All parties do not consent to trial by Magistrate-Judge at this time.

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____
**DAVID A. SZWAK, LBR #21157**, TA
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
(318) 221-6444
FAX 221-6555
www.bjslaw.com
**COUNSEL FOR PLAINTIFF**


**ROTHKEN LAW FIRM**


By: _____
**IRA ROTHKEN**, TA
3 Hamilton Landing, Ste. 224
Novato, California 94949-8246
(415) 924-4250
FAX 924-2905
**COUNSEL FOR DEFENDANT, VARIOUS, INC.**

**BOOTH, LOCKARD, POLITZ & LESAGE**

By: _____
**BENNETT L. POLITZ**, LBR#10573
920 Pierremont Rd., Ste. 103
Shreveport, Louisiana
(318) 222-2333
FAX 221-1035
**COUNSEL FOR DEFENDANT, VARIOUS, INC.**