U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,

        Plaintiff,

Versus                           Civil Action No.
                                        CV05-1526-S

VARIOUS INC., ET AL,               **JURY DEMANDED**
        Defendants.     JUDGE STAGG

## MEMO REGARDING RULE 26[F] CASE MANAGEMENT REPORT

MAY IT PLEASE THE COURT:

      This memo is necessary as the counsel have been unable to reach an agreement on the Rule 26[f] report. Your Honor issued an Order for the parties to submit a Rule 26[f] report by **June 21**, today. See attached, Exh. A. The parties were also ordered to exchange initial disclosures. David Szwak, for plaintiff, drafted the report and faxed it to opposing counsel after Szwak and Politz, defendant's, Various's local counsel met and conferred on June 7. Exh. B. On June 7, Rothken, California counsel for Various, faxed Szwak seeking to confer on June 8. Exh. C. Szwak immediately faxed him back to advise that the conference was done with local counsel and Szwak was faxing him a draft Report. Exh. C. On June 15, Rothken emailed to ask for the "word file" to edit and Szwak responded asking him to mark the hard copy and fax edits immediately. Exh. D. No edits came and Szwak's call to Rothken was not returned. Exh. E. Szwak and Politz discussed the matter by phone and email. On June 20, Szwak emailed Rothken to ask about the edits. Exh. F. Szwak expressed concern that the report not be "over-lawyered" and needed to be filed timely. Exh. F. On June 20, Rothken agreed to "email you back some

edits today." Exh. G.  On June 21, today, Rothken emailed Szwak edits, Szwak edited the document, emailed another copy to Rothken, and Rothken returned with more edits which he indicated were "minor changes." Exh. H.  Szwak inquired as to what changes were made. Exh. I..  Rothken responded asking questions about confidentiality agreement and discovery and suggesting a phone call take place. Exh. J.  Szwak called and was advised that no one was available at Rothken's office so Szwak left a message.  That went unreturned.  Szwak emailed back answers to Rothken's questions. Exh. K.  Szwak requested redlined edits so he could see what Rothken proposed to change. Exh. L.  Rothken declined. Exh. M.  Szwak edited the document and advised Rothken that Rothken's repeated change to the deadline for disclosures was improper and Szwak asked Rothken to sign and return the document. Exh. N.  The edited and presumably final document was provided Rothken. Exh. N.  Szwak also requested signatures immediately for timely filing. Exh. O.  Rothken declined citing that he would be in non-compliance immediately [hence the reason he kept mis-stating the deadline in edits].  Rothken suggests that the court should consider a "stay" before requiring his client to provide disclosures. Exh. P.  Szwak declines to alter the deadline set by the court. Exh. Q.  Szwak also relates that Various has not produce any documents to date. Exh. R.  Rothken complains that he wants plaintiff's disclosure faxed to him right now, along with Rothken's version of the Report signed by Szwak. Exh. S.  Szwak inquires why he would sign the altered report stating the wrong date and send it to California for purported filing. Exh. T.  Rothken emailed Szwak an Adobe file purportedly containing his signed copy of the Report. Exh. U.  Szwak opens it and noted that the deadline for disclosures has a curious overlaid writing. Exh. V.  However, when Szwak prints the document, the overlaid "June" remark does not print and only the Rothken's altered "July"

remark appears. Exh. V.  Szwak wrote Rothken for an explanation as to why the overlaid text was placed and then would not print. Exh. W.  Rothken's response. Exh. X.  Szwak advised Rothken that he was willing to append Rothken's signature page to the last correct iteration of the report before Rothken's awkward, text overlaid version. Exh. Y.  Rothken refuses to permit Szwak to append his signature to the last version and suggests filing a Bar Complaint. Exh. Z.  Szwak responds requesting an explanation as to why the overlaid text was placed in the fashion it was and did not print. Exh. AA.

Szwak respectfully submits the Report with his signature as he lacks permission of Rothken to append his signature.

Respectfully submitted:

**BODENHEIMER, JONES & SZWAK**

By: _____
**DAVID A. SZWAK, LBR #21157**, TA
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
(318) 221-6444
FAX  221-6555
www.bjslaw.com
**COUNSEL FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon opposing counsel of record by placing a copy of same in the United States Mail, properly addressed and first class postage pre-paid on this the _____ day of _____, 2006.

_____
OF COUNSEL