UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHELLY LANDRY-BELL,                             Civil Action No. CV05-1526 S

                 Plaintiff,                     Judge Stagg
                                                Magistrate Judge Hornsby
          vs.

VARIOUS, INC. and ZACH WILHELM,                 **DEFENDANT VARIOUS, INC.'s**
                                                **MEMORANDUM REGARDING RULE 26F**
          Defendants.                           **JOINT CASE MANAGEMENT REPORT**
                                                **[Fed.R.Civ.P. 26F]**


### DEFENDANT VARIOUS, INC.'S MEMORANDUM REGARDING RULE 26F JOINT CASE MANAGEMENT REPORT


Defendant Various, Inc. (hereinafter also referred to as "FriendFinder" or "FriendFinder.com") hereby submits a response to plaintiff's Memorandum regarding the filing of the Rule 26 Joint Case Management Report. The FriendFinder defendants provide the following Memorandum and attached exhibits to explain why the filed "Joint" Case Management Report was not signed by both parties. Distilled to its essence plaintiff failed to properly meet and confer on Rule 26 issues and failed to properly print out and file FriendFinder's signed Rule 26 Statement even though they were entrusted to do it and were advised in writing on how to do it such that it manifested the June 21st date for initial disclosures. Plaintiff in their Memo failed to also point out that the parties did indeed exchange initial disclosures on June 21st 2006 so that point is moot.  In addition, and perhaps most importantly, FriendFinder joins in the Case Management Report on file herein. This memorandum is designed to explain, from FriendFinder's perspective what happened such that the Court can understand the dynamic between the parties and understand that FriendFinder thought that the fully signed "Joint" report would be filed in a timely fashion by plaintiff's counsel.

Dockets.Justia.com

**A.    Plaintiff's Failure to Properly and Efficiently Meet and Confer for the Rule 26 Statement**

On June 7th, 2006 FriendFinder's counsel, Ira P. Rothken, faxed Plaintiff's counsel a letter requesting a phone conference for 3 pm PST to meet and confer regarding the Rule 26 Statement (See Exhibit 000001). On June 8th, 2006, Plaintiff's counsel advised via a return fax that he had already "met and conferred" with FriendFinder's local counsel (See Exhibit 000001). Given that Plaintiff's counsel failed to include FriendFinder's lead counsel in the meet and confer process this set up the following chain of events.

1.    *There was a delay in providing electronic documents between counsel to facilitate the meet and confer process and Joint filings.*

On June 15th Plaintiff's counsel provided to Ira P. Rothken, FriendFinder's lead counsel, a draft Rule 26 Statement via fax and was reluctant to provide an electronic copy for FriendFinder's counsel to edit and return thus delaying the "Joint" editing and filing process. Indeed, when FriendFinder's counsel writes "Please email us the Word file so we can make edits with redlines....that is how we do it in every other Federal case – thanks…"

Plaintiff's counsel responds "Hey Ira that is a pain.  How about just marking up the hard copy and faxing me edits?"  (See Exhibit 000002).

2.    *There was a failure to include each side's lead counsel in the meet and confer process on important issues.*

On June 21st FriendFinder's counsel, after converting Plaintiff's version to an editable format and providing a revised draft Rule 26 Statement in electronic format to Plaintiff's counsel (See Exhibit 000003-000005) gets an e-mail from Plaintiff's counsel indicating that he refused to agree to the revised version and that he cannot cut and paste it (See Exhibit 000006). FriendFinder's counsel then writes to Plaintiff's counsel the following e-mail (which was not attached to Plaintiff's exhibits but attached herein as

Exhibit 000007)) which sums up the problems the parties have had to date

communicating on substantive issues in the case:

> We provided the text to you in both the body of the e-mail (where you can cut and paste) as well as in rtf format. If you think we have overlawyered it just tell me where we disagree and do this in a normal manner and we are happy to make changes to the short document if upon reflection we wrote something inapplicable.

> It is important that you deal directly with my law firm on the major issues in this case including all substantive meet and confers as we are the lead counsel in the case and we will be handling any trial - we have retained a very able local counsel but that is not an invitation for you to ignore or bypass lead counsel and pretend that you had a substantive meet and confer on the case management issues - as you did not. If we are unable to agree on a joint submission to the Court we will advise the court of your failure to meet and confer with us in a substantive manner on important issues in this case including those in the last paragraph below.

> Again, we are not so arrogant as to say that our revisions to the joint document are a work of art but given the notion that you have refused to meet and confer with us in any substantive way we were forced to revise it so the Court could hear both sides on important case management issues until we heard back from you on the points we raised and your client's position to see where we agree and disagree.

> You should call me and we can go through each of the issues by phone at 10 am PST time today or if you do not want to talk you can mark up each section with "plaintiff's positions" and "FriendFinder's positions" and e-mail it back to us and we can make sure each of our views are accurately represented whatever they may be.

> In any event please let us know today your views on why this case should not be stayed or dismissed if Mr. Wilhelm is in the military and unavailable overseas given the statute that protects such military persons from civil litigation and given that he is likely an indispensable party to a case where he is the alleged defamer. Also kindly advise us on what discovery you think your client will need and why in

light of the CDA immunity statute … in a pragmatic sense
to decide in good faith what narrow discovery "matters"
and is proportional and can change the outcome (by
removing the immunity) and [does] not allow a fishing
expedition. Further, kindly advise us on who your client
may add to the case and why. Also advise if your client is
amenable to a two tiered confidentiality order and if you
can provide an exemplar for our review and edit. Please
advise us on the above and let us know if you will be
calling at 10 am PST today so we can be available. Thanks.

The parties did not have any "real" meet and confer on the above issues. While
plaintiff's counsel did write a minimalist response to the above in an e-mail response later
that day it is hard to discern where the parties agree and disagree and why and what the
parties will jointly recommend to the Court if anything i.e. stay. Indeed, it is hard to plan
a schedule for discovery and litigation when issues of stay, volume of discovery, who if
anyone else may be joined, and the entry of a two tiered confidentiality order all up in the
air and un-discussed.

This insufficient meet and confer process stems from Plaintiff's counsel using
informal discussions with local counsel on more than one occasion as a method of
avoiding substantive meet and confer with FriendFinder's lead counsel. This sort of
technique was used prior to plaintiff filing her motion to strike FriendFinder's answer.
(See Order of the Court filed on April 4, 2006 at pages 2-3.)

       3.     *There was a failure to cooperate to properly meet and confer by phone.*

Plaintiff's counsel has avoided meet and confer by phone and has not responded to
invitations to meet and confer by phone. For example, in the initial letter (Exhibit
000001) FriendFinder's counsel requested a telephonic meet and confer, then again in an
e-mail (Exhibit 000003) and then one more time in an email (Exhibit 000008) and
plaintiff's counsel never cooperated in setting a time for Plaintiff's counsel and
FriendFinder's lead counsel to meet and confer via phone --- overt fax and e-mails
requesting a date and time for such oral/telephonic meet and confers were not complied
with.

In addition, inconsistent with Plaintiff 's counsel's statements to the Court, Plaintiff's counsel never left a single voice message for FriendFinder's lead counsel's voice mail to meet and confer on the Rule 26 Statement – as on the dates plaintiff indicated in their memo FriendFinder's counsel's voice mail was temporarily unavailable – that was why FriendFinder's counsel used e-mail to set such time and date for a phone conference to ensure the availability of counsel for the call(s).

**B.      Plaintiff Failed to Properly File FriendFinder's Signed Rule 26 Statement**

   *1.      There was a failure by the parties to file a Joint document.*

   Plaintiff's counsel did not properly print out FriendFinder's Rule 26 Statement and failed to print it with "mark ups on", after being advised of Plaintiff's mistake in an e-mail Plaintiff's counsel failed to attach to his "Memo" exhibits Exhibit 000010-000013 herein, which explains the inaccurate date plaintiff's counsel printed out for initial disclosures in the Rule 26 Statement signed by FriendFinder's counsel. Indeed, in Exhibit 000010 FriendFinder's counsel explains to Plaintiff's counsel:

> David,
>
> I have now learned that you printed it incorrectly – when your Adobe Acrobat viewer opens and you hit print in the print window you need to select print document **WITH markups and it will print the markup change I made to change the date to June 21st**…..thanks,
>
> Ira P. Rothken

   Plaintiff's counsel by not following the guidance in the e-mail shown above or providing such e-mail to the Court in its exhibits instead provided this court with a misleading statement of what occurred.

   In light of the fact that plaintiff's counsel was unwilling to allow FriendFinder's counsel to e-file the Joint Rule 26 Statement under some theory that he was closer to the Courthouse (See Exhibit 000009) Plaintiff's counsel was then entrusted by

FriendFinder's counsel to file FriendFinder's signed Rule 26 Statement which he failed to do and instead filed their own (manufactured after the fact) Rule 26 Statement and subordinated FriendFinder's signed Rule 26 Statement (printed **without** "markups on" so thus showing a wrong date for initial disclosures) to an exhibit.  See Exhibit 000012-000013.

The issue of initial disclosures is moot as FriendFinder provided their initial disclosures to plaintiff's counsel on June 21st (See Exhibit 000011) and was agreed on in a number of e-mails including Exhibit (000014-000015).

To bring this matter to a close FriendFinder has reviewed the revised Rule Statement filed by plaintiff herein and joins in such statement.

Respectfully submitted,

Dated: June 27, 2006          _____/s/_____
                             Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)


Dated: June 27, 2006          _____/s/_____
                             Bennett L. Politz (LSBA Bar No. 10573)
                             Attorneys for Defendant Various, Inc.


|  | Local Counsel: |
| Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029) | Bennett L. Politz (LSBA Bar No. 10573) |
| ROTHKEN LAW FIRM LLP | Booth Lockard Politz & LeSage LLC |
| 3 Hamilton Landing, Suite 224 | 920 Pierremont Road, Suite 103 |
| Novato, California  94949 | P. O. Drawer 1092 |
| Tel:  (415) 924-4250 | Shreveport, LA 71163 |
| Fax: (415) 924-2905 | (318) 222-2333 |
| Email: ira@techfirm.com | (318) 221-1035 (fax) |
|  | email: blp@blpld.com |

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2006, a copy of the foregoing **DEFENDANT VARIOUS, INC.'s MEMORANDUM REGARDING RULE 26F JOINT CASE MANAGEMENT REPORT** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Ira P. Rothken and Bennett L. Politz by operation of the court's electronic filing system. I also certify that I have faxed and mailed by United States Postal Service, postage prepaid, this filing to the following non-CM/ECF participants:

> David A Szwak
> Bodenheimer Jones & Szwak
> 401 Market St Ste 240
> Shreveport, LA 71101
> Fax No. (318) 221-6555

Dated: June 27, 2006                 _____/s/_____

> Ira P. Rothken (T.A. - *Pro Hac Vice,* Cal. Bar 160029)
> ROTHKEN LAW FIRM
> 1050 Northgate Drive, Suite 520
> San Rafael, CA 94903
> Tel:  (415) 924-4250
> Fax: (415) 924-2905
> Email: ira@techfirm.com

# ROTHKEN LAW FIRM LLP

3 HAMILTON LANDING
SUITE 224
NOVATO, CALIFORNIA 94949-8248

PHONE:    (415)924-4250
FAX:      (415)924-2905
E-MAIL:   IRA@TECHFIRM.COM
WEB:      WWW.TECHFIRM.COM

June 7, 2006

**VIA FACSIMILE**

David A Szwak
Bodenheimer Jones & Szwak
509 Market St Ste 730
Shreveport, LA 71101
Tel: 318-221-6444
Fax: 318-221-6555

**Re:**   SHELLY LANDRY-BELL vs. VARIOUS, INC. and ZACH WILHELM,
U.S. District Court, W. Dist. of Louisiana, Shreveport Div., No. CV05-1526 S
Meet and Confer Regarding Case Management

Dear Mr. Szwak,

Pursuant to the Court's order of May 4, 2006, a copy of which is attached for your reference, that the parties were to meet and confer on this case by today. Ordinarily, the plaintiff initiates such meet and confer. Since we have not heard from your office on this matter, we suggest that we meet and confer on Thursday, June 8, 2006 at 3:00 p.m. Pacific Time.

Please contact us immediately to confirm your availability for such a call.

Very truly yours,
ROTHKEN LAW FIRM LLP

Ira P. Rothken

Cc: Bennett Politz, local counsel

*6/8/06*

*Ira - I visited at length wt Ben yesterday and will forward a draft 26(f) report. I can visit wt you today but 3pm is after hours here - David*

**Ira P. Rothken**

| | |
|---|---|
| **From:** | BJKS1507@aol.com |
| **Sent:** | Thursday, June 15, 2006 12:49 PM |
| **To:** | Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blpld@softdisk.com; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | Re: Shelly Landry-Bell v. Various, et al |

In a message dated 6/15/2006 12:26:33 PM Central Daylight Time, ira@techfirm.net writes:

> Please email us the Word file so we can make edits with redlines....that is how we do it in every other
> Federal case -.thanks,

Hey Ira, That is a pain.  How about just marking up the hard copy and faxing me edits?

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com

www.MyFairCredit.com **
** Check out the Dispute Forum

www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks
Premieres March 11, 2006, at the South By Southwest Film Festival
Check out the clips at the site; I am in the movie!

**Ira P. Rothken**

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 12:42 AM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blpld@softdisk.com; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | RE: Shelly Landry-Bell v. Various, et al |

David,

Here attached in rtf format and manifested below is a revised version with our changes – please call me at 415-260-1718 around 10 am PST on Wednesday to discuss and finalize. We are somewhat flexible and still have thorny issues to discuss especially the military unavailability, stay issues, and discovery issues. Please let us know if you have any questions. Thanks,

Ira P. Rothken
Rothken Law Firm
ira@techfirm.com
www.techfirm.com
415-924-4250

---

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA
Shreveport Division

SHELLY LANDRY-BELL,

                    Plaintiff,

Versus

                            Civil Action No.
                            CV05-1526-S

VARIOUS INC., ET AL,                                    **JURY DEMANDED**

                Defendants.    JUDGE STAGG

## RULE 26[F] CASE MANAGEMENT REPORT

A meeting of counsel, David Szwak, for plaintiff, and Ben Politz, was held on June 7, 2006, by telephone.

1.      **NATURE OF PLAINTIFF'S CLAIMS**

Plaintiff contends that a former boyfriend Wilhelm defamed her and invaded her privacy by postings he placed on defendant Various' dating site. Plaintiff contends that Various is responsible as the publisher of such Wilhelm postings. Damage claims have been made.

2.      **BENCH OR JURY TRIAL**

A jury trial has been requested.

3.      **INITIAL DISCLOSURES**

The parties have not exchanged initial disclosures yet but are ordered to do so by July 21st, 2006 unless the case is dismissed or stay is entered given defendant Wilhelm's overseas military duty and unavailability and the notion that he is likely an indispensable or necessary party to this case. Notwithstanding the above the Various Incorporated/FriendFinder defendants have done a diligent search and have already produced to plaintiff's counsel any and all internal documents within their possession, custody, or control it was able to discern (after communications with plaintiff's counsel) were allegedly related to plaintiff.

4.    **JURISDICTION**

The Various Incorporated/FriendFinder Defendants reserve their rights related to personal jurisdiction, choice of law, arbitrability, and choice of forum in this case. Diversity of citizenship subject matter jurisdiction apparently exists.

5.    **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

A.    Plaintiff may add an additional party to the lawsuit and will amend her pleadings. Plaintiff seeks ninety [90] days past the conference to make these additions or changes. Further, plaintiff shows that she has learned that Zach Wilhelm is stationed, on active military duty, overseas and cannot be served with summons and complaint while on the military base or in areas of operations. Further, the SSRA applies. Plaintiff has made numerous attempts to have Wilhelm served, including domiciliary service at his parents' home. Wilhelm's parents contend that it is not his domicile yet that is the last stable address used by Wilhelm before leaving to go overseas. The Various Incorporated/FriendFinder defendants are of the view that the issue of necessary and indispensable parties needs to be examined in light of the above and likely the case dismissed or stayed (pursuant to the SSRA and its progeny which provides that the Court may stay the case sua sponte upon learning of a defendant's coverage under the SSRA). Indeed given that defendant Wilhelm was alleged as the one who posted and published the alleged defamatory statement and thus the alleged tortfeasor it appears on its face that unfair prejudice would likely result if this case is adjudicated in his absence.

B.    Plaintiff and the Various/FriendFinder defendants may seek to add any other person[s] who were involved in the incidents giving rise to the damages claimed in this lawsuit. There may be additional third persons who need to be added or indemnity claims brought but plaintiff and the Various/FriendFinder defendants cannot make that determination absent some preliminary discovery which necessarily involves taking Wilhelm's deposition.

C.    Ninety [90] days after the conference.

6.    **DISCOVERY ISSUES**

A.    Plaintiff believes that proprietary computer functions and systems and data will be necessary for plaintiff to discover to prepare her case – the Various Incorporated/FriendFinder defendants strongly disagree and believe that plaintiff should not be allowed to go on an expensive fishing expedition given the notion that the CDA defense provides immunity to Internet service providers for content or statements provided by others and that Various Incorporated/FriendFinder did not create the alleged defamatory posting(s) and are not treated as the publisher of such under the CDA. Therefore it is unlikely that documents beyond those already provided by Various to plaintiff will be reasonably calculated to lead to the discovery of admissible evidence or be justified in light of the burdens involved and the inconsequential nature of such requests. Plaintiff anticipates discovery disputes regarding Various' computer system and database and search mechanisms. Various believes that its specific internal computer system and database and search mechanisms are inconsequential given the obvious external functionality and internet service provider nature of the FriendFinder.com family of sites and the state of the caselaw regarding the CDA immunity in which no reported case has ever needed or reported the granular details of the inner workings of the internet service provider's technology. Privacy issues may be raised regarding identities of persons viewing the information concerning plaintiff. Plaintiff believes that taking the deposition of Wilhelm will require assistance from the court and the military. The Various/FriendFinder defendants believe that a two tiered confidentiality order needs to be negotiated and entered into out of caution in light of plaintiff's statements above before written discovery is requested. The Various/FriendFinder defendants believe that discovery cost shifting issues need to be explored if plaintiff decides to go on an expensive e-discovery fishing expedition. In any event, Various believes that the issue of stay or dismissal in light of defendant Wilhelm's military unavailability should be decided before discovery commences.

B.    The parties propose a period of at least 180 days for completion of discovery with that period running from the

date that amendment of pleadings and joinder of parties has passed.  Therefore, the parties suggest June 10, 2007 unless the case is stayed.

7.      **MOTION PRACTICE**

A.      There are no pending motions.  Defendant Various's motion to dismiss was denied.  Plaintiff's motion to strike Various' Answer and Statement of Defenses was denied.

B.      Both parties of record anticipate filing dispositive motions unless the case settles. If the case is not stayed or dismissed due to Wilhelm's unavailability (which may be brought via a formal motion if the Court does not grant such stay sua sponte) Various/FriendFinder will likely file a motion for summary judgment within 90 days.

8.      **ALTERNATIVE DISPUTE RESOLUTION**

The parties are amenable to ADR.  Plaintiff respectfully requests settlement conference by Magistrate-Judge in lieu of a private mediator. The Various/FriendFinder defendants are amenable to private mediation at JAMS before a retired Judge with the costs divided evenly between the parties and in a convenient location to be agreed upon by all the parties with all the parties and their counsel present.

9.      **TRIAL BY MAGISTRATE**

All parties do not consent to trial by Magistrate-Judge at this time.

**Ira P. Rothken**

| | |
|---|---|
| **From:** | BJKS1507@aol.com |
| **Sent:** | Wednesday, June 21, 2006 7:41 AM |
| **To:** | Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blpld@softdisk.com; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | Re: Shelly Landry-Bell v. Various, et al |

In a message dated 6/21/2006 2:42:23 AM Central Daylight Time, ira@techfirm.net writes:

> Here attached in rtf format and manifested below is a revised version with our changes – please call
> me at 415-260-1718 around 10 am PST on Wednesday to discuss and finalize. We are somewhat
> flexible and still have thorny issues to discuss especially the military unavailability, stay issues, and
> discovery issues. Please let us know if you have any questions. Thanks,

Just as I suspected, you have taken a very simple report and over-lawyered it to death.

I cannot agree on what you have written. Further, it is not in a compatible format so I cannot even copy and
append text which would be your statements you seek to include in the report. Further, you have waited until
the 11th hour to send your edits so as to make it even more difficult. Once again, I would ask that you permit
your local counsel to handle this matter so we can get it filed timely.

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com

www.MyFairCredit.com **
** Check out the Dispute Forum

www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks
*Premieres March 11, 2006, at the South By Southwest Film Festival*
Check out the clips at the site; I am in the movie!

## Ira P. Rothken

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 8:36 AM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blpld@softdisk.com; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com; ira@techfirm.com |
| **Subject:** | RE: Shelly Landry-Bell v. Various, et al |

David,

We provided the text to you in both the body of the e-mail (where you can cut and paste) as well as in rtf format. If you think we have overlawyered it just tell me where we disagree and do this in a normal manner and we are happy to make changes to the short document if upon reflection we wrote something inapplicable.

It is important that you deal directly with my law firm on the major issues in this case including all substantive meet and confers as we are the lead counsel in the case and we will be handling any trial - we have retained a very able local counsel but that is not an invitation for you to ignore or bypass lead counsel and pretend that you had a substantive meet and confer on the case management issues - as you did not. If we are unable to agree on a joint submission to the Court we will advise the court of your failure to meet and confer with us in a substantive manner on important issues in this case including those in the last paragraph below.

Again, we are not so arrogant as to say that our revisions to the joint document are a work of art but given the notion that you have refused to meet and confer with us in any substantive way we were forced to revise it so teh Court could hear both sides on important case management issues until we heard back from you on the points we raised and your client's position to see where we agree and disagree.

You should call me and we can go through each of the issues by phone at 10 am PST time today or if you do not want to talk you can mark up each section with "plaintiff's positions" and "Friendfinder's positions" and e-mail it back to us and we can make sure each of our views are accurately represented whatever they may be.

In any event please let us know today your views on why this case should not be stayed or dismissed if Mr. Wilhelm is in the military and unavailable overseas given the statute that protects such military persons from civil litigation and given that he is likely an indispensable party to a case where he is the alleged defamor. Also kindly advise us on what discovery you think your client will need and why in light of the CDA immunity statute as we are unable to fully understand your writing - in other cases we have had involving the CDA that survived the pleading stage the judge(s) have ordered the parties to meet and confer in a pragmatic sense to decide in good faith what narrow discovery "matters" and is proportional and can change the outcome (by removing the immunity) and did not allow a fishing expedition. Further, kindly advise us on who your client may add to the case and why. Also advise if your client is amenable to a two tiered confidentiality order and if you can provide an exemplar for our review and edit. Please advise us on the above and let us know if you will be calling at 10 am PST today so we can be available. Thanks.

Ira P. Rothken
Rothken Law Firm
ira@techfirm.com
www.techfirm.com

**From:** BJKS1507@aol.com [mailto:BJKS1507@aol.com]
**Sent:** Wed 6/21/2006 7:40 AM
**To:** Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blpld@softdisk.com; blp@blpld.com
**Cc:** jared@techfirm.com; hal@techfirm.com
**Subject:** Re: Shelly Landry-Bell v. Various, et al

## Ira P. Rothken

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 12:05 PM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | RE: Shelly Landry-Bell v. Various, et al Final for Signature |

David,

This would be easier if you would get on the phone with us – we included that we made a jury demand; that the discovery final date is impacted may be changed if there is a stay; that plaintiff believes it needs certain discovery; and other tweaks to make the document more accurate.

Can you kindly answer the questions I asked you in an email this morning so we can get your client's position *prior to filing this document* and before the conference with his honor....here they are again below —— please advise so we have some procedural cooperation even if we disagree on the results of the issues raised.

"In any event please let us know today your views on why this case should not be stayed or dismissed if Mr. Wilhelm is in the military and unavailable overseas given the statute that protects such military persons from civil litigation and given that he is likely an indispendable party to a case where he is the alleged defamor. Also kindly advise us on what discovery you think your client will need and why in light of the CDA immunity statute as we are unable to fully understand your writing - in other cases we have had involving the CDA that survived the pleading stage the judge(s) have ordered the parties to meet and confer in a pragmatic sense to decide in good faith what narrow discovery "matters" and is proportional and can change the outcome (by removing the immunity) and did not allow a fishing expedition. Further, kindly advise us on who your client may add to the case and why. Also advise if your client is amenable to a two tiered confidentiality order and if you can provide an exemplar for our review and edit."

Ira P. Rothken

---

**From:** BJKS1507@aol.com [mailto:BJKS1507@aol.com]
**Sent:** Wednesday, June 21, 2006 11:54 AM
**To:** Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blp@blpld.com
**Cc:** jared@techfirm.com; hal@techfirm.com
**Subject:** Re: Shelly Landry-Bell v. Various, et al Final for Signature

What changes if any were made to the last version that I sent you?

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com

www.MyFairCredit.com **
** Check out the Dispute Forum

www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks

Subj:      **Re: Shelly Landry-Bell v. Various, et al Final for Signature**
Date:      6/21/2006 4:36:07 PM Central Daylight Time
From:      BJKS1507
To:        ira@techfirm.net, ira@techfirm.com, ira@techfirm.org, blp@blpld.com
CC:        jared@techfirm.com, hal@techfirm.com

In a message dated 6/21/2006 4:34:01 PM Central Daylight Time, ira@techfirm.net writes:

> Where is your client's initial disclosures -- please e-mail them to me today and we will email back
> ours....thanks...that should take care of the issue....please change the date of the initial disclosures
> in our last version of the Rule 26 statement to today and sign it and fax it over to my office for filing
> tomorrow....

Why would I send my signature to California to be filed here in Shreveport by tomorrow? That makes no
sense. Please send me a faxed signature as I will be filing the document in the court's outbox after 5:00 p.m.
today. If you fail to send your signature it will be filed with an explanation as to why and a complete copy of the
emails.

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com

www.MyFairCredit.com **
** Check out the Dispute Forum

www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks
Premieres March 11, 2006, at the South By Southwest Film Festival
Check out the clips at the site; I am in the movie!

Wednesday, June 21, 2006 America Online: BJKS1507

**Ira P. Rothken**

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 3:44 PM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | RE: Shelly Landry-Bell v. Various, et al Final Signature Enclosed |



David,

I have now learned that you printed it incorrectly – when your Adobe Acrobat viewer opens and you hit print in the print window you need to select print document WITH markups and it will print the markup change I made to change the date to June 21st.....thanks,

Ira P. Rothken

---

**From:** Ira P. Rothken [mailto:ira@techfirm.net]
**Sent:** Wednesday, June 21, 2006 3:31 PM
**To:** BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blp@blpld.com
**Cc:** jared@techfirm.com; hal@techfirm.com
**Subject:** RE: Shelly Landry-Bell v. Various, et al Final Signature Enclosed

We agreed to June 21st and I wrote you an email saying that and then I used a program we have called Nitro PDF to take the previously signed PDF and edit the date within the PDF to June 21st and that is how it came out namely it made the change in the PDF but unbeknownst to us not in the printed version of the PDF....you then asked for clarification and I told you June 21st....you then further complained and I told you to write it in on the one I signed....I then asked you where are your initial disclosures and you have not provided them to us even though they are due today.

Ira P. Rothken

---

**From:** BJKS1507@aol.com [mailto:BJKS1507@aol.com]
**Sent:** Wednesday, June 21, 2006 3:23 PM
**To:** Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blp@blpld.com
**Cc:** jared@techfirm.com; hal@techfirm.com
**Subject:** Re: Shelly Landry-Bell v. Various, et al Final Signature Enclosed

In a message dated 6/21/2006 5:18:36 PM Central Daylight Time, ira@techfirm.net writes:

> David,
>
> You are not authorized to file anything other than the document I signed as such conduct would be unethical and will be reported to your state bar....just cross out July 21st in my signed version and write June 21st and sign it and file it....you are frankly out of control.
>
> Ira P. Rothken

Thank you for your email. I have retained the curious .pdf file you sent which would not print the visible alteration of the date. I would like for you to explain how and why you would email me a .pdf file and show a mark through and type over to correct your repeated effort to alter a court-imposed deadline yet when we try to print the file, the overlaid "June" text does not print and retains the improper "July" remark? Were you

## Ira P. Rothken

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 5:32 PM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | Shelly Landry-Bell v. Various, et al FriendFinder's Initial Disclosures |

David,

Here, attached as a PDF, are Various Incorporated's / FriendFinder's Initial Disclosures. Please e-mail or fax us your client's initial disclosures as it is only fair. Please let us know if you have any questions. Thanks,

Ira P. Rothken
Rothken Law Firm
www.techfirm.com
ira@techfirm.com
415-924-4250





2.    BENCH OR JURY TRIAL

    A jury trial has been requested in the original complaint and answer.

3.    INITIAL DISCLOSURES

    The parties have not exchanged initial disclosures yet but are ordered to do so by June 21st, 2006 unless the case is stayed.

**Ira P. Rothken**

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 3:11 PM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | RE: Shelly Landry-Bell v. Various, et al Final Signature Enclosed |

I overwrote it to say June 21st.....like you wanted.

Ira

---

**From:** BJKS1507@aol.com [mailto:BJKS1507@aol.com]
**Sent:** Wednesday, June 21, 2006 3:08 PM
**To:** Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blp@blpld.com
**Cc:** jared@techfirm.com; hal@techfirm.com
**Subject:** Re: Shelly Landry-Bell v. Various, et al Final Signature Enclosed

Please explain what occurred with the document you emailed me in .pdf. The deadline provided by the court appeared to have been marked over or typed over. It appears to show June and July overwritten.

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com

www.MyFairCredit.com **
** Check out the Dispute Forum

www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks
Premieres March 11, 2006, at the South By Southwest Film Festival
Check out the clips at the site; I am in the movie!

## Ira P. Rothken

| | |
|---|---|
| **From:** | Ira P. Rothken [ira@techfirm.net] |
| **Sent:** | Wednesday, June 21, 2006 2:34 PM |
| **To:** | BJKS1507@aol.com; ira@techfirm.com; ira@techfirm.org; blp@blpld.com |
| **Cc:** | jared@techfirm.com; hal@techfirm.com |
| **Subject:** | RE: Shelly Landry-Bell v. Various, et al Final for Signature |

David,

Where is your client's initial disclosures – please e-mail them to me today and we will email back ours....thanks...that should take care of the issue....please change the date of the initial disclosures in our last version of the Rule 26 statement to today and sign it and fax it over to my office for filing tomorrow....

Ira P. Rothken

---

**From:** BJKS1507@aol.com [mailto:BJKS1507@aol.com]
**Sent:** Wednesday, June 21, 2006 2:17 PM
**To:** Ira P. Rothken; ira@techfirm.com; ira@techfirm.org; blp@blpld.com
**Cc:** jared@techfirm.com; hal@techfirm.com
**Subject:** Re: Shelly Landry-Bell v. Various, et al Final for Signature

In a message dated 6/21/2006 3:25:51 PM Central Daylight Time, ira@techfirm.net writes:

> Besides we already responded to your subpoena so you have all the Various internal document allegedly related to plaintiff. We are the ones who will be more impacted by not getting your client's disclosures right away.

Ira, We have not received any documents from you. You need to comply or be prepared to have a motion filed in connection with your failure to do as ordered. Your cavalier responses are not appreciated.

David A. Szwak
Bodenheimer, Jones & Szwak
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
318-221-6444
Fax 221-6555
www.bjslaw.com

www.MyFairCredit.com **
** Check out the Dispute Forum

www.maxedoutmovie.com/index1.html
** Check Out "Maxed Out," the movie/documentary by Trueworks
Premieres March 11, 2006, at the South By Southwest Film Festival
Check out the clips at the site; I am in the movie!