UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHELLY LANDRY-BELL | CIVIL ACTION NO. 05-1526 |
| versus | JUDGE STAGG |
| VARIOUS, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

## SCHEDULING ORDER

At the July 30, 2007 Scheduling Conference,[1] the following dates[2] were set on the docket of **Judge Stagg**:

| | |
|---|---|
| **JURY TRIAL:** | **August 18, 2008 at 9:30 a.m.** |
| **PRETRIAL CONFERENCE:** | **July 18, 2008 at 10:30 a.m.** (Out-of-town counsel may participate by telephone upon prior approval of Judge Stagg.) |

| **DEADLINES:** | **FOR:** | |
|---|---|---|
| **CLOSED** | 1. | JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS |
| **December 14, 2007** | 2. | (a) PLAINTIFF'S EXPERT INFO/REPORTS. |
| | | (b) WITNESS LISTS |
| **Immediately upon receipt** | 3. | FURNISHING COPIES OF REPORTS OF TREATING PHYSICIANS OR OTHER RELEVANT INFORMATION. |

---

[1] **Mr. Ira Rothken, lead counsel for Defendant Various, Inc. failed to appear (by telephone) for the conference. However, Various was represented by Mr. Bennett Politz, local counsel for Various. The court's staff attempted to contact Mr. Rothken by telephone, and left several messages for him, but was unable to reach him. Because local counsel appeared, sanctions will not be imposed in this instance. However, Mr. Rothken will be bound by all dates set in this order.**

[2] If a deadline falls on a Saturday, Sunday or federal holiday, the effective date is the first business day following the deadline imposed.

| | | | |
|---|---|---|---|
| **January 31, 2008** | 4. | (a) | DISCOVERY. |
| | | (b) | DEFENDANT'S EXPERT INFOR/REPORTS. |
| | | (c) | DISPOSITIVE MOTIONS. |
| **February 29, 2008** | 5. | | EXPERT DEPOSITIONS. |
| **June 18, 2008** | 6. | | PLAINTIFF'S COUNSEL TO HOST CONFERENCE TO PREPARE PRETRIAL ORDER. |
| **July 03, 2008** | 7. | *(a) | MOTIONS IN LIMINE |
| | | *(b) | EXCHANGE OF EXHIBITS |
| **July 08, 2008** | 8. | * | PRETRIAL ORDER |
| **July 28, 2008** | 9. | | TRIAL DEPOSITIONS (EXPERTS AND LAY WITNESSES). |
| **August 08, 2008** | 10.* | (a) | (NON-JURY TRIALS) TRIAL BRIEF OR PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. |
| | * | (b) | (JURY TRIALS) JOINT JURY INSTRUCTIONS AND INTERROGATORIES. |
| | * | (c) | EDITING OF TRIAL DEPOSITIONS/FILING OBJECTIONS. |
| | | (d) | EXHIBIT NUMBERING. |

The attached instructions, in numbered paragraphs corresponding to each deadline, shall govern the manner of compliance with the deadlines. These deadlines shall not be modified except upon leave of court after written motion specifying good cause. The filing of a motion for extension or continuance shall not excuse non-compliance with a deadline unless and until the motion is granted.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of July, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

00:30

\* Contains a requirement that a **COPY OF AN ITEM BE DELIVERED TO THE TRIAL JUDGE'S CHAMBERS.**

## **I N S T R U C T I O N S**

### PARAGRAPH 1
### DEADLINE (CLOSED)

**Joinder of Parties and Amendment of Pleadings.**  Motions to join additional parties which require leave of court and motions to amend pleadings must be filed on or before the deadline date. All discovery necessary for the joinder of parties or amendments to pleadings must be completed in time to allow compliance with this deadline. Requests for extension of this deadline will require a showing of good cause.

### PARAGRAPH 2
### DEADLINE (December 14, 2007)

**(a) Plaintiff's Expert Information and Reports.**

**(1)** On or before the deadline, the plaintiff shall disclose to every other party any evidence that the plaintiff may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. Except for treating physicians[3], this disclosure shall be in compliance with Rule 26(a)(2)(B) (except for the listing of prior depositions).

**(2)** Unless the parties mutually agree to an earlier date and time, expert witnesses shall be available for deposition during the two-week period following the discovery cutoff.

**(3)** A witness whose report was not timely provided will not be allowed to testify as an expert at trial over objection absent a showing of good cause.

**(4)** If any new testing is done by the expert, or any additional conclusions or other change in the expert's opinion (or its basis) occurs, the offering attorney must notify all counsel within 48 hours.

**(b) Witness lists**.  Plaintiff must deliver to defendant by the deadline a list (including name, addresses, and a brief statement of the nature of their expected testimony) of all witnesses who may be called at the trial of the case. Defendant must reciprocate 5 business days after the deadline, but defendant's expert witnesses need not be listed, as long as reports are provided by the deadline below. Counsel shall not file the witness list with the clerk's office.

---

[3]  **See Paragraph 3 regarding treating physicians.  The term "physicians" shall include all health care providers.**

## PARAGRAPH 3
## DEADLINE (Immediately upon receipt)

**Reports of Treating Physicians and Other Relevant Information.** A party who receives a report of a treating physician shall provide a copy to all other parties immediately upon receipt. The attorneys shall keep the opposing side currently apprised of the medical condition of the plaintiff (or of any other party whose physical or mental condition is placed into dispute).

## PARAGRAPH 4
## DEADLINE (January 31, 2008)

**(a) Discovery.** All discovery must be completed on or before the deadline, with the exception of expert depositions and trial depositions (see Paragraphs 5 and 8). This requires, for example, that interrogatories be propounded more than thirty days before the discovery cutoff, to allow the full thirty days for response. Untimely discovery requests are subject to objection on that basis.

Motions related to discovery, including motions to compel, shall be filed on or before the discovery cutoff.

**(b) Defendant's Expert Information and Reports.** On or before the deadline, the defendant shall comply with the requirements of Paragraphs 2(a).

**(c) Dispositive Motions.** Any motion under Rules 12(b), 12(c), 41(b) or 56, or which otherwise would dispose of a claim or defense of a party, must be filed on or before this deadline.

## PARAGRAPH 5
## DEADLINE (February 29, 2008)

**Expert Depositions.** Discovery depositions of expert witnesses (whether medical or non-medical) may be taken after the discovery deadline set forth in Paragraph 4(a), but no later than the deadline set forth in this paragraph absent a showing of good cause.

## PARAGRAPH 6
## DEADLINE (June 18, 2008)

**Conference to Prepare Pretrial Orders.** Trial counsel shall confer on or before the deadline to prepare a proposed pretrial order in accordance with the attached form. Counsel for plaintiff shall serve upon counsel for all other parties the proposed contents of the pretrial order, including a list

of exhibits, and shall be responsible for scheduling the meeting at a mutually convenient date and time, and other counsel shall promptly provide their portions of the pretrial order and cooperate fully and assist in efforts to schedule the conference. The court prefers that such conference occur in person, but should a face-to-face conference not be feasible or practical, counsel may confer by telephone. In no instance shall such conference be only by exchange of documents by mail or otherwise.

## PARAGRAPH 7
## DEADLINE (July 03, 2008)

**(a) Motions in Limine.** On or before the deadline, motions in limine shall be filed with the Clerk of Court and any opposition must be filed at least 5 business days before the pretrial conference. **A COPY SHALL BE DELIVERED TO THE TRIAL JUDGE'S CHAMBERS.**

**(b) Exchange of Exhibits.** On or before the deadline, the parties shall exchange exhibits, or copies thereof.

All exhibits must be exchanged in a bench book, **a complete copy of which must be delivered to the trial judge at the time of the exhibit exchange**.

## PARAGRAPH 8
## DEADLINE (July 08, 2008)

**Pretrial Order.** On or before the deadline, plaintiff's counsel shall file with the Clerk of Court a proposed pretrial order in accordance with the attached form and/or instructions. The proposed pretrial order shall be signed by all trial counsel and **TWO COPIES SHALL BE DELIVERED TO THE TRIAL JUDGE'S CHAMBERS.**

## PARAGRAPH 9
## DEADLINE (July 28, 2008)

**Trial Depositions.** Depositions to be introduced at trial, whether of experts or lay witnesses, may be taken after the discovery deadline, but no later than the deadline indicated absent a showing of good cause, provided reasonable notice of such depositions is given to all parties.

All depositions that are intended to be presented to a jury in lieu of live testimony shall be taken by **videotape**. This requirement does not apply to depositions to be used solely for impeachment, and may be waived by the Court upon motion showing undue hardship. The editing requirement of Paragraph 10(c) applies to videotapes as well.

## PARAGRAPH 10
## DEADLINE (August 08, 2008)

**(a) Trial Briefs in Non-Jury cases.** On or before the deadline, each party in a non-jury case shall **DELIVER TO THE TRIAL JUDGE'S CHAMBERS** proposed findings of fact and conclusions of law outlining the facts the party expects to prove and citing the legal authorities relied upon, together with a summary of the testimony of each witness. This document need not be filed nor exchanged with opposing counsel, but will be subject to the provisions of Rule 11.

**(b) Joint Jury Instructions/Interrogatories.** On or before the deadline, the parties in a jury case shall file with the Clerk of Court **AND DELIVER A COPY TO THE TRIAL JUDGE'S CHAMBERS** joint jury instructions as required under Local Civil Rule 51.1W. Two modifications apply: (1) the term "joint jury instructions" shall be construed to include a joint verdict or interrogatory form; and (2) the applicable deadline is the one set forth in this order.

**(c) Editing Trial Depositions/Filing Objections.** On or before the deadline, all depositions to be used at trial, including video depositions, shall be edited to remove all non-essential, repetitious, and unnecessary material as well as objections and colloquy of counsel. All objections to the deposition will be considered waived unless briefed and filed with the Clerk of Court, **WITH A COPY DELIVERED TO THE TRIAL JUDGE'S CHAMBERS**, on or before the deadline.

**(d) Exhibit Numbering**. Each exhibit must carry the **same** exhibit number throughout the case. In other words, if an exhibit is assigned a number -- by any party -- during a deposition, it must be referred to by that same number during any other deposition and at trial. No other exhibit may be given that number. The numbers need not be sequential, they must simply be unique and consistent as to each exhibit.

# APPENDIX "A"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
_____ DIVISION

_____    Plaintiff

versus                                         CIVIL ACTION NO. _____

_____    Defendant

## PRETRIAL ORDER

Following pretrial proceedings in this cause pursuant to the procedure of this court, **IT IS ORDERED:**

A.

This is an action for: (State nature of action, including damages or other relief sought and identification of parties.)

B.

The parties and their legal relationships are as follows: (State legal relationship of all parties with reference to claims, counterclaims, third-party claims, etc. In a direct action against insurer, the insured must be identified.)

C.

Statement of jurisdiction: (State the facts and statutory basis for federal jurisdiction.)

D.

The following facts are stipulated by the parties and require no proof: (Numerical listing of uncontested material facts.) To narrow issues and to eliminate unnecessary witnesses, counsel's best efforts are expected in preparing stipulations.

E.

The contested facts are: (Each issue shall be stated as a concise narrative of each party's contention about each issue; the issue SHALL NOT be offered solely as a question.) (Example: 1. The plaintiff contends the manifold was defective at the time of manufacture. 2. The defendant contends the plaintiff modified the manifold and exhaust system.)

F.

The contested issues of law to be determined by the Court. (Each issue shall be stated as a concise narrative of each party's contention about each issue; the issue SHALL NOT be offered solely as a question.)

G.

The following depositions and answers to interrogatories will be offered in evidence: (Prior to trial, counsel shall edit from the deposition irrelevant material.)

H.

This is a (jury or non-jury) case. (In a jury case, indicate whether the jury trial is applicable to all aspects of the case or identify those issues which will be tried by the jury.) Anticipated length of trial is ___ days.

I.

The issue of liability (should or should not) be tried separately from that of quantum.

J.

The undersigned hereby certify that this Pretrial Order has been formulated after (face-to-face or telephone) conference in which trial counsel for all parties were included. Reasonable opportunity has been afforded to counsel for corrections or additions, prior to signing. Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FORM AND CONTENT:

_____
Attorney for plaintiff, address
and telephone number

A2

                                                Attorney for defendant, address
                                                and telephone number

Attachments: **Exhibit List** - numbered index of each document to be offered, with objections thereto and basis thereof.

        **Witness List** - The E-Government Act requires that all witness lists be filed by the clerk under seal. Therefore, witness lists shall **not** be included within, or submitted as an exhibit or attachment to, the pretrial order. Instead, the parties are instructed to file, contemporaneously with the filing of the pretrial order, a JOINT witness list (as a separate pleading) that (1) identifies all expert and fact witnesses expected to be called at trial; (2) includes a brief summary of each witnesses' expected testimony; and (3) sets forth any objections to the testimony of a listed witness. All objections shall identify the objecting party and provide a pinpoint citation to the applicable Federal Rule of Evidence and any other supporting authority. The joint witness list shall be separated by party and divided into "may call" and "will call" categories. Witnesses who are called exclusively for impeachment need not be listed.

## ACTION BY THE COURT

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel hereon, and the Order is hereby entered and will govern in the trial of this case.

    Shreveport, Louisiana, this ___ day of _____, 200__.

                                                  UNITED STATES DISTRICT JUDGE